**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARCHIE COMIC PUBLICATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH W. PENDERS, II, p/k/a/ KEN PENDERS,<br><br>Defendant. | Case No. 10-cv-8858 (RMB)<br><br>**Electronically Filed** |

**RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER**

Pending before this Court is Defendant's Motion to dismiss the instant action, filed by plaintiff Archie Comic Publications, Inc. ("ACP") pursuant to Fed. R. Civ. P. ("FRCP") 12(b)(2) of the Federal Rules of Civil Procedure ("FRCP") for lack of personal jurisdiction over defendant Kenneth W. Penders, II ("Penders"), or in the alternative to transfer this action to the Central District of California pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses, and in the interest of justice.

Defendant files this Reply Brief in support of his Motion, and in response to Plaintiff's Memorandum in Opposition, along with the accompanying Evidentiary Objections to the Declaration of Mike Pellerito.

## I. ARGUMENT

### A. ACP's Unverified and Unsubstantiated Allegations Cannot Overcome Evidence Personal Jurisdiction Does Not Exist Over Defendant

Defendant submits that ACP has failed here to make the necessary *prima facie* showing to establish that this Court has jurisdiction over Defendant.

To survive a motion to dismiss for lack of personal jurisdiction brought under FRCP 12(b)(2), "a plaintiff must make a *prima facie* showing" and bears the ultimate burden of establishing that the court has personal jurisdiction over each. "If the court chooses not to conduct a full-blown evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials." *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981).

Further, "until an evidentiary hearing is held, it need make only a prima facie showing by its pleadings and affidavits that jurisdiction exists." *Id.*; *United States v. Montreal Trust Co.*, 358 F.2d 239, 242 (2d Cir.), cert. denied, 384 U.S. 919, 86 S. Ct. 1366, 16 L. Ed. 2d 440 (1966); *see also* *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998) ("prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith legally sufficient allegations of jurisdiction, i.e., by making a *prima facie* showing of jurisdiction.") (quotations and citation omitted); *Koehler v. Bank of Berm., Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). Those documents are construed in the light most favorable to plaintiff and all doubts are resolved in its favor. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir. 1985); *CutCo Indus. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986).

Plaintiff "can make this showing through [her] own affidavits and supporting materials, containing an averment of facts that, if credited ... would suffice to establish jurisdiction [**8] over the defendant." *Whitaker v. American Telecasting Inc.*, 261 F.3d 196, 208 (2d Cir. 2001) (quotations and citations omitted). Thus, a court may consider materials outside the pleadings, but must credit the plaintiff's averments of jurisdictional facts as true. *See* *Hsin Ten Enter. USA, Inc. v. Clark Enter.*, 138 F. Supp. 2d 449, 452 (S.D.N.Y. 2000);"*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996).

However, in the instant matter, Plaintiff has failed to provide sufficient evidence to support its allegations that jurisdiction exists over Penders. First, the

court must determine whether the plaintiff has shown that the defendant is subject to personal jurisdiction under the forum state's laws. *In re Ski Train Fire in Kaprun, Aus.*, 343 F. Supp. 2d 208, 213 (S.D.N.Y. 2004). As previously set forth by Defendant, this Court has neither general nor specific jurisdiction over Penders. Penders is not a citizen or resident of the State of New York, owns no property in the State of New York, has no bank accounts in the State of New York, maintains no office in the State of New York, and has no ongoing contacts or contracts with any entities in the State of New York, "continuous and systematic" or otherwise.

Second, the court must evaluate whether its assertion of jurisdiction pursuant to the forum state's laws comports with the requirements of due process. *In re Ski Train Fire in Kaprun, Aus.*, 343 F. Supp. 2d 208, 213 (S.D.N.Y. 2004). As plaintiff acknowledges, "[d]etermining whether to dismiss a claim based on a forum selection clause involves a four-part analysis . . . [including] whether the claims and parties involved in the suit are subject to the forum selection clause." *Phillips v. Audio Active, Ltd.*, 494 F.3d 378, 383 (2d Cir. N.Y. 2007).

ACP relies upon its assertion that the parties entered into a contract that pertained to the SONIC titles, and that it is this contract that forms the basis for ACP's claim that jurisdiction is valid. Defendant, however, has provided evidence to dispute the authenticity and validity of these agreements. ACP failed to provide any support for its allegations, choosing not to provide an affidavit or declaration in support of the unverified claims of its complaint.

Further, the claims ACP brings in this instance cannot arise out of the agreements it alleges exist between it and Penders, because the contracts themselves are fatally defective. In the alleged ACP Licensed Comic Books Independent Contractor's Agreement, paragraph 2 has only blank spaces where the "Licensed Comics" and "Licensor" are to be specified. As Penders has worked on different titles, including different licensed titles, as a freelancer for ACP, there is nothing to evidence that this purported contract pertains to the SONIC properties or any other properties ACP may have licensed from SEGA.

Thus, even construed in the light most favorable to Plaintiff, the documents relied upon by ACP fail on their face to establish a link between the allegedly signed contract and Penders' activities on the SONIC titles.

Further, ACP has offered no affidavits or other supporting evidence or proofs that it in fact even has standing to bring suit for alleged copyright violations, whether as a licensee or otherwise save unsupported allegations in an unverified complaint. *Id.*, at 390-391.

Additionally, Defendant has provided evidence that ACP failed to require creators who worked on the SONIC titles to sign contracts. Although ACP allegedly has more than 200 creator-signed contracts in its business records, there is no evidence or claim by ACP that any contracts in its business records pertain to the SONIC titles.

When the evidence is viewed in totality, even with Plaintiff's allegations being construed in the most favorable light, it is clear that Plaintiff has failed to

meet its necessary *prima facie* burden of establishing that jurisdiction is proper over Penders in this action.

### B. If Not Dismissed, Transfer is Warranted

The analysis of the relevant factors controlling in a motion to transfer weighs in favor of transfer to California.

Defendant's position on the factors analyzed in considering a motion to transfer is set forth in the initial Motion.

Defendant, however, notes the following in response to ACP's Memorandum, and in particular the factor concerning the relative means of the parties. As previously noted, ACP is in a better position to bear the cost of this litigation, and would be better able to handle any additional costs associated with a transfer to California.

On the other hand, Defendant will continue to face additional costs at a time when he has limited means to defend himself. Although Defendant is working with the firm of Lovitz IP Law, the presence of this matter in New York has required Penders to engage separate counsel in New York to act a local counsel has a primary, an expense that would not be faced in California.

The need for local counsel will continue for the length of the proceeding, requiring additional expenses that Penders cannot afford. Similarly, the need for Penders and counsel to travel to New York during this proceeding will cause additional financial hardships.

Respectfully submitted,

Dated: March 8, 2011

New York, New York

LYSAGHT, LYSAGHT & ERTEL LLP

By ______________________

Michael R. Ertel (ME-7146)
230 Park Avenue, Tenth Floor
New York, NY 10169
Tel: (212) 808-3004
Fax: (212) 808-3020
mertel@lysaghtlaw.com

*Attorneys for Defendant*
*Kenneth W. Penders, II*