UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARCHIE COMIC PUBLICATIONS, INC.,

Plaintiff,

v.

KENNETH W. PENDERS, II,
p/k/a/ KEN PENDERS,

Defendant.

Case No. 10-cv-8858 (RMB)

**Electronically Filed**

**DEFENDANT'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF MICHAEL PELLERITO REGARDING DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER PROCEEDING**

Defendant Kenneth W. Penders, by and through his attorneys, hereby submits the following evidentiary objections to the declarations and evidence offered in support of Plaintiff's Opposition to Defendant's Motion to Dismiss or in the Alternative to Transfer Proceeding. Defendant respectfully objects to and moves to strike the designated portions of the declarations and other evidence set forth below because such portions violate the Federal Rules of Evidence ("FRE") and/or constitute improper testimony.

## I. Declaration of Mike Pellerito

| EVIDENCE | OBJECTION |
| --- | --- |
| 1. "During my tenure since 2000, it has been ACP's policy to always have independent contractors sign agreements which are forms similar to the ACP-Penders Agreements. I have personal knowledge and oversight of ACP's filing systems, and the fully executed ACP-Penders Agreements were maintained by ACP in the ordinary course of business in our filing systems, and produced as they were kept by ACP. Contrary to the assertion and innuendo advanced by Penders, ACP maintains fully executed agreements with more than 250 independent contractors." Declaration of Mike Pellerito ("Pellerito Decl.") ¶ 3. | 1. Lack of foundation, lack of personal knowledge. FRE 602. *Parks v. Lebhar-Friedman Inc.*, 2008 U.S. Dist. LEXIS 63019 at *3 (S.D.N.Y. Aug. 11, 2008) ("A declaration should be stricken when it is riddled with inadmissible hearsay, conclusory statements and arguments, and information clearly not made on the affiant's personal knowledge."); *Flintkote Co. v. Gen. Accident Assur. Co. of Can.*, 410 F. Supp. 2d 875, 884 (N.D. Cal. 2006) ("Defendants are correct that [the company's Vice President] may not testify about events as to which he lacks personal knowledge. FRE 602. The portions of the [Vice President's] declarations that cover the general history of the [company] prior to [his] arrival at the company are |

| EVIDENCE | OBJECTION |
|---|---|
| | therefore inadmissible."). Pellerito also provides no supporting documentation for his testimony. FRE 1002. Hearsay as the documents about which Mike Pellerito ("Pellerito") is testifying or impliedly testifying have not been established as business records, nor has Pellerito been properly qualified as a custodian of records for Plaintiff. FRE 802, 803. This testimony also misleads in referring to "more than 250" independent contractor agreements without identifying when such agreements were executed, and without differentiating between independent contractors who worked on ARCHIE properties and those who worked on the SONIC licensed property. |
| 2. "In order for an independent contractor to be paid, it is ACP's policy to require that an Independent | 2. Same as objection No. 1 above. |

| **EVIDENCE** | **OBJECTION** |
|---|---|
| Contractor's Agreement be executed." Pellerito Decl. ¶ 4. | |
| 3. "A representative sample of names and addresses of the contractors who have executed these agreements is attached hereto as Exhibit A. Each of these potential witnesses are located throughout the United States, notably concentrated in the northeast, and could testify about their experiences with ACP in this regard." Pellerito Decl. ¶ 4. | 3. Lack of foundation, lack of personal knowledge. FRE 602. *Parks v. Lebhar-Friedman Inc.*, 2008 U.S. Dist. LEXIS 63019 at *3 (S.D.N.Y. Aug. 11, 2008) ("A declaration should be stricken when it is riddled with inadmissible hearsay, conclusory statements and arguments, and information clearly not made on the affiant's personal knowledge."); *Flintkote Co. v. Gen. Accident Assur. Co. of Can.*, 410 F. Supp. 2d 875, 884 (N.D. Cal. 2006) ("Defendants are correct that [the company's Vice President] may not testify about events as to which he lacks personal knowledge. FRE 602. The portions of the [Vice President's] declarations that cover the general history of the [company] prior to [his] arrival at the company are |

| **EVIDENCE** | **OBJECTION** |
|---|---|
| | therefore inadmissible."). Pellerito also provides no supporting documentation for his testimony. FRE 1002. Hearsay as the documents about which Mike Pellerito ("Pellerito") is testifying or impliedly testifying have not been established as business records, nor has Pellerito been properly qualified as a custodian of records for Plaintiff. FRE 802, 803. Improper legal conclusion. FRE 701. Improper lay opinion pursuant to FRE 701, 702. |
| 4. "Not only is litigating here clearly desirable and convenient for ACP, it is also highly appropriate and reasonable: this District comports with the forum selection clauses in the ACP-Penders Agreements; the gravamen of ACP's complaint is a breach of these agreements, which were performed in this District; and the Works subject to | 4. Lack of foundation, lack of personal knowledge. FRE 602. *Parks v. Lebhar-Friedman Inc.*, 2008 U.S. Dist. LEXIS 63019 at *3 (S.D.N.Y. Aug. 11, 2008) ("A declaration should be stricken when it is riddled with inadmissible hearsay, conclusory statements and arguments, and information clearly not made on the affiant's personal knowledge."); *Bank Melli* |

| **EVIDENCE** | **OBJECTION** |
|---|---|
| those agreements were delivered by Penders to ACP in this District over the course of many years." Pellerito Decl. ¶ 5. | *Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (declarations on "information and belief" entitled to "no weight" where declarant lacks personal knowledge); *Flintkote Co. v. Gen. Accident Assur. Co. of Can.*, 410 F. Supp. 2d 875, 884 (N.D. Cal. 2006) ("Defendants are correct that [the company's Vice President] may not testify about events as to which he lacks personal knowledge. FRE 602. The portions of the [Vice President's] declarations that cover the general history of the [company] prior to [his] arrival at the company are therefore inadmissible."). Pellerito also provides no supporting documentation for his testimony. FRE 1002. Hearsay as to the purported contents of these "Agreements". FRE 802. Hearsay as the documents about which Mr. Pellerito is testifying or impliedly testifying have not been established as business records, nor |

| EVIDENCE | OBJECTION |
|---|---|
| | has Pellerito been properly qualified as a custodian of records for Plaintiff. FRE 802, 803. Improper lay opinion pursuant to FRE 701, 702, as Pellerito is attempting to characterize Ken Penders' ("Penders") creation or co-creation of "numerous comic books" and characters as a mere "contribution." |
| 5. "Penders' proffered list of witnesses is disingenuous at best. Penders emphasizes the location of his identified witnesses, nearly all of whom just happen to be in California. But more than half of the 12 identified witnesses are offered to testify regarding "Archie's standard practices with regard to contracts"– yet none of them are employed by ACP."<br>Pellerito Decl. ¶ 6. | 5. Lack of foundation, lack of personal knowledge. FRE 602. *Parks v. Lebhar-Friedman Inc.*, 2008 U.S. Dist. LEXIS 63019 at *3 (S.D.N.Y. Aug. 11, 2008) ("A declaration should be stricken when it is riddled with inadmissible hearsay, conclusory statements and arguments, and information clearly not made on the affiant's personal knowledge."); *Flintkote Co. v. Gen. Accident Assur. Co. of Can.*, 410 F. Supp. 2d 875, 884 (N.D. Cal. 2006) ("Defendants are correct that [the |

| EVIDENCE | OBJECTION |
|---|---|
| | company's Vice President] may not testify about events as to which he lacks personal knowledge. FRE 602. The portions of the [Vice President's] declarations that cover the general history of the [company] prior to [his] arrival at the company are therefore inadmissible."). Pellerito also provides no supporting documentation for his testimony. FRE 1002. Hearsay as the documents about which Mike Pellerito ("Pellerito") is testifying or impliedly testifying have not been established as business records, nor has Pellerito been properly qualified as a custodian of records for Plaintiff. FRE 802, 803. This testimony also misleads in stating "none of them are employed by ACP" when the majority were so employed. Improper legal conclusion. FRE 701. Improper lay opinion pursuant to FRE 701, 702, as Pellerito is attempting to characterize |

| EVIDENCE | OBJECTION |
|---|---|
| | Defendant's witness list as "disingenuous". |
| 6. "Ms. Greenlee executed an independent contractor's agreements with ACP."<br>Pellerito Decl. ¶ 7. | 6. Lack of foundation, lack of personal knowledge. FRE 602. *Parks v. Lebhar-Friedman Inc.*, 2008 U.S. Dist. LEXIS 63019 at *3 (S.D.N.Y. Aug. 11, 2008) ("A declaration should be stricken when it is riddled with inadmissible hearsay, conclusory statements and arguments, and information clearly not made on the affiant's personal knowledge."). Hearsay as the documents about which Mike Pellerito ("Pellerito") is testifying or impliedly testifying have not been established as business records, nor has Pellerito been properly qualified as a custodian of records for Plaintiff. FRE 802, 803. This testimony also misleads as no written documents between Ms. Greenlee and ACP exist. See Exhibit A, attached. |
| 7. "Bernadette Shahin is listed next in | 7. Lack of foundation, lack of personal |

| **EVIDENCE** | **OBJECTION** |
|---|---|
| Penders' list. On information and belief Ms. Shahin is Penders' wife." Pellerito Decl. ¶ 8. | knowledge. FRE 602. *Parks v. Lebhar-Friedman Inc.*, 2008 U.S. Dist. LEXIS 63019 at *3 (S.D.N.Y. Aug. 11, 2008) ("A declaration should be stricken when it is riddled with inadmissible hearsay, conclusory statements and arguments, and information clearly not made on the affiant's personal knowledge."); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (declarations on "information and belief" entitled to "no weight" where declarant lacks personal knowledge). Mr. Pellerito's speculation as to whether or not Mr. Penders is married to Ms. Shahin is inadmissible. FRE 602. This testimony is also irrelevant to the present motion. FRE 401, 402. Whether or not Mr. Penders is married has no bearing on whether this Court has personal jurisdiction over him. |
| 8. "Scott Shaw was an independent | 8. Lack of foundation, lack of personal |

| EVIDENCE | OBJECTION |
|---|---|
| contractor for ACP in the early 90's. ACP ceased doing business with Mr. Shaw when he failed to deliver work product in a timely manner. That was more than 15 years ago" Pellerito Decl. ¶ 9. | knowledge. FRE 602. *Parks v. Lebhar-Friedman Inc.*, 2008 U.S. Dist. LEXIS 63019 at *3 (S.D.N.Y. Aug. 11, 2008) ("A declaration should be stricken when it is riddled with inadmissible hearsay, conclusory statements and arguments, and information clearly not made on the affiant's personal knowledge."). Improper legal conclusion. FRE 701. This testimony also misleads as Mr. Shaw! worked on numerous ACP titles and stories as a freelancer without signing a contract. See Exhibit B, attached. |
| 9. "Maggin has no relation whatsoever to ACP, or Penders' association with ACP. It seems inappropriate for this Court to base a decision on whether to transfer this case on the location of Penders' possible expert witnesses, who have absolutely no factual connection to | 9. Lack of foundation, lack of personal knowledge. FRE 602. *Parks v. Lebhar-Friedman Inc.*, 2008 U.S. Dist. LEXIS 63019 at *3 (S.D.N.Y. Aug. 11, 2008) ("A declaration should be stricken when it is riddled with inadmissible hearsay, conclusory statements and arguments, and |

| EVIDENCE | OBJECTION |
|---|---|
| this case."<br><br>Pellerito Decl. ¶ 11. | information clearly not made on the affiant's personal knowledge."). Improper legal conclusion. FRE 701. This testimony also misleads as Mr. Maggin has in fact worked for ACP and authored a comic book story for *Super Teens* #1 published by ACP. See Exhibit C, attached. |
| 10. "The Court should take notice that other notable and historic comic companies are located in New York and could just as easily (if not more credibly) testify about "standard industry practices"–two other storied and most notably historic comic publishers are located in New York City: DC Comics (Superman and Batman) is located at 1700 Broadway, New York, NY 10019; and Marvel Enterprises (Spider-Man, Captain America, The Incredible Hulk, Daredevil, Iron Man) is located at 135 | 10. Lack of foundation, lack of personal knowledge. FRE 602. *Parks v. Lebhar-Friedman Inc.*, 2008 U.S. Dist. LEXIS 63019 at *3 (S.D.N.Y. Aug. 11, 2008) ("A declaration should be stricken when it is riddled with inadmissible hearsay, conclusory statements and arguments, and information clearly not made on the affiant's personal knowledge."); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (declarations on "information and belief" entitled to "no weight" where declarant lacks personal knowledge). This |

| **EVIDENCE** | **OBJECTION** |
|---|---|
| West 50th Street, 7th Floor, New York, NY 10020." Pellerito Decl. ¶ 12. | testimony is also irrelevant to the present motion. FRE 401, 402. That DC Comics and Marvel Enterprises have offices in New York City has no bearing on whether this Court has personal jurisdiction over Mr. Penders. This testimony also misleads as both Marvel Enterprises and DC Comics are divisions of companies (Disney and Warner Bros., respectively) whose principal places of business are located in California. |
| 11. "Conspicuously absent from Penders' list of witnesses is his "friend" Mr. Michael Kanterovich, who first introduced Penders to ACP and collaborated with Penders on the copyrighted works in question for a period. Based on Penders' declaration, it appears that Mr. Kanterovich would be able to testify on the origin of the relationship between ACP and Penders, | 11. Lack of foundation, lack of personal knowledge. FRE 602. *Parks v. Lebhar-Friedman Inc.*, 2008 U.S. Dist. LEXIS 63019 at *3 (S.D.N.Y. Aug. 11, 2008) ("A declaration should be stricken when it is riddled with inadmissible hearsay, conclusory statements and arguments, and information clearly not made on the affiant's personal knowledge."); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th |

| EVIDENCE | OBJECTION |
|---|---|
| and under what understandings work was done for ACP. (Decl. of Penders ¶¶ 19-35). Yet he is not named as a potential witness. Upon information and belief, Mr. Kanterovich is currently residing in Hollis, New Hampshire, which is significantly closer to New York than California."<br>Pellerito Decl. ¶ 13. | Cir. 1995) (declarations on "information and belief" entitled to "no weight" where declarant lacks personal knowledge); *Flintkote Co. v. Gen. Accident Assur. Co. of Can.*, 410 F. Supp. 2d 875, 884 (N.D. Cal. 2006) ("Defendants are correct that [the company's Vice President] may not testify about events as to which he lacks personal knowledge. FRE 602. The portions of the [Vice President's] declarations that cover the general history of the [company] prior to [his] arrival at the company are therefore inadmissible."). Improper legal conclusion pursuant to FRE 701. Improper lay opinion. FRE 701, 702. Pellerito also provides no supporting documentation for his testimony. FRE 1002. Mr. Pellerito's speculations are inadmissible. FRE 602. This testimony also misleads in concluding there are no other witnesses intended to be called by Mr. Penders. This testimony |

| **EVIDENCE** | **OBJECTION** |
|---|---|
| | further misleads by implying Mr. Kanterovich is more inclined to travel to New York City than to the forum selected by his colleague Mr. Penders. |
| 12. "Mr. Spallone, on information and belief, lives and works in New York City, in this District." Pellerito Decl. ¶ 14. | 12. Lack of foundation, lack of personal knowledge. FRE 602. *Parks v. Lebhar-Friedman Inc.*, 2008 U.S. Dist. LEXIS 63019 at *3 (S.D.N.Y. Aug. 11, 2008) ("A declaration should be stricken when it is riddled with inadmissible hearsay, conclusory statements and arguments, and information clearly not made on the affiant's personal knowledge."); *Bank Melli Iran v. Pahlavi,* 58 F.3d 1406, 1412 (9th Cir. 1995) (declarations on "information and belief" entitled to "no weight" where declarant lacks personal knowledge); *Flintkote Co. v. Gen. Accident Assur. Co. of Can.*, 410 F. Supp. 2d 875, 884 (N.D. Cal. 2006) ("Defendants are correct that [the |

| EVIDENCE | OBJECTION |
|---|---|
| | company's Vice President] may not testify about events as to which he lacks personal knowledge. FRE 602. The portions of the [Vice President's] declarations that cover the general history of the [company] prior to [his] arrival at the company are therefore inadmissible."). Pellerito provides no supporting documentation for this testimony. FRE 1002. |
| 13. "The location of Penders' potential experts should not dictate the location of this case. He can just as easily locate an expert in and around the New York area." Pellerito Decl. ¶ 15. | 13. Improper legal conclusion pursuant to FRE 701. Improper lay opinion. FRE 701, 702. Pellerito provides no supporting documentation for this testimony. FRE 1002. |
| 14. "Transferring venue to California would only serve to shift the burden of inconvenience from Penders to ACP, and from Penders' potential witnesses to ACP's. It would be unreasonable and | 14. Lack of foundation, lack of personal knowledge. FRE 602. *Parks v. Lebhar-Friedman Inc.*, 2008 U.S. Dist. LEXIS 63019 at *3 (S.D.N.Y. Aug. 11, 2008) ("A declaration should be stricken when it is |

| **EVIDENCE** | **OBJECTION** |
|---|---|
| burdensome to ACP to have to litigate this case in California." Pellerito Decl. ¶ 16. | riddled with inadmissible hearsay, conclusory statements and arguments, and information clearly not made on the affiant's personal knowledge."); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (declarations on "information and belief" entitled to "no weight" where declarant lacks personal knowledge); *Flintkote Co. v. Gen. Accident Assur. Co. of Can.*, 410 F. Supp. 2d 875, 884 (N.D. Cal. 2006) ("Defendants are correct that [the company's Vice President] may not testify about events as to which he lacks personal knowledge. FRE 602. The portions of the [Vice President's] declarations that cover the general history of the [company] prior to [his] arrival at the company are therefore inadmissible."). Improper legal conclusion pursuant to FRE 701. Improper lay opinion. FRE 701, 702. Pellerito also provides no supporting documentation for |

| EVIDENCE | OBJECTION |
| --- | --- |
| | his testimony. FRE 1002. Mr. Pellerito's speculations are inadmissible. FRE 602. |
| 15. "Mr. Gorelick will testify that he recalls with specificity Penders' execution of ACP-Penders Agreements and his submission of those agreement to ACP in 1996 – one of which is the very same 1996 Revised Newsstand Comic Independent Contractor's Agreement which was enforced by Judge Kaplan in 2003 in the DeCarlo case. He will also testify that the ACP-Penders Agreements that are attached to the complaint in this case are true and accurate copies of the documents that Penders executed and submitted to ACP. Mr. Gorelick was also responsible for keeping the files which included these agreements, and he was personally and intimately familiar with | 15. Lack of foundation, lack of personal knowledge. FRE 602. *Parks v. Lebhar-Friedman Inc.*, 2008 U.S. Dist. LEXIS 63019 at *3 (S.D.N.Y. Aug. 11, 2008) ("A declaration should be stricken when it is riddled with inadmissible hearsay, conclusory statements and arguments, and information clearly not made on the affiant's personal knowledge."); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (declarations on "information and belief" entitled to "no weight" where declarant lacks personal knowledge). Pellerito also provides no supporting documentation for his testimony; *Flintkote Co. v. Gen. Accident Assur. Co. of Can.*, 410 F. Supp. 2d 875, 884 (N.D. Cal. 2006) ("Defendants are correct that [the |

| EVIDENCE | OBJECTION |
|---|---|
| Penders and his submissions of work product to ACP in this District, over the relevant years." Pellerito Decl. ¶ 17. | company's Vice President] may not testify about events as to which he lacks personal knowledge. FRE 602. The portions of the [Vice President's] declarations that cover the general history of the [company] prior to [his] arrival at the company are therefore inadmissible."). Hearsay as to the content or subject of any potential testimony by Mr. Gorelick. FRE 802, 803. Mr. Pellerito's speculations concerning Mr. Gorelick's knowledge and past actions are inadmissible. FRE 602. Improper legal conclusion. FRE 701. Improper lay opinion pursuant to FRE 701, 702. This testimony also misleads as to the level of Mr. Gorelick's involvement with titles produced by ACP based on the SONIC licensed property. Pellerito provides no supporting documentation for this testimony. FRE 1002. |

| **EVIDENCE** | **OBJECTION** |
|---|---|
| 16. "Jon Goldwater, CEO of ACP, will also testify. Mr. Goldwater is a resident in this District and works at ACP's offices in Mamaroneck. He has intimate knowledge of ACP's business practices and the facts alleged in the complaint. He will testify that ACP currently has executed independent contractor agreements with more than 250 individuals who contribute work product to ACP, and that many of these individuals reside in and around the northeast."<br>Pellerito Decl. ¶ 18. | 16. Lack of foundation, lack of personal knowledge. FRE 602. *Parks v. Lebhar-Friedman Inc.*, 2008 U.S. Dist. LEXIS 63019 at *3 (S.D.N.Y. Aug. 11, 2008) ("A declaration should be stricken when it is riddled with inadmissible hearsay, conclusory statements and arguments, and information clearly not made on the affiant's personal knowledge."); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (declarations on "information and belief" entitled to "no weight" where declarant lacks personal knowledge); *Flintkote Co. v. Gen. Accident Assur. Co. of Can.*, 410 F. Supp. 2d 875, 884 (N.D. Cal. 2006) ("Defendants are correct that [the company's Vice President] may not testify about events as to which he lacks personal knowledge. FRE 602. The portions of the [Vice President's] declarations that cover |

| **EVIDENCE** | **OBJECTION** |
|---|---|
| | the general history of the [company] prior to [his] arrival at the company are therefore inadmissible."). Pellerito also provides no supporting documentation for his testimony. FRE 1002. Hearsay as to the content or subject of any potential testimony by Mr. Goldwater. FRE 802, 803. Mr. Pellerito's speculations concerning Mr. Goldwater's knowledge and past actions are inadmissible. FRE 602. Improper legal conclusion. FRE 701. Improper lay opinion pursuant to FRE 701, 702. This testimony also misleads as Mr. Penders' work for ACP ended prior to Mr. Goldwater's joining ACP. Pellerito provides no supporting documentation for this testimony. FRE 1002. |
| 17. "Litigating in New York would be convenient for ACP, since it is located in New York, while litigating in California | 17. Improper legal conclusion. FRE 701. Improper lay opinion pursuant to FRE 701, 702. Pellerito provides no supporting |

| EVIDENCE | OBJECTION |
|---|---|
| would be inconvenient." Pellerito Decl. ¶ 21. | documentation for this testimony. FRE 1002. |
| 18. "The claims in this case are for breach of contract and declaratory judgment. The locus of operative facts relevant to these claims is in New York because the ACP Penders Agreements which are central to this dispute were created in this District, executed in New York (while Penders was a resident of New York), performed in New York, are related to goods or services supplied by Penders to ACP in New York. Penders' current presence in California is irrelevant to this factor." Pellerito Decl. ¶ 22. | 18. Lack of foundation, lack of personal knowledge. FRE 602. *Parks v. Lebhar-Friedman Inc.*, 2008 U.S. Dist. LEXIS 63019 at *3 (S.D.N.Y. Aug. 11, 2008) ("A declaration should be stricken when it is riddled with inadmissible hearsay, conclusory statements and arguments, and information clearly not made on the affiant's personal knowledge."); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (declarations on "information and belief" entitled to "no weight" where declarant lacks personal knowledge). *Flintkote Co. v. Gen. Accident Assur. Co. of Can.*, 410 F. Supp. 2d 875, 884 (N.D. Cal. 2006) ("Defendants are correct that [the company's Vice President] may not testify about events as to which he lacks personal |

| EVIDENCE | OBJECTION |
|---|---|
| | knowledge. FRE 602. The portions of the [Vice President's] declarations that cover the general history of the [company] prior to [his] arrival at the company are therefore inadmissible."). Pellerito provides no supporting documentation for this testimony. FRE 1002. Hearsay as to the purported contents of these "Agreements". FRE 802. Hearsay as the documents about which Mr. Pellerito is testifying or impliedly testifying have not been established as business records, nor has Pellerito been properly qualified as a custodian of records for Plaintiff. FRE 802, 803. Improper legal conclusion pursuant to FRE 701. Improper lay opinion pursuant to FRE 701, 702. |
| 19. "I find it puzzling that Penders has listed witnesses who have no connection to the facts of this case (more than half), | 19. Improper legal conclusion pursuant to FRE 701. Improper lay opinion. FRE 701, 702. Pellerito provides no supporting |

| EVIDENCE | OBJECTION |
|---|---|
| which means he had a broad pool to pick from, yet is still concerned that they might not be willing to testify on his behalf."<br>Pellerito Decl. ¶ 23. | documentation for this testimony. FRE 1002. Mr. Pellerito's puzzlement concerning potential witnesses is merely inadmissible speculation. FRE 602. |
| 20. "By transferring venue to California, the court would only succeed in transferring the burden of unavailability of process to compel unwilling witnesses from Penders to ACP."<br>Pellerito Decl. ¶ 24. | 20. Improper legal conclusion pursuant to FRE 701. Improper lay opinion. FRE 701, 702. Pellerito provides no supporting documentation for this testimony. FRE 1002. Mr. Pellerito's speculations are inadmissible. FRE 602. |
| 21. "Penders waited more than a decade, and in some cases more than 14 years to assert his claimed rights. If Penders had asserted his rights in a timely fashion, while he was still a resident of New York, then cost relative to venue would not be an issue, since a timely assertion of his rights would | 21. Improper legal conclusion pursuant to FRE 701. Improper lay opinion. FRE 701, 702. Pellerito provides no supporting documentation for this testimony. FRE 1002. Mr. Pellerito's speculations are inadmissible. FRE 602. This testimony also misleads implying that Mr. Penders has not timely asserted his rights. This |

| EVIDENCE | OBJECTION |
|---|---|
| have been while he was still living in New York. Penders should not be able to benefit from what I can only describe as dilatory conduct." Pellerito Decl. ¶ 25. | testimony further misleads by stating that the only proper time for asserting rights was while Mr. Penders was a resident of New York. |

## II. Memorandum of Law – Factual Background

Defendant objects generally to that portion of Plaintiff's Memorandum of Law within the section titled "Factual and Procedural Background" as the same relates to the authenticity of alleged agreements between ACP and Defendant, on the grounds that it purports to convey facts relevant to the instant motion, but is no more than inadmissible hearsay, conclusory statements and arguments, and information which has not been verified or otherwise made pursuant to the personal knowledge of any person or persons.

Specifically, Defendant has provided evidence, in the form of the Penders Declaration submitted with the Motion, that no such agreement had been signed, and in fact that the majority of creators who worked on the SONIC licensed comics for ACP generally did not sign such agreements. The attached Exhibits A-C further support Mr. Penders' statement on this issue.

Despite the evidence proffered by Defendant, Plaintiffs have failed to provide any verification to support the allegations within the complaint concerning these

agreements. ACP has chosen to provide no verified statement or declaration to support of its claim that Penders signed the agreements in question. There is nothing contained in the Pellerito declaration concerning this issue, nor could there be as Pellerito possesses no first-hand knowledge.

Defendant submits that Plaintiff has failed to provide any verified facts or statements supported by personal knowledge which would be sufficient to overcome Defendant's evidence that there are no valid contracts between ACP and Mr. Penders, and that the hearsay and unauthenticated conclusory statements contained in Plaintiff's Memorandum of Law concerning the same should be stricken.

Dated: March 8, 2011
New York, New York

LYSAGHT, LYSAGHT & ERTEL LLP

By [signature]

Michael R. Ertel (ME-7146)
230 Park Avenue, Tenth Floor
New York, NY 10169
Tel: (212) 808-3004
Fax: (212) 808-3020
mertel@lysaghtlaw.com

*Attorneys for Defendant Kenneth W. Penders, II*