**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ARCHIE COMICS PUBLICATIONS, INC., Plaintiff, -against- KENNETH W. PENDERS, II, a/k/a KEN PENDERS, Defendant. | : | 10 Civ. 8858 (RMB) **ORDER** |

## I. Background

On November 23, 2010, Archie Comics Publications, Inc. ("Archie Comics" or "Plaintiff"), a corporation based in Mamaroneck, New York, filed a complaint ("Complaint") against Kenneth W. Penders, II ("Penders" or "Defendant"), an individual living in Granada Hills, California, alleging, among other things, that "on or around January 2009, [Defendant] began filing numerous applications with the U.S. Copyright Office to register [certain stories, scripts and artwork ('Works')] in his own name" despite having previously agreed "to assign . . . all right, title and interest in and to" those Works to Plaintiff. (Compl., dated Nov. 23, 2010, ¶¶ 1, 2, 5, 35, 65.) Plaintiff asserts, among other things, claims of breach of contract and tortious interference with business opportunity and seeks a judgment declaring Defendant's copyright registrations in the Works to be "invalid." (Compl. ¶ 3 & pages 37–44.)

On February 8, 2011, Defendant filed a motion to dismiss the Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), or, in the alternative, to transfer the case to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a). (See Def. Mot. to Dismiss, dated Feb. 8, 2011 ("Def. Mot.").) Defendant argues, among other things, that (1) two agreements

containing (New York) forum selection clauses, dated December 12, 1996 ("Agreements"), "are not authentic and were not knowingly executed by [Penders]"; and (2) California "is the most convenient forum for key witnesses." (Def. Mot. at 16, 17, 22.)

On March 1, 2011, Plaintiff filed a memorandum of law in opposition, arguing, among other things, that (1) Plaintiff "has made a prima facie showing of personal jurisdiction on the basis of [] forum selection . . . clause[s]"; and (2) "transferring venue . . . would only serve to shift the burden of inconvenience from one party's witnesses to the other['s]." (Pl. Mem. of Law in Opp'n to Def. Mot., dated Mar. 1, 2011 ("Pl. Opp'n"), at 9, 11, 14, 19.)

On March 9, 2011, Defendant filed a reply. (See Response to Pl. Opp'n, dated Mar. 9, 2011.) The parties waived oral argument.

**For the reasons stated below, Defendant's motion to dismiss or transfer venue is denied.**

## II. Legal Standard

A forum selection clause in an agreement is a sufficient basis under Fed. R. Civ. P. 12(b)(2) for personal jurisdiction and venue in the Southern District of New York. See Days Inn of Am., Inc. v. L.A., Inc., No. 97 Civ. 5476, 1998 WL 765182, at *2–3 (S.D.N.Y. Nov. 3, 1998); U.S. Bank, N.A. v. Ables & Hall Builders, 582 F. Supp. 2d 605, 615 (S.D.N.Y. 2008); ICC Indus. v. Israel Discount Bank, Ltd., No. 04 Civ. 6945, 2005 WL 1844616, at *5 (S.D.N.Y. July 29, 2005).

"A plaintiff's choice of forum is entitled to significant consideration and will not be disturbed unless other factors weigh strongly in favor of transfer." Sovereign Bank v. Ellis, No. 09 Civ. 2597, 2009 WL 2207922, at *3 (S.D.N.Y. July 23, 2009). A forum selection clause is "a

significant factor that figures centrally in" the decision whether or not to transfer venue. Id.; see Beatie & Osborn LLP v. Patriot Scientific Corp., 431 F. Supp. 2d 367, 395 (S.D.N.Y. 2006).

## III. Analysis

### (1) Personal Jurisdiction

The Agreements—which provide that "both parties consent to the exclusive jurisdiction and venue of any State or Federal court of competent jurisdiction in Manhattan, New York with respect to any proceedings arising under or relating to [these] Agreement[s]"—are sufficient to confer personal jurisdiction over Defendant. (Compl. ¶¶ 20, 21, Ex. A ¶ 27, Ex. B ¶ 11); Atl. Mut. Ins. Co. v. M/V Humacao, 168 F. Supp. 2d 211, 214–216 (S.D.N.Y. 2001). "Plaintiff's allegation that the parties had a valid contract must . . . be accepted as true for the purposes of [a] Rule 12(b)(2) motion," and a forum selection clause "in the contract constitutes a prima facie showing of jurisdiction." Don King Prods., Inc. v. Haugen, No. 91 Civ. 5554, 1992 WL 58875, at *3 (S.D.N.Y. Mar. 13, 1992); Merrill Lynch Capital Servs. v. Prarie Pride, Inc., No. 10 Civ. 5223, 2011 WL 1044887, at *1 (S.D.N.Y. Mar. 10, 2011) ("[W]here [a 12(b)(2) motion] is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor."); see CutCo Indus. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986); A.I. Trade Fin., Inc. v. Petra Bank, 989 F.2d 76, 79 (2d Cir. 1993); see also Nat'l Union Fire Ins. Co. of Pittsburgh v. Williams, 637 N.Y.S.2d 36, 38–39 (N.Y. App. Div. 1996) ("It is axiomatic that the very point of a selection of forum clause is to avoid litigation over personal jurisdiction.").[1]

[1] Plaintiff also alleges that "Penders contracted to supply [Plaintiff] with stories, scripts, artwork, and other original creative expressions fixed in tangible form," and that "all of Penders's work, wherever he completed it, was supplied to [Plaintiff] in New York." (Pl. Opp'n at 12; see Compl. ¶¶ 9, 19.) "In actually sending items to New York, there can be no doubt that [a defendant's] conduct was 'purposefully directed toward the forum State,'" and would appear

**(2) Venue**

A party opposing enforcement of a forum selection clause by seeking to transfer the case to another district must demonstrate exceptional facts explaining why he should be relieved from his contractual duty. See G&R Moojestic Treats, Inc. v. Maggiemoo's Int'l., LLC, No. 03 Civ. 10027, 2004 WL 1110423, at *5 (S.D.N.Y. 2004) (internal quotation marks omitted) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33 (1988)); Stewart, 487 U.S. at 33 ("[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.").

Defendant fails to make a "clear and convincing showing" of "exceptional facts" warranting transfer. Student Advantage, Inc. v. CollegeClub.com, No. 99 Civ. 8604, 1999 WL 1095601, at *3 (S.D.N.Y. Dec, 3 1999) ("[A] court should not disturb a plaintiff's choice of forum unless the defendant makes a clear and convincing showing that the balance of convenience favors the defendant's choice."); see G&R Moojestic, 2004 WL 1110423 at *5. And, while litigating in California may be more convenient for some of Defendant witnesses, Plaintiff's witnesses are in New York, and "exchanging the burdens of inconvenience from one party to the other is not a basis for transfer particularly when the plaintiff's choice of forum should be given great weight." Hypoxico, Inc. v. Colorado Altitude Training LLC, No. 02 Civ. 6191, 2003 WL 21649437, at *8 (S.D.N.Y. July 14, 2003); see Finkielstain v. Seidel, 692 F. Supp. 1497, 1509–10 (S.D.N.Y. 1988) ("The result of a transfer would not be to convenience the 'parties' but merely to shift the inconvenience from one party to the other."), aff'd in part, rev'd in part, 857 F.2d 893 (2d Cir. 1988); see also Hypoxico, 2003 WL 21649437 at *8; Tyco Int'l

---

to satisfy the requirements of N.Y. C.P.L.R. 302(a)(1). Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 171, 172 (2d Cir. 2010).

Ltd. v. Walsh, No. 02 Civ. 4633, 2003 WL 553580, at *5 (S.D.N.Y. Feb. 27, 2003); Foot Locker Retail, Inc. v. SBH, Inc., No. 03 Civ. 5050, 2005 WL 91306, at *9–10 (S.D.N.Y. Jan. 18, 2005).

## IV. Conclusion

Defendant's motion to dismiss or transfer venue [#12] is denied.

Dated: New York, New York
April 5, 2011

RMB

**RICHARD M. BERMAN, U.S.D.J.**