**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARCHIE COMIC PUBLICATIONS, INC.<br>Plaintiff,<br>v.<br>KENNETH W. PENDERS, II, p/k/a KEN PENDERS<br>Defendant. | Case No. 10-cv-08858 (RMB)<br><br>**ANSWER, AFIRMATIVE DEFENSES AND COUNTERCLAIMS WITH JURY DEMAND**<br><br>**Electronically Filed** |

For his Answer to the Complaint, defendant Kenneth W. Penders, II responds as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

2. Defendant admits he formerly resided at 1144 Oliver Street, North Tonawanda, NY 14120. Defendant further admits he is an individual residing in California, but states that he currently resides at 12147 Woodley Avenue, Granada Hills, California 91344-2846. Except to the extent admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 2 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

3. Defendant admits that Plaintiff purports that this is a declaratory judgment action for the reasons set forth in paragraph 3 of the complaint, but otherwise denies the remaining allegations of paragraph 3, and leaves Plaintiff to its proof.

4. Defendant admits that attached to his copy of the Complaint are photocopies of a document titled "Revised Newsstand Comic Independent Contractor's Agreement" as Exhibit A, and a document titled "ACP Licensed Comic Books Independent Contractor's Agreement" as Exhibit B. Defendant admits that the contents of paragraph 27 of the document attached as Exhibit A and portions of the contents of paragraph 11 of the document attached as Exhibit B appear to be reproduced in Paragraph 4 of the Complaint. Defendant denies the existence of any "ACP-Penders Agreements". Except to the extent admitted or denied, Defendant denies or is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 4 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

5. The allegations of Paragraph 5 of the Complaint are denied.

6. The allegations of Paragraph 6 of the Complaint are denied.

7. Defendant admits that he sent a letter addressed to Plaintiff at its place of business in New York. Except to the extent admitted, Defendant denies or is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 7 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

8. The allegations of Paragraph 8 of the Complaint are denied.

9. The allegations of Paragraph 9 of the Complaint are denied.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 10 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 16 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 17 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 18 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

19. Defendant admits that he worked as an independent contractor for Plaintiff between 1993 and 2005. Defendant admits that he created stories, scripts, artwork and related original works of authorship while working as an independent contractor for Plaintiff. Except to the extent admitted, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 19 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

20. Defendant denies the authenticity of the Contractor's Agreement (Exhibit A of the Complaint) and the Licensed Comic Books IC Agreement (Exhibit B of the Complaint) and therefore the allegations of Paragraph 20 of the Complaint are denied.

21. Defendant admits that attached to his copy of the Complaint are photocopies of a document titled "Revised Newsstand Comic Independent Contractor's Agreement" as Exhibit A, and a document titled "ACP Licensed Comic Books Independent Contractor's Agreement" as Exhibit B. Defendant denies the authenticity of the Contractor's Agreement (Exhibit A of the Complaint) and the Licensed Comic Books IC Agreement (Exhibit B of the Complaint) and therefore the allegations of Paragraph 21 of the Complaint are denied.

22. Defendant denies the authenticity of the Contractor's Agreement (Exhibit A of the Complaint) and the Licensed Comic Books IC Agreement (Exhibit B of the Complaint). Defendant admits that the contents of paragraph 1 of the document attached as Exhibit A appears to be reproduced in Paragraph 22 of the Complaint, and therefore,

except to the extent admitted, the allegations of Paragraph 22 of the Complaint are denied.

23. Defendant denies the authenticity of the Contractor's Agreement (Exhibit A of the Complaint) and the Licensed Comic Books IC Agreement (Exhibit B of the Complaint). Defendant admits that portions of the contents of paragraph 2 of the document attached as Exhibit A appears to be reproduced in Paragraph 23 of the Complaint, and therefore, except to the extent admitted, the allegations of Paragraph 23 of the Complaint are denied.

24. Defendant admits that the contents of paragraph 4 of the document attached as Exhibit A appear to be reproduced in Paragraph 24 of the Complaint. Defendant denies the authenticity of the Contractor's Agreement (Exhibit A of the Complaint) and the Licensed Comic Books IC Agreement (Exhibit B of the Complaint) and therefore except to the extent admitted, the allegations of Paragraph 24 of the Complaint are denied.

25. Defendant admits that the contents of paragraph 5 of the document attached as Exhibit A appear to be reproduced in Paragraph 25 of the Complaint. Defendant denies the authenticity of the Contractor's Agreement (Exhibit A of the Complaint) and the Licensed Comic Books IC Agreement (Exhibit B of the Complaint) and therefore, except to the extent admitted, the allegations of Paragraph 25 of the Complaint are denied.

26. Defendant denies the authenticity of the Contractor's Agreement (Exhibit A of the Complaint) and the Licensed Comic Books IC Agreement (Exhibit B of the

Complaint) and therefore denies of the allegations of Paragraph 26 of the Complaint, and leaves Plaintiff to its proof.

27. Defendant admits that portions of the contents of paragraph 18 of the document attached as Exhibit A appear to be reproduced in Paragraph 27 of the Complaint. Defendant denies the authenticity of the Contractor's Agreement (Exhibit A of the Complaint) and the Licensed Comic Books IC Agreement (Exhibit B of the Complaint) and therefore, except to the extent admitted, the allegations of Paragraph 27 of the Complaint are denied.

28. Defendant admits that the contents of paragraph 19 of the document attached as Exhibit A appear to be reproduced in Paragraph 28 of the Complaint. Defendant denies the authenticity of the Contractor's Agreement (Exhibit A of the Complaint) and the Licensed Comic Books IC Agreement (Exhibit B of the Complaint) and therefore, except to the extent admitted, the allegations of Paragraph 28 of the Complaint are denied.

29. Defendant admits that portions of the contents of paragraphs 20 and 23 of the document attached as Exhibit A appear to be reproduced in Paragraph 29 of the Complaint. Defendant denies the authenticity of the Contractor's Agreement (Exhibit A of the Complaint) and the Licensed Comic Books IC Agreement (Exhibit B of the Complaint) and therefore, except to the extent admitted, the allegations of Paragraph 29 of the Complaint are denied.

30. Defendant admits that portions of the contents of paragraph 33 of the document attached as Exhibit A appear to be reproduced in Paragraph 30 of the Complaint. Defendant denies the authenticity of the Contractor's Agreement (Exhibit A

of the Complaint) and the Licensed Comic Books IC Agreement (Exhibit B of the Complaint) and therefore, except to the extent admitted, the allegations of Paragraph 30 of the Complaint are denied.

31. Defendant admits that portions of the contents of paragraphs 3 and 5 of the document attached as Exhibit B appear to be reproduced in Paragraph 31 of the Complaint. Defendant denies the authenticity of the Contractor's Agreement (Exhibit A of the Complaint) and the Licensed Comic Books IC Agreement (Exhibit B of the Complaint) and therefore, except to the extent admitted, the allegations of Paragraph 31 of the Complaint are denied.

32. Defendant admits that portions of the contents of paragraph 7 of the document attached as Exhibit B appear to be reproduced in Paragraph 32 of the Complaint. Defendant denies the authenticity of the Contractor's Agreement (Exhibit A of the Complaint) and the Licensed Comic Books IC Agreement (Exhibit B of the Complaint) and therefore, except to the extent admitted, the allegations of Paragraph 32 of the Complaint are denied.

33. The allegations of Paragraph 33 of the Complaint are denied.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 34 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

35. Defendant admits that in or around February 2009 he filed copyright applications with the U.S. Copyright Office to register certain of those works of authorship he authored. Except to the extent admitted, the allegations of Paragraph 35 of the Complaint are denied.

36. Defendant admits that on or about July 7, 2010, he reported on his blog the fact that the U.S. Copyright Office began issuing registration certificates for the applications he filed. Except to the extent admitted, the allegations of Paragraph 36 of the Complaint are denied.

37. Defendant admits that a letter from his attorney Michael Lovitz was sent to Plaintiff on July 2, 2010, that included with such letter were copies of fourteen (14) U.S. Copyright Registrations, and that the same are attached to the Complaint as Exhibit D. Except to the extent admitted, the allegations of Paragraph 37 of the Complaint are denied.

38. The allegations of Paragraph 38 of the Complaint are denied.

39. Defendant admits that portions of the contents of Exhibit D are reproduced in Paragraph 39 of the Complaint. Except to the extent admitted, the allegations of Paragraph 39 of the Complaint are denied.

40. Defendant admits that portions of the contents of Exhibit D are reproduced in Paragraph 40 of the Complaint. Except to the extent admitted, the allegations of Paragraph 40 of the Complaint are denied.

41. Defendant admits that portions of the contents of Exhibit D are reproduced in Paragraph 41 of the Complaint. Except to the extent admitted, the allegations of Paragraph 41 of the Complaint are denied.

42. Defendant admits that portions of the contents of Exhibit D are reproduced in Paragraph 42 of the Complaint. Except to the extent admitted, the allegations of Paragraph 42 of the Complaint are denied.

43. Defendant admits that portions of the contents of paragraph 5 of the document attached as Exhibit A appear to be reproduced in Paragraph 43 of the Complaint. Defendant denies the authenticity of the Contractor's Agreement (Exhibit A of the Complaint) and the Licensed Comic Books IC Agreement (Exhibit B of the Complaint) and therefore, except to the extent admitted, denies the allegations of Paragraph 43 of the Complaint, and leaves Plaintiff to its proof.

44. The allegations of Paragraph 44 of the Complaint are denied.

45. Defendant admits that portions of the contents of paragraph 7 of the document attached as Exhibit A appear to be reproduced in Paragraph 45 of the Complaint. Defendant denies the authenticity of the Contractor's Agreement (Exhibit A of the Complaint) and the Licensed Comic Books IC Agreement (Exhibit B of the Complaint) and therefore, except to the extent admitted, denies the allegations of Paragraph 45 of the Complaint, and leaves Plaintiff to its proof.

46. The allegations of Paragraph 46 of the Complaint are denied.

47. Defendant admits that the date of registration for each of the fourteen (14) registrations contained in Exhibit D are more than five (5) years after the date of first publication for each subject work. Except to the extent admitted, the allegations of Paragraph 47 of the Complaint are denied.

48. Defendant admits that the date of registration for each of the fourteen (14) registrations contained in Exhibit D are more than three (3) months after the date of first publication for each subject work. Except to the extent admitted, the allegations of Paragraph 48 of the Complaint are denied.

49. Defendant admits that none of the fourteen (14) registrations contained in Exhibit D include a statement that the subject work was made for hire. Except to the extent admitted, the allegations of Paragraph 49 of the Complaint are denied.

50. The allegations of Paragraph 50 of the Complaint are denied.

51. The allegations of Paragraph 51 of the Complaint are denied.

52. Defendant admits that Plaintiff's response to Defendant's July 2, 2010 letter is attached as Exhibit E to the Complaint. Except to the extent admitted, the allegations of Paragraph 52 of the Complaint are denied.

53. Defendant admits that attached to Plaintiff's July 13, 2010 letter were copies of the documents attached as Exhibits A and B to the Complaint. Defendant denies the authenticity of the Contractor's Agreement (Exhibit A of the Complaint) and the Licensed Comic Books IC Agreement (Exhibit B of the Complaint). Defendant admits Plaintiff's July 13, 2010 letter contained notice language and demands, including a demand that Defendant cancel the fourteen (14) registrations attached to his July 2, 2010 letter. Defendant denies the existence of any "ACP-Penders Agreements". Except to the extent admitted or denied, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 53 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

54. The allegations of Paragraph 54 of the Complaint are admitted.

55. Defendant admits that his counsel informed counsel for Plaintiff by telephone that Defendant would not make any further statements at the San Diego trade show. Defendant admits he has not retracted his statements concerning his ownership of

copyright or issuance of registrations by the Copyright Office. Except to the extent admitted, Defendant denies the allegations of Paragraph 55.

56. The allegations of Paragraph 56 of the Complaint are admitted.

57. Defendant admits that Exhibit C, page 1, contains his blog post of October 19, 2010, but otherwise denies the allegations of Paragraph 57 of the Complaint.

58. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 58 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

59. Defendant admits that Plaintiff 's October 27, 2010 letter is attached as Exhibit H, and that such letter contains statements and demands of Plaintiff concerning the originals of the alleged agreements between the parties, Defendant's legal position, public statements and registrations. Defendant denies the existence of any "ACP-Penders Agreements". Except to the extent admitted or denied, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 59 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

60. Defendant admits that his November 4, 2010 letter is attached as Exhibit I, and that portions of such letter are reproduced in Paragraph 60 of the Complaint. Defendant denies the existence of any "ACP-Penders Agreements". Except to the extent admitted or denied, the allegations of Paragraph 31 of the Complaint are denied.

61. Defendant admits that Exhibit J contains information on numerous copyright registrations identifying "Ken Penders" as copyright claimant. Except to the extent admitted, Defendant is without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations of Paragraph 61 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

62. The allegations of Paragraph 62 of the Complaint are denied.

63. The allegations of Paragraph 63 of the Complaint are denied.

64. The allegations of Paragraph 64 of the Complaint are denied.

65. The allegations of Paragraph 65 of the Complaint are denied.

66. The allegations of Paragraph 66 of the Complaint are denied.

67. The allegations of Paragraph 67 of the Complaint are denied.

68. The allegations of Paragraph 68 of the Complaint are denied.

69. Plaintiff's infringing activities are ongoing, and therefore Defendant denies or is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 69 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

70. Defendant admits that none of the registrations contained in Exhibit J include a statement that the subject work was made for hire. Except to the extent admitted, the allegations of Paragraph 70 of the Complaint are denied.

71. The allegations of Paragraph 71 of the Complaint are denied.

72. The allegations of Paragraph 72 of the Complaint are denied.

73. The allegations of Paragraph 73 of the Complaint are denied.

74. Defendant restates his responses to Paragraphs 1-73 of the Complaint as if fully stated in this paragraph.

75. The allegations of Paragraph 75 of the Complaint are denied.

76. The allegations of Paragraph 76 of the Complaint are denied.

77. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 77 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

78. The allegations of Paragraph 78 of the Complaint are denied.

79. The allegations of Paragraph 79 of the Complaint are denied.

80. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 80 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

81. Defendant restates his responses to Paragraphs 1-80 of the Complaint as if fully stated in this paragraph.

82. The allegations of Paragraph 82 of the Complaint are denied.

83. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 83 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

84. The allegations of Paragraph 84 of the Complaint are denied.

85. The allegations of Paragraph 85 of the Complaint are denied.

84(a). The allegations of Paragraph 84(a) of the Complaint are denied.

85(a). Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 85(a) of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

86. Defendant restates his responses to Paragraphs 1-85(a) of the Complaint as if fully stated in this paragraph.

87. The allegations of Paragraph 87 of the Complaint are denied.

88. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 88 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

89. The allegations of Paragraph 89 of the Complaint are denied.

90. The allegations of Paragraph 90 of the Complaint are denied.

91. The allegations of Paragraph 91 of the Complaint are denied.

92. The allegations of Paragraph 92 of the Complaint are denied.

93. The allegations of Paragraph 93 of the Complaint are denied.

94. The allegations of Paragraph 94 of the Complaint are denied.

95. The allegations of Paragraph 95 of the Complaint are denied.

96. The allegations of Paragraph 96 of the Complaint are denied.

97. The allegations of Paragraph 97 of the Complaint are denied.

98. Defendant admits Plaintiff sent the letters attached as Exhibits E, F and H to the Complaint. Except to the extent admitted, Defendant denies or is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 98 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

99. Defendant admits he was generally aware that Plaintiff had a business relationship of an unknown nature with Sega, but denies or is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 99 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

100. The allegations of Paragraph 100 of the Complaint are denied.

101. The allegations of Paragraph 101 of the Complaint are denied.

102. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 102 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

103. The allegations of Paragraph 103 of the Complaint are denied.

104. The allegations of Paragraph 104 of the Complaint are denied.

105. Defendant restates his responses to Paragraphs 1-104 of the Complaint as if fully stated in this paragraph.

106. The allegations of Paragraph 106 of the Complaint are denied.

107. The allegations of Paragraph 107 of the Complaint are denied.

108. The allegations of Paragraph 108 of the Complaint are denied.

109. The allegations of Paragraph 109 of the Complaint are denied.

110. The allegations of Paragraph 110 of the Complaint are denied.

111. The allegations of Paragraph 111 of the Complaint are denied.

112. The allegations of Paragraph 112 of the Complaint are denied.

113. The allegations of Paragraph 113 of the Complaint are denied.

114. The allegations of Paragraph 114 of the Complaint are denied.

115. The allegations of Paragraph 115 of the Complaint are denied.

116. The allegations of Paragraph 116 of the Complaint are denied.

117. Defendant admits Plaintiff sent the letters attached as Exhibits E, F and H to the Complaint. Except to the extent admitted, Defendant denies or is without knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations of Paragraph 117 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

118. Defendant denies or is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 118 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

119. Defendant denies or is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 119 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

120. The allegations of Paragraph 120 of the Complaint are denied.

121. Defendant denies or is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 121 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

122. The allegations of Paragraph 122 of the Complaint are denied.

123. The allegations of Paragraph 123 of the Complaint are denied.

124. Defendant restates his responses to Paragraphs 1-123 of the Complaint as if fully stated in this paragraph.

125. Defendant admits he was generally aware that Plaintiff had a business relationship of an unknown nature with Sega, but denies or is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 125 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

126. Defendant denies or is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 126 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

127. The allegations of Paragraph 127 of the Complaint are denied.

128. Defendant admits he was generally aware that Plaintiff had a business relationship of an unknown nature with Sega, but denies or is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 128 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

129. The allegations of Paragraph 129 of the Complaint are denied.

130. The allegations of Paragraph 130 of the Complaint are denied.

131. Defendant denies or is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 131 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

132. Defendant denies or is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 132 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

133. Defendant denies that Plaintiff is entitled to punitive damages, and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 133 of the Complaint, and so denies the same, and leaves Plaintiff to its proof.

134. Paragraph 134 requires no admission or denial.

**AFFIRMATIVE DEFENSES**

1. The complaint fails to state a claim upon which relief can be granted.

2. Defendant is not infringing and has not infringed any valid copyright right of Plaintiff.

3. Plaintiff's claims are barred by the doctrine of unclean hands.

4. Plaintiff's claims for declaratory judgment are barred because neither Defendant's acts nor its conduct reasonably could have placed Plaintiff in fear that it would be sued by Defendant.

5. Plaintiff's claims are barred because Defendant has not engaged in any unlawful or unfair business practices, and Defendant's conduct was performed in the exercise of an absolute right, and was therefore proper and/or justified.

6. Plaintiff is not the owner of the asserted rights and, accordingly, lacks standing to assert claims regarding the same.

7. Plaintiff's claims are improperly venued in this District.

8. Plaintiff's claims for breach of contract are barred because Defendant never signed any contract with Plaintiff.

9. Plaintiff's claims for breach of contract are barred because there was no agreement between the parties that any works of authorship created by Defendant for Plaintiff would be "works made for hire" prior to their creation.

10. Plaintiff's claims for breach of contract are barred because Defendant has not entered into a valid contract with Plaintiff.

11. Plaintiff's claims for breach of contract are barred because the contracts alleged by Plaintiffs are invalid.

12. Plaintiff's claims for breach of contract are barred because the documents attached to the Complaint as Exhibits A and B are not authentic.

13. Plaintiff's claim for breach of contract is barred based on agreements between Plaintiff and its contractors.

14. Plaintiff's claims for tortious interference with business/economic advantage are barred because Defendant's actions were privileged because they were taken in a good faith effort to compete with Plaintiff and/or Defendant had an equal or superior interest in the subject matter of the prospective economic advantage.

15. Plaintiff's claims for tortious interference with business/economic advantage are barred because Defendant's actions were reasonable steps to protect Defendant's own legal rights, including Defendant's own contractual rights and other intangible business interests.

16. Plaintiff's claim for tortious interference with business/economic advantage is barred based on agreements between Plaintiff and its licensees and/or contractors.

17. Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Copyright Laws of the United States, and any other defenses, at law or equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

Defendant/Counterclaimant Kenneth W. Penders, II ("Penders") hereby sets forth the following Counterclaims against Plaintiff/Counterclaim-Defendant Archie Comic Publications, Inc., ("ACP") and demands a trial by jury for all issues so triable.

## PARTIES

1. Penders is an individual residing at 12147 Woodley Avenue, Granada Hills, California.

2. On information and belief, ACP is a New York with a place of business at 325 Fayette Avenue, Mamaroneck, New York.

## JURISDICTION AND VENUE

3. Jurisdiction in this Court is proper pursuant to Fed. R. Civ. Proc. 13, and under the Copyright Act pursuant to 17 U.S.C. § 501 *et seq.* and 28 U.S.C. § 1338. Venue in this Court is proper under 28 U.S.C. § 1391.

4. By initiating this suit in this Court, ACP has consented to personal jurisdiction.

## FIRST COUNTERCLAIM

**(Declaratory Judgment – That no Contract(s) Exist Between ACP and Penders)**

5. Penders repeats and incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1-4 above.

6. This counterclaim is for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and arises from an actual and justiciable controversy between ACP and Penders regarding alleged legal relationships between the parties, and alleged property rights including copyright rights.

7. ACP filed its Complaint against Penders for, among other things, breaches of contract, tortious interference with business/economic opportunity, non-infringement of copyright, and for cancellation of copyright registrations.

8. Penders did not enter into the contracts ACP alleges, and thus cannot be in breach. As part of this allegation, Penders repeats and realleges, and incorporates herein by reference, each of the allegations set forth in paragraphs 86-104 above in his Answer.

9. Penders' activities do not constitute tortious interference with business/economic opportunity. As part of this allegation, Penders repeats and realleges, and incorporates herein by reference, each of the allegations set forth in paragraphs 124-133 above in his Answer.

10. Penders' copyright registrations are valid. As part of this allegation, Penders repeats and realleges, and incorporates herein by reference, each of the allegations set forth in paragraphs 74-85 above in his Answer.

11. A justiciable controversy exists between Penders and ACP concerning the alleged: breaches of contract; tortious interference with business/economic opportunity; copyrights; and other alleged rights of ACP.

12. Penders seeks a judicial determination of his rights and liabilities by a declaration that Penders' activities do not constitute tortious interference, breach of contract, or any other violation of ACP's rights.

13. Penders further seeks a judicial determination of the validity of his copyrights, and of ACP's infringement(s) thereof.

**SECOND COUNTERCLAIM**

**(Copyright Infringement)**

14. Penders repeats and incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1-13 above.

15. Penders is responsible for the creation, development, and production of numerous comic book stories and related especially distinctive and extremely well delineated characters, first appearing in comic books authored by Penders. In most, if not all, cases, these characters constitute the story being told.

16. At all relevant times, Penders has been the holder of the pertinent exclusive rights infringed by ACP, as alleged hereunder, for certain copyrighted characters and stories, including but not limited to those characters and stories listed on Exhibit 1 to this Answer (collectively, the "Copyrighted Works"). Each of the Copyrighted Works is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights as specified on Exhibit A.

17. Penders is informed and believes that ACP, without the permission or consent of Penders, has made unauthorized reproduction and distribution of, and prepared and reproduced and distributed derivative works containing, the Copyrighted Works. This includes, without limitation, the compilation of various issues of Sonic Archives, the use of storylines and/or characters in other Sonic comic books, and the production of electronic media for, e.g., distribution via iTunes for the iPhone and iPad devices. In doing so, ACP has violated Penders' exclusive rights of reproduction, distribution, and the preparation of derivative works. These actions constitute infringement of Penders' exclusive rights protected under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*).

18. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Penders.

19. As a result of ACP's infringement of Penders' exclusive rights under copyright, Penders is entitled to relief pursuant to 17 U.S.C. § 504, and to his attorneys' fees and costs pursuant to 17 U.S.C. § 505.

20. The conduct of ACP is causing and, unless enjoined and restrained by this Court will continue to cause, Penders great and irreparable injury that cannot fully be compensated or measured monetarily. Penders has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502-503, Penders is entitled to injunctive relief prohibiting ACP from further infringing Penders' copyrights.

**PRAYER FOR RELIEF**

WHEREFORE, Penders prays that the Court enter judgment against ACP as follows:

a. For entry of preliminary and permanent injunctions providing that ACP shall be enjoined from directly or indirectly infringing Penders' rights in the Copyrighted Works, except pursuant to a lawful license or with the express authority of Penders;

b. For actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of Penders;

c. For Penders' expenses and costs incurred in this action;

d. For Penders' reasonable attorneys' fees incurred in this action;

e. That all claims in the Complaint be dismissed with prejudice, and judgment be entered for Penders as to all of the claims in the Complaint;

f. That no contract(s) exist between ACP and Penders;

g. That Penders is not in breach of any contract(s) that may exist between ACP and Penders;

h. That Penders activities do not constitute tortious interference with business/economic advantage or breach of contract;

i. That Penders' activities do not constitute any violation of ACP's intellectual property rights;

j. That Penders' copyrights are valid; and

k. That Penders be granted such other and further relief as the Court deems just and proper.

## I. DEMAND FOR JURY TRIAL

Penders hereby demands a jury trial for all issues so triable in this action.

Dated: April 19, 2011

Respectfully submitted,

Michael R. Ertel (ME 7146)
Lysaght, Lysaght & Ertel LLP
230 Park Avenue, Tenth Floor
New York, NY 10169
Tel. 212-808-3004
Facs. 212-808-3020
mertel@lysaghtlaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of April, 2011, a copy of the foregoing **ANSWER, AFIRMATIVE DEFENSES AND COUNTERCLAIMS WITH JURY DEMAND**, was electronically filed with the Clerk of Court using the ECF system which will send notification of such filing to the attorneys of record. In addition, a copy of the foregoing was sent via first-class mail to:

Matthew C. Wagner
Diserio Martin O'Connor & Castiglioni LLP
50 Main Street, Suite 1000
White Plains, NY 10606

Counsel for Plaintiff