# DISERIO MARTIN O'CONNOR & CASTIGLIONI LLP

ATTORNEYS AT LAW

ONE ATLANTIC STREET
STAMFORD, CT 06901

35 MASON STREET
GREENWICH, CT 06830
TELEPHONE: (203) 622-4100

TELEPHONE: (203) 358-0800
FACSIMILE: (203) 348-2321

50 MAIN STREET
10th FLOOR
WHITE PLAINS, NY 10606
TELEPHONE: (914) 684-0090

WWW.DMOC.COM

SERVICE BY FACSIMILE NOT ACCEPTED

**MATTHEW C. WAGNER**
Admitted in CT, NY, MA and DC
CT Direct Dial: 203-569-1195
mwagner@dmoc.com


Reply to: Stamford Office

13 May 2011

**VIA ECF**
Hon. Judge Richard M. Berman
United States District Court
Southern District of New York
40 Centre Street, Courtroom 706
New York, NY 10007

Re: *Archie Comic Publications, Inc. v. Kenneth W. Penders, II*
Civil Action No. 10-cv-08858-RMB (S.D.N.Y.)
Our File: 27262.1

Dear Judge Berman:

This firm represents the Plaintiff Archie Comic Publications, Inc. ("ACP"). Per Your Honor's Individual Practices Section 2(A), I write to request a pre-motion conference in advance of filing a Motion to Dismiss, pursuant to Rule 12(b)(6), in response to Defendant's Answer, Affirmative Defenses and Counterclaims.

ACP filed its complaint against Defendant Kenneth W. Penders, II ("Penders") on November 23, 2010 (D.E. 1). ACP's Complaint asserts claims for breach of contract, declaratory judgment of non-infringement, and cancellation of Penders' copyright registrations. On February 9, 2011, Penders filed a motion to dismiss for lack of jurisdiction (D.E. 12-20), which was denied by the Court on April 5, 2011 (D.E. 22). Penders filed his Answer and two Counterclaims against ACP on April 19, 2011 (D.E. 24).

Penders' Second Counterclaim[1] against ACP is for copyright infringement and requests relief in the form of actual and statutory damages (17 U.S.C. § 504); attorneys fees and costs (17 U.S.C. § 505); and injunctive relief (17 U.S.C. §§ 502-503). Penders Second Counterclaim is bereft of any factual allegations sufficient to meet the minimum pleading threshold under Rule 8(a), and therefore fails to state a claim upon which relief may be granted and should be dismissed under Rule 12(b)(6). Assuming *arguendo* that Penders' Second Counterclaim survives dismissal, his prayer for statutory damages and attorneys' fees is barred under 17 U.S.C. §412, and therefore fail as a matter of law and should also be dismissed.

Penders has not alleged a single fact to support his claim of copyright infringement. A copyright infringement plaintiff must allege facts sufficient to support only two elements: (1) ownership of the copyright, and, (2) unauthorized copying by the defendant. *Folio Impressions, Inc. v. Byer Cal.*, 937 F.2d 759, 762 (2nd Cir. 1991). Penders has shown neither. Penders' only allegation in support of his ownership of the copyrights appears as an attachment to the pleading comprised of a printout of an index from online Copyright Office records of one-hundred-seventy-one copyright registrations. This index of registrations (and the registrations themselves) is not prima facie proof of ownership or the validity of the copyrights (or the facts stated therein) because Penders failed to file any of the registrations within five years of first publication of the works as required under Section 410(c) of the Copyright Act. In addition, Penders offers no allegations of unauthorized copying by ACP. Penders' counterclaim simply states his *belief* that ACP has infringed upon the Works without *any* allegation whatsoever of how any infringement has occurred, what publications are allegedly infringing, when any infringement occurred, or which copyrights have allegedly been infringed.

Penders' Second Counterclaim fails even to meet the minimal pleading requirements articulated by Congress in the Official Forms. Rule 84. Official Form 19, which provides the bare-bones standard for pleading a claim of copyright infringement, requires factual allegations of creation of the work, that the work is copyrightable subject matter, and identification of what work is alleged to infringe the copyright. Official Form 19 at ¶¶ 2, 3 and 6. Penders alleges none of this.

Thus, the Second Counterclaim fails to contain sufficient factual matter to "state a claim to relief that is *plausible* on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citation

---

[1] Penders' First Counterclaim seeks a declaratory judgment that no contract(s) exist between ACP and Penders. Such a claim rises and falls on the success of ACP's first-party claims and, as such, ACP leaves Penders to his proof.

omitted) (emphasis added). In *Iqbal* the Supreme Court articulated a two-step approach to be used by district courts when considering a motion to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-50. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is considered facially plausible when the complaint alleges facts, not merely conclusory statements, that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where a complaint does not permit the court to infer anything more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks omitted).

In his Second Counterclaim, Penders has set forth no well-pled *factual* allegations that the Court must accept as true. His purported copyright registrations are not prima facie proof of ownership or validity of the registrations and his *belief* that ACP has infringed upon his copyrights is merely a conclusory statement, not fact. Without any well-pled factual allegations to accept as true, the Court cannot even get to the second *Iqbal* step to consider whether the factual allegations allege a plausible claim for relief. Penders has failed even to allege what publication of ACP he contends infringes his copyrights. Penders' Second Counterclaim therefore fails to state a claim to relief that is plausible on its face and should be dismissed under Rule 12(b)(6).

Assuming *arguendo* Penders' Second Counterclaim survives dismissal, his demand for statutory damages and attorneys' fees should be dismissed because these remedies are barred under Section 412(2) of the Copyright Act. Under Section 412(2), statutory damages and attorneys' fees are precluded from recovery where an action for infringement is commenced after first publication of the work and before the effective date of registration unless the registration is made within three (3) months after the first publication of the work. 17 U.S.C.A. § 412(2). All of the registrations included in the index attached to Penders' pleading were made more than three months after first publication of all of the works, regardless of when Penders might claim ACP infringed those works (which he utterly fails to allege, in any event). "The Second Circuit has explained that, under this provision, a plaintiff may not recover statutory damages and attorney's fees for infringement occurring after registration if that infringement is part of an ongoing series of infringing acts and the first act occurred before registration." *IDEA v. PETA*, 2009 WL 2850230 (*citing Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 158 (2d Cir. 2007). In order to state a claim for statutory damages and attorneys' fees, Penders must allege new, post-registration acts of infringement by ACP unrelated to

any purported continuing infringement that Penders might claim. But here, even this is moot, since Penders has failed even to allege any date of infringement, whether pre- or post-registration. The prayer for statutory damages and attorneys' fees is fatally defective. *Troll Co.*, 483 F.3d at 158; *see also U2 Home Entm't., Inc. v. Hong Wei Int'l Trading, Inc.*, 2008 WL 3906889, at *15 (S.D.N.Y. Aug. 21, 2008) (Keenan, J.).

For all these reasons, ACP requests a pre-motion conference for approval to file a motion to dismiss in response to Penders' Answer, Affirmative Defenses and Counterclaims. Thank you for your consideration.

Very truly yours,

Matthew C. Wagner

MCW:jrl
CC: Michael R. Ertel (Via ECF)