UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ARCHIE COMIC PUBLICATIONS, INC.,

Plaintiff,

v. 10 Civ. 8858 RMB

KENNETH W. PENDERS, II,

Defendant.

------------------------------x

June 2, 2011
11:45 a.m.

Before:

HON. RICHARD M. BERMAN,

District Judge

APPEARANCES

DISERIO MARTIN O'CONNOR & CASTIGLIONI, LLP
Attorneys for plaintiff
BY: MATTHEW CLIFTON WAGNER, Esq.
Of counsel

MICHAEL ERTEL,
MICHAEL LOVITZ,
Attorneys for defendant

(In open court)

(Case called)

THE COURT: Please be seated.

How did you make out?

MR. WAGNER: Good morning, your Honor. Matthew Wagner for Archie Comics. With me in the courtroom today is Mr. John Goldwater. He is the co-CEO. And also there is Mike Pelarito, the President of Archie Comic Publications.

Your Honor, over the last week or so I had a couple of conversations with defense counsel. We finally got an offer -- we got a demand last night. We spent an hour and a half this morning talking in the room. We are very far apart, although there are real proposals that are being discussed, but by "very far apart," we are in five figures and they're in seven figures. So however the court would like to proceed this morning with respect to settlement, we are more than interested in proceeding.

THE COURT: Okay.

MR. WAGNER: There are four procedural matters which we also like to address which I believe will be quite quick. We are in agreement on each one of them.

THE COURT: Let me hear them.

MR. WAGNER: The first is that defendant's response to my proposed motion to dismiss --

THE COURT: That we are not up to yet.

MR. WAGNER: They would like to file an amended counterclaim.

THE COURT: Right.

MR. WAGNER: Of course, I have no position on that. If I had filed a motion, they would be entitled to do that. They propose to file that by June 7th.

THE COURT: Okay.

MR. WAGNER: And our response to that would then be due on June 28th, which is fine if the court is amenable to that?

THE COURT: June 7 would be an amended counterclaim?

MR. WAGNER: Correct.

THE COURT: And responses by when?

MR. WAGNER: June 28th.

THE COURT: That would be fine. You understand that the amendment, I will certainly allow the amendment. If you failed with respect to the motion to dismiss or any motion with respect to that amendment, that will be with prejudice, you understand that, since you have the opportunity to amend in advance of any motion practice?

MR. ERTEL: Yes, sir.

MR. WAGNER: So presumably, your Honor, if we intended to move to dismiss the amended counterclaim, we would need to file a premotion conference request?

THE COURT: Yes, do that at that time after you see

what the amendment looks like.

MR. WAGNER: Exactly. The next thing is their responses to our discovery demands and production of documents.

THE COURT: Where is discovery?

By the way, I am going to refer that to the magistrate judge.

MR. WAGNER: That is fine. I would ask the court enter one thing on the record today. We had served our discovery in April. They responded May 4th and still haven't produced documents. It has been over four weeks and now they tell me it is going to be another three weeks.

THE COURT: That is the classic issue for the magistrate.

MR. WAGNER: They have agreed now on June 24th. I ask the court to enter that as an order that they will actually make physical production by June 24th.

THE COURT: That is agreeable to you, June 24th?

MR. WAGNER: By the time they get to the magistrate and ask for two weeks and the --

THE COURT: That makes sense.

MR. WAGNER: June 24th. If they can get it to me sooner, I want it.

THE COURT: That makes sense. You have got that, right?

MR. ERTEL: Yes, sir.

MR. WAGNER: We'll submit a protective order also, but that will be a stipulated protective order for your Honor to consider.

MR. ERTEL: If I may just before that?

Obviously, we'll need a protective order before we produce documents. I presume that will be coming in the next two weeks?

THE COURT: You should understand you're welcome to submit a protective order, but I will always include a rider I am not bound by that protective order. Don't be shocked sooner or later or if at all if something you feel is confidential I don't feel is confidential. Just be aware of that.

MR. WAGNER: Understood, your Honor. We appreciate that the court is bound by the recent developments with respect to the open court process.

So lastly, your Honor, currently the discovery deadline is next Tuesday and so we had some dialogue about that. Of course, we would like, the plaintiffs would very much like this case to move forward as quickly as possible, but there have been delays and --

THE COURT: Is this a Bench or jury trial?

MR. WAGNER: There is a jury trial demand. So the plaintiffs would be agreeable to extending it out to September 15th. That is about 90, maybe a hundred days.

THE COURT: That is awfully long for an extension. I

am going to give you a jury trial date actually in a minute.

MR. WAGNER: Terrific, your Honor!

THE COURT: If you want another 30 days for discovery, that is fine, but that it is about it. It seems to me that -- what was the first end date?

MR. WAGNER: I believe that is Tuesday, the 7th.

THE COURT: June 7th?

MR. WAGNER: Correct.

MR. ERTEL: Your Honor, defendant respectfully requests two months to finish discovery.

THE COURT: There is no reason for that. I'll give you till July 29 for all discovery, fact and expert. How long do you think this trial would last?

MR. WAGNER: Well, your Honor, we had identified about five or six witnesses. The defendant, on the other hand, has identified about 40.

THE COURT: Yes. I would be astonished.

MR. WAGNER: I would, too. If they intended to put on that kind of evidence, we would move in limine to exclude a lot of it.

THE COURT: I am going to give you a schedule. We are going to have a trial on October 31st. Before that we are going to need the following:

We are going to need a joint pretrial order. We are going to need joint jury instructions. We need a joint verdict

sheet, and we need any motions in limine. We are going to need all of this by September 14.

Now as to the pretrial order, the contents of that you can find in my local rules. As I say, this is a joint document. The joint jury instructions work this way: The plaintiff in a civil case drafts the first draft and then submits them to the defendant. If the defendant agrees with them, fine, he submits them on September 14th which is when they're due. If not, he submits them with any legal objections noted right on the same document or on the disc that you give them, brief legal objection and any proposed alternative instruction that he might have.

MR. WAGNER: We are not responsible for crafting jury instructions on any counterclaim that might survive at that point, are we?

THE COURT: That is a good thought. No. He would have to do that, so then he would have to submit them to you before September 14 similarly so that you could have your input into his instructions.

MR. WAGNER: Then it would be back in my court to file a final proposed set of instructions with the objections?

THE COURT: They all get filed right on September 14th, so probably in light of that, you are at least going to be two weeks, I would say, in advance to exchange your proposed instructions.

MR. WAGNER: Yes. We'll work out a schedule in order to --

THE COURT: Motions in limine are due and so any response to motions in limine would be due on September 21. I think that covers the waterfront as far as I can tell.

MR. WAGNER: Yes, your Honor, that is the procedural matters.

THE COURT: Let's have a pretrial conference on 10-24, at 10:00 am. Anything else?

MR. WAGNER: No, nothing procedural, your Honor. I am happy to get into the substance of the settlement dialogue.

THE COURT: Do you think that would be helpful? I am happy to try. It is up to you all?

MR. WAGNER: I am not sure. I believe that we are very far apart, but I think it might be helpful for the court to perhaps give Mr. Penders a little perspective on his claims.

THE COURT: Yes. I don't know if I am in a position to do that right now. I am happy to spend a couple of minutes with each side individually if you want me to and see if it looks like there is any room for resolution. It is up to you?

MR. WAGNER: Sure.

MR. ERTEL: Yes.

MR. WAGNER: If we have the opportunity.

THE COURT: I am going to do one brief criminal case before we do that. So you could maybe just take a back seat

for a minute and we'll try and be fast.

(Recess)

THE COURT: In my opinion, there is no way to bridge the gap and to have settlement, so just so everybody is totally clear, this timetable that I gave you today is the timetable that will be followed in this case, okay?

Nice to see you all.

(Court adjourned)