**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARCHIE COMIC PUBLICATIONS, INC. )<br><br>              Plaintiff,    )<br><br>         v.            )<br><br>KENNETH W. PENDERS, II, )<br>p/k/a KEN PENDERS       )<br><br>              Defendant.   ) | Case No. 10-cv-08858 (RMB)<br>ECF Case<br><br>**STIPULATED PROTECTIVE ORDER** |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), the Court hereby enters the following protective order:

1.     **Confidential Information** – The term "Confidential Information" includes any document or thing that a party reasonably and in good faith believes to contain confidential information that is not publicly available, such as confidential know-how, proprietary business and financial information, research and development, commercial, or other sensitive information, the disclosure of which is likely to have the effect of causing harm to the competitive position of the person, partnership, corporation, or other organization from which the information is obtained.

2.     **Non-Disclosure of Confidential Information** – All Confidential Information produced or exchanged in this litigation shall be used solely for the purpose of prosecuting or

defending this action and shall only be disclosed to (or the content discussed with) the following

persons:

    a.    The named parties in this case,

    b.    The attorneys of record in this action, including:

> Diserio Martin O'Connor & Castiglioni LLP
> One Atlantic Street
> Stamford CT 06901
>
> Lysaght, Lysaght & Ertel LLP
> 230 Park Avenue, Tenth Floor
> New York, NY 10169

and the following law firms:

> Lovitz IP Law PC
> 9701 Wilshire Blvd., Ste 1000
> Beverly Hills, CA 90212
>
> Kravitz & Verna LLC
> 160 West End Avenue
> New York, NY  10023

and any professional, clerical, secretarial and other support personnel of such counsel necessary to assist in this litigation.

    c.    Independent experts or consultants (who are not regular employees or agents of the party employing the expert or consultant) engaged by a party or party's attorneys to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing Exhibit A, and any individuals employed or hired by such experts or consultants to the extent necessary to prepare for this litigation, provided that all such

individuals also agree to abide by the terms of this Protective Order by first signing a copy of Exhibit A,

    d.    Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order.

    e.    Any court reporter, videographer, or other person authorized officially to record a deposition in this matter,

    f.    Any outside copying service providing assistance in obtaining copies of documents for discovery or for the preparation of the litigation of this matter, or any other outside vendor providing litigation support services, and

    g.    This Court and its staff members.

3.    Documents and other discovery material containing or constituting Confidential Information shall be designated as such by marking each page of each document or other discovery material with the following legend (or some other comparable notice): CONFIDENTIAL INFORMATION—SUBJECT TO PROTECTIVE ORDER.

A physical specimen or thing containing Confidential Information shall be designated as such my marking such specimen or thing with a legend including the phrase "CONFIDENTIAL" as appropriate.

4.    **Highly Confidential Information – Attorney's Eyes Only** – The term "Highly Confidential Information" includes any document or thing that a party in good faith believes to contain highly confidential information that is not publicly available (such as a trade secret, or

highly confidential research and development, commercial, or other sensitive information), the disclosure of which is likely to have the effect of causing harm to the competitive position of the person, partnership, corporation, or other organization from which the information is obtained.

5 **Non-Disclosure of Highly Confidential Information** – All Highly Confidential Information produced or exchanged in this litigation shall be used solely for the purpose of prosecuting or defending this action and shall only be disclosed to (or the contents discussed with) only the person indicated in paragraph 2(b), 2(c), 2(e), 2(f), and 2(g) above.

6. Documents and other discovery material containing or constituting Highly Confidential Information shall be designated as such by marking each page of each document or other discovery material with the following legend (or some other comparable notice): HIGHLY CONFIDENTIAL INFORMATION—ATTORNEY'S EYES ONLY.

A physical specimen or thing containing Highly Confidential Information shall be designated as such my marking such specimen or thing with a legend including the phrase "HIGHLY CONFIDENTIAL" as appropriate.

7. **Disclosure to Experts and Consultants** – Before any documents, testimony, or other information containing Confidential Information or Highly Confidential Information are disclosed to an independent expert or consultant, the receiving party shall give the producing party three (3) business days written notice of the proposed expert or consultant, including a copy of the expert's curriculum vitae and a publication list.  If the producing party objects to the expert, no designated material or information of the producing party shall be disclosed to the expert or consultant until the issue is resolved by the parties or the Court.

8.      **Deposition Testimony** – Any portions of requested testimony, a transcript and/or a brief may be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" if the party or attorney making the designation reasonably and in good faith believes it contains Confidential Information or Highly Confidential Information.

9.      **Motion Practice** – All Confidential Information or Highly Confidential Information submitted to the Court as part of a motion or other paper shall be filed pursuant to the Local Rules.  A redacted copy of the motion or paper may be filed with the Court Clerk through the Court's electronic filing system and an unredacted copy of the motion or paper may be filed under seal.

An unsealed or unredacted copy of the confidential document, testimony, or information may be used for the judge's courtesy copy of the motion, but each page containing Confidential Information or Highly Confidential Information shall be marked in such a way that it clearly notifies the Court that the page contains Confidential Information or Highly Confidential Information that was filed pursuant to the Local Rules.

10.     **Discovery from Third Parties** – This Protective Order shall apply to discovery sought from persons or companies who are not parties to this lawsuit.  Third parties may designate information produced as Confidential Information or Highly Confidential Information.

11.     **Challenging "Confidential" or "Highly Confidential" Designation** – Any party that wishes to challenge the designation of any document, thing, or testimony as Confidential Information or Highly Confidential Information under Federal Rule of Civil Procedure 26(c) may do so at any time by way of motion to this Court.  The designating party

shall have the burden of justifying its designation.  Before filing any such motion; however, the parties shall first attempt to resolve their disagreement without Court intervention.

12. **Trial Testimony** – This Protective Order shall not govern proceedings at trial.

13. **Termination of Lawsuit** – Within sixty (60) days of the final disposition of this action, all documents and things designated as Confidential Information or Highly Confidential Information, shall either be returned to the party that produced them, or destroyed with the destroying party submitting written notice of destruction to the producing party.   This provision shall not apply to documents and things the Court determines are not confidential.

14. **Inadvertent Production or Designation of Material** – Any inadvertent production of privileged or work product protected material shall not result in the waiver of any associated privilege (attorney-client privilege, work product doctrine, etc.).  The disclosure of any protected material shall cease to be "inadvertent" if one party notifies the other in writing (email acceptable) of the disclosure and the producing party does not request the return of the protected matter within 10 days.  Furthermore, any analyses, memoranda, notes, or portions thereof that were internally generated based upon such inadvertently produced information or material shall immediately be treated in conformance with the protected nature of the information or material.

Any inadvertent designation of produced material (for example: (a) documents produced without designation that should be designated confidential or highly confidential, (b) documents designated as confidential that should be designated highly confidential or without designation, or (c) documents designated as highly confidential that should be designated confidential or produced without designation) is correctable by the producing party when upon discovery of an

improper designation, one party must notify the other party in writing (email acceptable) and the producing party will within 10 days of notification (a) provide new copies with the appropriate designation and (b) request return of the improperly designated materials.  If the producing party does not provide properly designated replacement copies and/or request return of the improperly designated materials within 10 days of notification of the improper designation, then the initial designation shall remain in effect for the material at issue.  Furthermore, any analyses, memoranda, notes, or portions thereof that were internally generated based upon such incorrectly designated information or material shall immediately be treated in accordance with any re-designation made pursuant to this paragraph.

15.     In the event any person or receiving party having possession, custody or control of any Confidential Information produced in this action, receives a subpoena or other process or order to produce such information, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to the Party that produced the Confidential Information sought and shall afford that Party reasonable opportunity to pursue formal objections to such disclosures. The Party to whom the subpoena or other request is directed shall not produce the Confidential Material prior to the date of production specified in the subpoena or other process.

16.     The obligations of this Protective Order shall survive termination of this action. The Court shall retain jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments and modifications to the Protective Order as the Court may from time to time deem appropriate.  To the extent that Confidential Information is or becomes

known to the public through no fault of the disclosing party, such Confidential Information shall

no longer be subject to the terms of this Protective Order.


**SO ORDERED**


Dated: _____          _____

                                        Honorable Richard M. Berman
                                        United States District Court Judge



Dated: 6/21/11                          Dated: 6/21/11

_s/Michael R. Ertel_____      __s/Matthew C. Wagner_____
Michael R. Ertel (ME 7146)               Matthew C. Wagner
mertel@lysaghtlaw.com                    mwagner@dmoc.com
LYSAGHT, LYSAGHT & ERTEL LLP             DISERIO MARTIN O'CONNOR &
230 Park Avenue, Tenth Floor             CASTIGLIONI, LLP
New York, NY 10169                       50 Main Street, Suite 1000
Tel. 212-300-5665                        White Plains, NY 10606
Fax. 212-300-6938                        (914) 684-0090 Tel
                                         (914) 684-0590 Fax

*Attorneys for Defendant*                *Attorneys for Plaintiff*

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ARCHIE COMIC PUBLICATIONS, INC. | ) ) ) | Case No. 10-cv-08858 (RMB) |
| Plaintiff, | ) | ECF Case |
| v. | ) ) | |
| KENNETH W. PENDERS, II, p/k/a KEN PENDERS | ) ) | **STIPULATED PROTECTIVE ORDER** |
| Defendant. | ) ) ) | |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare as follows:

1.   I have read the Protective Order in the above captioned case.

2.   I promise that I will only use the documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" that are given to me for purposes of this lawsuit.

3.   I promise that I will not disclose or discuss information that I learn from documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" with anyone other than the persons described in the Protective Order.

4.      I acknowledge that, by signing this agreement, I agree to be bound by the terms of the
        Protective Order and that I am subjecting myself to the jurisdiction of the United
        States District Court for the Southern District of New York with respect to
        enforcement of this Protective Order.

5.      I understand that any disclosure or use of documents or things designated as
        "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY
        CONFIDENTIAL – ATTORNEY'S EYES ONLY," or information learned from the
        documents or things, in any manner contrary to the provisions of the Protective Order
        may subject me to sanctions for contempt of court.


Date: _____          _____
                                            [Signature]