# DISERIO MARTIN O'CONNOR & CASTIGLIONI LLP
### ATTORNEYS AT LAW

ONE ATLANTIC STREET
STAMFORD, CT 06901



35 MASON STREET
GREENWICH, CT 06830
TELEPHONE: (203) 622-4100

TELEPHONE: (203) 358-0800
FACSIMILE: (203) 348-2321

WWW.DMOC.COM

50 MAIN STREET
10th FLOOR
WHITE PLAINS, NY 10606
TELEPHONE: (914) 684-0090

SERVICE BY FACSIMILE NOT ACCEPTED

**MATTHEW C. WAGNER**
Admitted in CT, NY, MA and DC
CT Direct Dial: 203-569-1195
mwagner@dmoc.com

Reply to: Stamford Office

**MEMO ENDORSED pg. 5**



**VIA FEDERAL EXPRESS**
Hon. Judge Richard M. Berman
United States District Court
Southern District of New York
40 Centre Street, Courtroom 706
New York, NY 10007

27 June 2011

Re: *Archie Comic Publications, Inc. v. Kenneth W. Penders, II*
Civil Action No. 10-cv-08858-RMB (SDNY)
Our File: 27262.1

Dear Judge Berman:

This firm represents the Plaintiff Archie Comic Publications, Inc. ("ACP") in the above matter. Per Your Honor's Individual Practices Section 2(A), I write to request a pre-motion conference in advance of filing a Rule 12 Motion to Dismiss and Strike in response to Defendant Penders' Amended Answer, Affirmative Defenses and Counterclaims, filed June 7, 2011 (D.E. 27) ("Amended Answer").

Penders' four (4) Amended Counterclaims, for declaratory judgment, and direct, vicarious, and contributory copyright infringement, lack factual allegations sufficient to meet the minimum pleading threshold under Rule 8(a), and therefore fail to state a claim upon which relief may be granted and should be dismissed under Rule 12(b)(6). Assuming *arguendo* that any of the infringement claims survive Rule 12 dismissal, they are barred, in part, by the three year statute of limitations (17 U.S.C. § 507(b)); and the requested relief of actual and statutory damages (17 U.S.C. § 504), and attorneys' fees and costs (17 U.S.C. § 505) is barred under 17 U.S.C. § 412. Penders' sixteen (16) enumerated affirmative defenses and "reserve[ation of] all defenses under Rule 8(c) ... and any other defenses ...." (D.E. 27, at Affirmative Defenses ¶ 17) should be stricken because each is merely conclusory, without any factual support whatsoever, and fail to meet the minimum pleading standards of Rule 8(a). ACP reserves its right to present additional issues in its Motion.

**Penders' Third and Fourth Amended Counterclaims for Vicarious and Contributory Copyright Infringement Fail to Identify Third Party Direct Liability and Therefore Fail to State a Claim**

Penders' Third and Fourth Counterclaims for vicarious and contributory copyright infringement both fail to allege the key element of third party direct liability, which is necessary for finding ACP secondarily liable. "[O]ne may be vicariously liable if he has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities." *Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971). Contributory copyright infringement includes the elements of vicarious copyright infringement plus the additional element of actual knowledge of direct infringement. *Id.* In both instances, third party direct liability must be alleged in order to state a plausible claim to relief. Because "every case of contributory or vicarious liability necessarily involves the defendant being held to answer for the direct conduct of another," *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 416 (D.N.J. 2005), in order to prove the liability of a third party, a plaintiff must identify that third party.

Penders makes no allegation of third party direct liability in his third and fourth counterclaims. Penders only incorporates the allegations of Counterclaims 1 and 2 which accuse ACP of direct copyright infringement. That ACP may be held secondarily liable for its own alleged direct liability is an argument that collapses into itself. "To be found liable for contributory infringement, there must be a primary infringer." *Pavlica v. Behr*, 397 F. Supp. 2d 519, 528 (S.D.N.Y. 2005). Obviously, ACP cannot simultaneously be liable for both direct infringement and secondarily liable for the same direct infringement. Penders' Third and Fourth Amended Counterclaims should be dismissed.

**Penders' Second Counterclaim for Direct Copyright Infringement Fails to State a Claim**

A copyright infringement plaintiff must allege facts sufficient to support two elements: (1) ownership of the copyright, and (2) unauthorized copying by the defendant. *Folio Impressions, Inc. v. Byer Cal.*, 937 F.2d 759, 762 (2d Cir. 1991). Penders fails to allege the required elements. The list of copyright registrations in Exhibit 1 is not prima facie proof of authorship, ownership or the validity of the copyrights, and this Court should give no weight to these purported registrations, because Penders failed to file any of the registrations within five years of first publication of the works as required under Sec. 410(c) of the Copyright Act – and he admits as much in his answer (¶47). Penders' makes only a bare assertion as to his ownership of the works in paragraph 65 of the Second Amended Counterclaim: "Penders is the creator, author and owner of the copyright in and to those certain copyrighted characters and stories" ... "listed on Exhibit 1," which is the list of registrations. A "naked assertion devoid of further factual enhancement" cannot survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct.

2

1937, 1949 (2008) (internal citation omitted). For this, and the reasons that follow in the next section, Penders' second amended counterclaim fails to allege facts sufficient to establish the necessary elements for a claim of copyright infringement and should therefore be dismissed under Rule 12(b)(6).

### Penders' Counterclaims All Fail to Satisfy the *Iqbal* Plausibility Standards of Rule 8(a)

The *Iqbal* plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949-50. Penders' lack of factual allegations lead to nothing more than the "sheer possibility" that ACP acted unlawfully; none of the claims meet the two-step *Iqbal* plausibility standard. *Id.*

Penders claims to be "the holder of the pertinent exclusive rights" in the works listed in the copyright registrations (¶67), and that this includes "stories, art, and characters" infringed by ACP – but he still fails to identify what those "pertinent rights" are, or how ACP's conduct infringes these alleged rights, with anything more than mere boilerplate. That is, Penders does not claim that first publication of the material by ACP more than a decade ago infringed his rights, but he never articulates this. Clearly, ACP has rights to the work supplied to ACP. He does not claim rights in the SONIC character (because he cannot) – but SONIC appears repeatedly in the titles of the works in the purported registrations. Even if Penders had articulated what reserved rights he claims in the works (which he does not), "[t]he copyright protection ... extends only to its particular expression of ideas, not to the ideas themselves," *Walker v. Time Life Films, Inc.*, 784 F. 2d 44, 48 (2d Cir. 1986), and Penders never alleges what about his alleged works has been copied by ACP, or what about the "derivative works" relies on his material. Where a claim does not permit the court to infer anything more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 1949 (internal quote omitted). Without specifics, Penders' Amended Counterclaims fail to contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted); also see D.E. 26.

Furthermore, in determining whether Penders' claims are plausible on their face the Court may consider the well-pled allegations contained in the pleadings as well as all documents attached and integral to those allegations. *Iqbal*, 129 S. Ct. at 1950; *see also Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995). ACP has provided the Court with evidence of two work-for-hire agreements ("ACP-Penders Agreements") and these are integral to Penders' First Amended Counterclaim. See D.E. 1, Exhibits A and B. *Int'l Audiotext Network, Inc.*, 62 F.3d at 72.

These documents establish the "more likely" lawful explanation, as noted by *Iqbal* and followed by its Second Circuit progeny in *Hayden v. Patterson,* that Penders' has no claim to any rights in the works he supplied to ACP (or the copyright registrations). *Iqbal* at 1950-51; *Hayden v. Patterson*, 594

3

F.3d 150 (2d Cir. 2010). Penders' counterclaims are simply not plausible in light of the well-pled allegations and the ACP-Penders' Agreements, and should therefore be dismissed.

### Penders' Claims are Barred in Part by the Statute of Limitations

Assuming *arguendo* that any of the claims for infringement survive dismissal, the counterclaims are barred in part by the three (3) year statute of limitations (17 U.S.C. § 507(b)). Many of the materials were first published more than a decade ago, and others are alleged to have been "reprinted" more than three years prior to the filing date of the counterclaims. (D.E. 27 at Exhibit 4). Penders is barred from recovery of any damages for any activity beyond three years from the filing of the counterclaims.

### Penders' Demand for Statutory Damages and Attorneys' Fees is Barred under Section 412(2)

Assuming *arguendo* that any of the Amended Counterclaims survive dismissal, Penders' demand for statutory damages and attorneys' fees are barred under Section 412(2) of the Copyright Act. Under Section 412(2), statutory damages and attorneys' fees are precluded from recovery where an action for infringement is commenced after first publication of the work and before the effective date of registration unless the registration is made within three (3) months after the first publication of the work. 17 U.S.C.A. § 412(2). Penders admits as much in his answer (¶48). None of the registrations were made within 3 months of first publication, and therefore Penders is barred from recovery of statutory damages or attorneys fees.

### Penders' Affirmative Defenses Fail to Meet the Minimum Pleading Standards

Affirmative defenses are subject to the pleading standards of Rule 8(a) and must meet the *Iqbal* standards. *Burck v. Mars, Inc.*, 571 F. Supp. 2d 446, 456 (S.D.N.Y. 2008), *citing Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620, 622-3 (S.D.N.Y. 2008). Penders' simply advances bare legal propositions and conclusory affirmative defenses without any factual support whatsoever, and his "reservation" of defenses is improper. All should be stricken as insufficient and each fails to state a claim under *Iqbal*.

For all these reasons, ACP requests a pre-motion conference for leave to file a motion to dismiss in response to Penders' Amended Answer. Thank you for your consideration.

Very truly yours,

Matthew C. Wagner

MCW:jrl
Michael R. Ertel (Via FedEx)
Archie Comic Publications, Inc.

Defendant to respond by 7/13/11. A pre-motion conference is scheduled for 7/20/11 at 10:30 a.m.

SO ORDERED:
Date: 6/28/11

Richard M. Berman, U.S.D.J.

(5)