LOVITZ IP LAW
intellectual property

July 13, 2011

Hon. Judge Richard M. Berman
United States District Court
Southern District of New York
40 Centre Street, Courtroom 706
New York, NY 10007

Re: *Archie Comic Publications, Inc. v. Kenneth W. Penders, II*
Civil Action No. 10-cv-08858-RMB (S.D.N.Y.)
Our File No. P1001-9001

Dear Judge Berman:

This firm represents the Defendant, Kenneth W. Penders, II, in the above-captioned matter. This letter responds to Archie Comic Publications, Inc.'s ("ACP's") June 27, 2011 request of for a pre-motion conference in advance of ACP's filing for a Motion to Dismiss pursuant to Rule 12(b)(6). Specifically, we address ACP's contention that each of Mr. Penders' Amended Counterclaims against ACP, namely for declaratory judgment, for copyright infringement, vicarious copyright infringement and contributory copyright infringement, lacks facts sufficient to meet the minimum pleading threshold of Rule 8(a). ACP is simply not correct in its position, misstating the law and misrepresenting the facts.

First, Penders submits that ACP improperly interprets *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) in claiming the Amended Counterclaims do not satisfy the pleading requirements of F.R.C.P. Rule 8(a). As stated by the court in *Iqbal*, "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). The *Iqbal* court noted that the Second Circuit had interpreted *Twombly* as requiring a pleader "to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Id.* at 1944. Penders submits that the factual allegations contained within the Amended Counterclaims are more than sufficient to meet the Rule 8(a) pleading requirements, even should this Court find that amplification is needed in the present context.

Contrary to ACP's claims, the Amended Counterclaims contain factual allegations concerning: (i) Penders' creation, authorship and ownership of the works in issue (¶65); (ii) confirmation of Penders' continued ownership of exclusive rights in such works (¶67); (iii) the full list of specific works in which

LOVITZ IP LAW



Penders asserts ownership of copyright ((¶65 and Exhibit 1); (iv) the unauthorized activities of ACP with respect to such works, including ACP's unauthorized reproduction of the works, and the creation of unauthorized derivative works by ACP, including detailed lists of the specific acts of infringement by ACP (¶¶68-70 and Exhibits 2-4).

Thus, despite ACP's protestations to the contrary, the Amended Counterclaims provide ample factual allegations and articulate specific acts of misconduct, sufficient to state a plausible claim for relief. The Amended Counterclaim therefore meets (and exceeds) the Rule 8(a) requirements.

As to the second Counterclaim, for copyright infringement, ACP correctly cites to *Folio Impressions, Inc. v. Byer Cal.*, 937 F.2d 759, 762 (2nd Cir. 1991) and states that two elements must be alleged: (a) ownership of the copyright and (b) unauthorized copying by the defendant. Despite ACP's desire for the Counterclaims to include "proof", the necessary elements have been alleged by Penders. Specifically, the second Counterclaim clearly alleges (a) Penders' creation, authorship and ownership of the copyrights in the claimed works (¶65), including details of the creation history (¶¶23-40, 46-50), and (b) unauthorized copying (and other unauthorized infringing activities) by ACP, including ACP's unauthorized reproduction of Penders' works, the unauthorized use by ACP of Penders' copyrighted characters in new stories, and the unauthorized creation of digital versions of Penders' works for electronic distribution, such as via iTunes (¶¶68-70 and Exhibits 2-4). Accordingly, dismissal of the second Amended Counterclaim is not warranted.

Further, Archie's contention that "Penders makes no allegations of third party direct liability in his third and fourth counterclaims" is plainly false. Paragraph 77 of Penders' third counterclaim (vicarious infringement), and ¶83 of his fourth counterclaim (contributory infringement) both incorporate ¶¶69-71 of the second counterclaim by reference. These incorporated paragraphs reference specific acts of third parties, e.g. (presumably) Apple, Inc. and Sony Computer Entertainment Europe, in the distribution via "iTunes for iPhone, iPod, and iPad devices, as Sony PlayStation Digital Comics, etc."

Exhibit 4 to the Answer specifies the "digital media infringing" Penders' works that has been made available through iTunes (run by the third party Apple, Inc.), pp. 8-12. Exhibit 4, pp. 13-30, lists additional works available in digital formats.

Penders here faces a puzzle: identifying who is the primary infringer, and who is liable under a secondary liability theory. The answers are most certainly found in the pages of agreements to which Penders presently has no access to or knowledge of. At this stage of the litigation, Penders cannot yet

LOVITZ IP LAW



know what entities perform what steps, who controls or has the right to control what stages of the process, who benefits financially or in what amounts, who has what knowledge of which activities, etc.

However, Penders has adequately alleged specific facts – that electronic versions of his works are being produced and sold (¶¶ 70, 77), that financial transactions are occurring, e.g., as sales via "iTunes for iPhone, iPod, and iPad" and as "Sony PlayStation Digital Comics," that it's thus possible that ACP reaps some direct financial benefit as a result (¶ 78), and that it's at least possible that ACP, if not the direct actor, has agreements in place that provide the right and ability to supervise the activity (¶ 79). Specifically what contractual right(s) and financial interest exist, and in whose direction they flow, are matters that can only be guessed at by Penders this stage in the proceedings.

Likewise Penders' contributory infringement claims, based on the same digital sales, are supported by reference to facts, made a part of the record by Archie, that satisfy the actual knowledge requirement (¶ 84), making it at the very least possible that Archie had actual knowledge that the digital sales were infringing on Penders' work. They are also supported by describing specific acts that Penders' reasonably believes Archie engaged in that would constitute the required inducement, causation, or material contribution to the infringement, without being direct infringement itself (¶ 85). These showings satisfy the F.R.C.P. 8(a) requirement of "a short and plain statement of the claim," providing the required notice pleading (which "still survives the *Iqbal–Twombly* analysis," *Ohuche v. Merck & Co., Inc.*, 11 CIV. 2385 SAS, 2011 WL 2682133 (S.D.N.Y. July 7, 2011)).

Finally, regarding ACP's premature objection to Penders' demand for statutory damages and attorneys' fees, many of the infringements by ACP have occurred (and continue to occur) after the effective date of registration by Mr. Penders of his copyrighted works. Thus, both statutory damages and attorneys' fees are available with respect to those infringements by ACP that post-date the effective dates of the Penders copyright registrations.

Based on the above, Mr. Penders respectfully requests the Court deny ACP leave to file a motion to dismiss.

Respectfully submitted,
LOVITZ IP LAW PC

R. CHRISTOPHER HARSHMAN

RCH/mll