UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
  Archie Comic Publications, Inc.,                                :
                                                                  :   10 Civ. 8858 (RMB)
       Plaintiff,                                                 :
                                                                  :
       v.                                                         :
                                                                  :
  Kenneth W. Penders, II,                                         :
  P/K/A/ Ken Penders,                                             :
                                                                  :
       Defendant.                                                 :
                                                                  :
------------------------------------------------------------------X

# DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S RULE 12 MOTION TO DISMISS PENDERS' COUNTERCLAIMS, AFFIRMATIVE DEFENSES AND CERTAIN DEMANDS FOR RELIEF, WITH PREJUDICE

R. Christopher Harshman
Michael L. Lovitz
Lovitz IP Law PC
9701 Wilshire Blvd. Ste 1000
Beverly Hills, CA 90212
(310) 860-6136
Counsel for Defendant

August 12, 2011

Defendant Kenneth W. Penders, II ("Penders") respectfully submits this memorandum of law in opposition to the Motion to Dismiss Penders' Counterclaims, Affirmative Defenses and Certain Demands for Relief, With Prejudice, brought by Archie Comic Publications, Inc. ("Archie").

## PRELIMINARY STATEMENT

Archie's motion should be denied. Each of the counterclaims plead in Penders' Amended Answer, Affirmative Defenses, and Counterclaims (D.E. 27, the "Answer") "assert 'enough facts to state a claim to relief that is plausible on its face.' " *Lee v. Sony BMG Music Entm't Inc.,* 557 F.Supp.2d 418, 424 (S.D.N.Y.2008) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1973-74, 167 L.Ed.2d 929 (2007)), and thus satisfy both Rule 8(a) and Rule 12(b)(6). Further, Archie's arguments regarding equitable estoppel, the statute of limitations, and Penders' requested relief are not matters proper for a Motion to Dismiss, but should either be brought in a Motion for Summary Judgment, if the undisputed facts in this action so permit, or disposed of in a trial on their merits.

Archie focuses its motion on several perceived deficiencies, but none has merit upon scrutiny.

## ARGUMENT

I. **ARCHIE HAS NOT PLED, INCORPORATED, OR PROVIDED THE ALLEGED 1995 AGREEMENT**

Archie bases most of its argument in the instant motion on a reference Penders made to a "work-for-hire form that Scott Fulop originally sent to [Penders] … back in late '95." (D.E. 40-2, p7 &c.) Archie treats this mystical document as a sort of smoking gun, and proceeds as if this unsupported mention of an unseen document somehow vitiates Penders' Answer while making Archie's own claims seemingly ironclad.

Inexplicably, however, Archie has not provided, incorporated by reference, or even quoted the language of this "Work-for-hire agreement" that Penders referenced and may have signed. Indeed, prior to the instant motion, Archie has alleged only the existence of, incorporated into its

1

pleadings, or provided the purported language of, a "Revised Newsstand Comic Independent Contractor's Agreement" and an "ACP Licensed Comic Books Independent Contractor's Agreement," neither of which they have alleged were "signed under Scott [Fulop]," much less "the Work-for-hire agreement" Penders may have signed while "under" Scott Fulop.

  Indeed, as Justin Gabrie replaced Scott Fulop in 1996 (Penders' Answer, D.E. 27, p28, ¶60), the agreement Penders asked about in his emails was (if it, in fact, exists) "signed back in 1995" (Archie's memorandum in support of the instant motion, D.E. 40, p. 4), as the agreements consistently provided and quoted by Archie both bear purported execution dates in December 1996 (Exhibits A and B to Archie's Complaint; also filed as D.E. 40-3, p. 6; D.E. 40-4, p.3), and as Archie themselves state the "written agreements [were] executed in 1996" (D.E. 40, p2), it is readily apparent from the face of the pleadings that this 1995 agreement, executed while Scott Fulop was the editor of the Sonic comic books at Archie (Answer, D.E. 27, p. 23 ¶34; p. 27 ¶60), does not reference the 1996 agreements Archie has provided and relies upon. Archie themselves are inconsistent, claiming the agreements that on their face have 1996 execution dates and were, per its own argument, "executed in 1996," were somehow "signed [by Penders] … in late 1995 while Scott Fulop (then editor at ACP for Sonic products) was overseeing his work." (Archie's instant motion, D.E. 40, p.3).

  When ruling on a dismissal motion, a "court may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation and citation omitted). As Archie has not provided this 1995 Agreement, nor credibly established how an agreement that may have been signed in 1995 somehow became multiple agreements executed in 1996, the Court should not consider that 1995 agreement as not being set forth within the four corners of the pleading papers in

this action (or, indeed, at all), and should disregard Archie's misplaced reliance on Penders' email discussions and the purported "ACP-Penders [1996 "Gabrie"] Agreements," which Penders has <u>not</u> admitted he signed.

## II. THE COUNTERCLAIMS SATISFY RULE 8(A) BECAUSE EACH EXCEEDS THE "SHORT AND PLAIN STATEMENT" REQUIREMENT

"On a motion to dismiss a claim for relief pursuant to Rule 12(b)(6), a court accepts the truth of the facts alleged in the [claim] and draws all reasonable inferences in the [claimant's] favor." *Qasem v. Toro*, 737 F.Supp.2d 147, 150 (S.D.N.Y. 2010) (citing *Global Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 154 (2d Cir. 2006)).

"As a general matter, '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible on its face*.' ' [*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)] (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955 (2007))." *S. Cherry St., LLC v. Hennessee Group LLC*, 573 F.3d 98, 110 (2d Cir. 2009).

### A. Penders' Second Counterclaim for Copyright Infringement

To state a claim for copyright infringement, a claimant must plead "(i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." *Inst. for Dev. of Earth Awareness v. People for Ethical Treatment of Animals*, 768 F. Supp. 2d 672, 678 (S.D.N.Y. 2011) (citing *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir.2003)).

Penders' Answer clearly sufficiently pleads ownership of valid copyrights, including the facts of his creation of the works. D.E. 27, pp.22-29, ¶¶23-40, 46-50, and 65-67, with that ownership amply supported by sufficient facts that is plausible on its face. Penders requests the Court exercise its discretion and afford the certificate of copyright registrations provided by Penders (Exhibit 1 to his Answer, D.E. 27-1) the evidentiary weight appropriate to registrations issued after considerable review and inquiry by the Copyright Office, pursuant to 17 U.S.C. § 410(c).

Penders' Answer additionally clearly pleads facts sufficient to show unauthorized copying; D.E. 27, pp.29-30, ¶¶69-71, and the many pages of Exhibit 4, D.E. 27-4, pp. 1-30, incorporated by reference into Penders' Answer.

Further, Penders did specifically identify the characters, etc., infringed in his Exhibit 4, contrary to Archie's assertion in the instant motion (D.E. 40, p. 11) that he did not. For example, D.E. 27-4, p. 13, Penders identifies the characters "Enerjak, Julie-Su, Locke, Archimedes, Sleuth Dawggy-Dawg, Drago, Evil Sonic, Reverse Freedom Fighters, Lien-Da, the Dark Legion, Kragok, Dimitri, Edmund, Menniker, Steppenwolf, Moonwatcher, Rembrandt, Harlan, Matthias, Hawking, Tobor, Spectre, Thunderhawk, Constable Remington, Janelle-Li, Sabre, Aaron, Jordan, Sojourner, Moritori Rex, [and] Luger," along with other protected elements, that were specifically infringed by Archie.

Additionally, Penders disputes the authenticity and, even if authentic, the validity and thus enforceability, of the ACP-Penders Agreements Archie alleges. (D.E. 40, p13; D.E. 27, pp. 2-7, ¶¶4, 20-32.) As this Court must construe the pleadings in the light most favorable to Penders as the non-moving party for the purposes of a motion to dismiss (*Desiano v. Warner–Lambert Co.*, 326 F.3d 339, 347 (2d Cir.2003)), Archie's repeated insistence on relying on these disputed agreements is misplaced. Archie is asking the Court to make findings of fact in a motion to dismiss, which the Court should not countenance.

Penders has supplied facts that, accepted as true for the purpose of this motion, greatly eclipse the showing required even under the heightened pleading requirement post-*Iqbal*. Accordingly, Archie's motion to dismiss Penders' first counterclaim for copyright infringement must be denied.

B.  **Penders' Third Counterclaim for Vicarious Copyright Infringement and Fourth Counterclaim for Contributory Copyright Infringement**

In order to establish his claim for vicarious copyright infringement, Penders had to make a *prima facie* showing infringing activities, and that Archie had the "right and ability to supervise the infringing activities, as well as a direct financial interest in those activities." *Roy Exp. Co. Establishment v. Trustees of Columbia Univ.*, 344 F. Supp. 1350, 1352 (S.D.N.Y. 1972) (citing *Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159 (2d Cir. 1971); *Shapiro, Bernstein & Co. v. H. L. Green Co.*, 316 F.2d 304 (2d Cir. 1963)).

"In order to establish a claim for contributory copyright infringement, a plaintiff must allege that the defendant, 'with knowledge of the infringing activity, induce[d], cause[d], or materially contribute[d] to the infringing conduct of another.'" *Michael Aram, Inc. v. Laurey, a Div. of Strategic Brands*, 05 CIV. 8380 (CSH), 2006 WL 510527 (S.D.N.Y. Mar. 1, 2006) (citing *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir.1971)).

Penders has met these pleading requirements. Paragraph 77 establishes the infringing activities by incorporating by reference paragraphs 69-71, discussing third parties making available "electronic media versions of the Penders Copyrighted Works for distribution via electronic channels, e.g., via iTunes for iPhone, iPod, and iPad devices, as Sony PlayStation Digital Comics, etc." and incorporate, in turn, Exhibit 4, which sets forth the specific infringing conduct in great detail. (Contrary to Archie's assertion that Penders "fails to allege the existence of [a third] party, let alone identify who that third party is" (D.E. 40, p.16), Penders has, to the extent possible at such an early stage in this litigation, identified Apple, Inc.'s "iTunes" and "Sony" third party infringement; the specific identities of those directly committing those infringements Penders expects to establish during discovery in this action.)

With regards to vicarious copyright infringement, paragraphs 78 and 79 establish, to the best of Penders' ability given the early state of the litigation, and the extremely limited discovery that had

5

occurred, when his amended answer and associated counterclaims were filed, direct financial benefit ("revenue sharing and/or royalty payments for each electronic version sold") and the right and ability to supervise ("contractual rights, license agreement(s), and/or approval rights").

Likewise, with respect to contributory copyright infringement, paragraph 83 establishes the infringing activities by incorporating by reference paragraphs 69-71. Paragraph 85 sets forth facts, with the same caveat as to the early stage of this litigation, sufficient to establish inducement, causation, and/or material contribution in the form of, e.g., "commissioning and/or licensing the electronic versions of the Copyrighted Works, and providing galley proofs or similar high-quality source material for rendition into electronic format," while paragraph 84 satisfies the pleading requirement for Archie's knowledge ("as evidenced by the written communication between Penders and ACP that ACP cites in its Complaint").

Those facts, accepted as true as the Court must in a motion to dismiss, establish the requisite elements for Penders' vicarious and contributory infringement of copyright claim, which must not be dismissed.

### III.   THE AFFIRMATIVE DEFENSES ARE SUFFICIENTLY STATED AND SATISFY RULE 8

Plaintiff cites to *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620 (S.D.N.Y. 2008) in support of its proposition that affirmative defenses must be pled with the same level of particularity the Supreme Court has recently held Rule 8(a) requires (i.e., a "a short and plain statement" of the defense). The court in *Aspex Eyewear* stated, with scant discussion, that this standard applies to "a motion to strike an affirmative defense pursuant to Rule 12(f)." *Id.*, at 622.

More recently, however, the United States District Court for the Southern District of New York has held, citing substantially more authority and specifically disavowing *Aspex Eyewear*, that instead Rule 8(c)(1) continues to provide the applicable standard ("a party must affirmatively state any … affirmative defense"):

"Rule 12(f), Fed.R.Civ.P., provides that, '[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.' 'Motions to strike are viewed with disfavor and [are] infrequently granted.' *RSM Prod. Corp. v. Fridman*, 643 F.Supp.2d 382, 394 (S.D.N.Y.2009). The Second Circuit has instructed that, as a general proposition, 'courts should not tamper with the pleadings unless there is a strong reason for so doing.' *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir.1976). 'A motion to strike an affirmative defense under Rule 12(f), Fed.R.Civ.P. for legal insufficiency is not favored and will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir.1984), vacated on other grounds by 478 U.S. 1015, 106 S.Ct. 3324, 92 L.Ed.2d 731 (1986) (quoting *Durham Industries, Inc. v. North River Insurance Co.*, 482 F.Supp. 910, 913 (S.D.N.Y.1979)). '[A] motion [to strike] should be granted if substantial questions of law or fact do not exist and if the insufficiency of the defense is clearly apparent on the face of the pleading.' *Nat'l Acceptance Co. of Am. v. Regal Prods., Inc.*, 155 F.R.D. 631, 634 (E.D.Wis.1994)." *Wireless Ink Corp. v. Facebook, Inc.*, 10 CIV.1841 (PKC), 2011 WL 2089917 (S.D.N.Y. May 26, 2011).

Here, Penders' pleadings taken as a whole do not support the proposition that, on their face, the affirmative defenses are insufficient. Each affirmative defense, if proven, is a legally sufficient defense to one or more of Archie's claims. As such, the Court should deny Archie's motion to strike Penders' affirmative defense.

IV. **ARCHIE'S EQUITABLE ESTOPPEL ARGUMENT IS UNSUPPORTED**

Archie makes an argument, inappropriate in a motion to dismiss, arguing equitable estoppel. "'A motion to dismiss is often not the appropriate stage to raise affirmative defenses,' which may be 'riddled with questions of fact which [must be established].'" *Ortiz v. City of N.Y.*, No. 10 Civ. 3576, 2010 WL 5116129, at *1 (E.D.N.Y. Dec. 13, 2010) (internal citation and quotations omitted).

7

Indeed, Archie's basis for this argument appears to be Penders' "silence" and "the Work-for-hire agreement [Penders] signed under Scott." (D.E. 40, p. 21). However, "silence" does not, of course, appear anywhere in the pleading documents in this matter, and the unavailability of this purported "Work-for-hire agreement" has already been established, *infra*.

Since we can only speculate as to what right(s), and on what terms, might have been granted or transferred in a document not provided, incorporated by reference, or quoted, such a document cannot form the basis of a motion to strike or dismiss, and Archie's equitable estoppel argument is at best premature.

V. **ARCHIE'S STATUTE OF LIMITATIONS AND REQUESTED RELIEF ARGUMENTS**

At this stage in this litigation, with discovery still ongoing, Penders does not have a full and complete picture of Archie's copyright infringement and lacks a comprehensive knowledge of, e.g., publication dates in all markets for the works set forth in Exhibit 4 to Penders' Answer. However, to the extent that the statute of limitations clearly has expired, or the first act(s) of infringement occurred before Penders' registration, he does not oppose Archie's proposed relief. However, this, too, is premature given the ongoing discovery in this matter, and should not be decided in a motion to dismiss or strike.

## CONCLUSION

The Court must review the allegations and averments found within the four corners of the pleading papers in this action in the light most favorable to the non-moving party, and must accept those allegations and averments as true, for the purpose of a motion to dismiss. Too, Penders is required merely to 'state' his affirmative defenses, which he has done. Against those requirements, Archie's motion to dismiss Penders' counterclaims, and to strike Penders' affirmative defenses, must fail. Penders anticipates establishing the facts he has averred, and challenging those averments of

Archie which he disputes, at the appropriate time and in the appropriate context, and this Court must permit him the opportunity to do so by denying Archie's instant motion.

Dated: August 12, 2011
       Beverly Hills, CA

Respectfully submitted,

Lovitz IP Law PC


By: /s/ R. Christopher Harshman
    R. Christopher Harshman (*pro hac vice*)
    Michael L. Lovitz (*pro hac vice pending*)
9701 Wilshire Blvd. Ste. 1000
Beverly Hills, CA 90212
(310) 860-6316

Counsel for Defendant