UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
_____
                                    )
ARCHIE COMIC PUBLICATIONS, INC.,    )
                                    )
                                    )   Case No.: 10-cv-08858 (RMB)
        Plaintiff,                  )
v.                                  )
                                    )
                                    )   Electronically Filed
KENNETH W. PENDERS, II,             )
p/k/a/ KEN PENDERS,                 )
                                    )
        Defendant.                  )
_____X
```

**PLAINTIFF'S REPLY IN SUPPORT OF RULE 12 MOTION TO DISMISS**

## Table of Contents

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT......................................................................................................................1

    I.      PENDERS CONCEDES THE AUTHENTICITY, SUBSTANCE, AND HIS RELIANCE ON THE DECEMBER 2008 EMAILS.............................................1

    II.     PENDERS' PLEADINGS INCLUDE NO CERTIFICATES OF COPYRIGHT REGISTRATION; REGARDLESS, THEY SHOULD BE AFFORDED NO WEIGHT ................................................................................................................3

    III.    PENDERS HAS NOT IDENTIFIED WHICH CHARACTERS CORRESPOND TO WHICH REGISTRATIONS THUS HE FAILS TO SATISFY RULE 8(a).....4

    IV.    PENDERS FAILS TO IDENTIFY THIRD PARTY INFRINGERS .....................5

    V.     PENDERS REPEATEDLY MISINTERPRETS AND MISCITES CASE LAW...7

        a.      Penders misinterprets *Wireless Ink Corp. v. Facebook*...........................................7

        b.      Penders misinterprets and miscites *Ortiz v. City of N.Y.*........................................8

    VI.    PENDERS CONCEDES HIS CLAIMS ARE BARRED IN PART AND HIS DAMAGES AND FEES ARE BARRED IN PART ..............................................9

    VII.   PENDERS CONCEDES THAT HIS FIRST COUNTERCLAIM FOR DECLARATORY JUDGMENT SHOULD BE STRICKEN ..............................10

CONCLUSION.................................................................................................................10

Plaintiff Archie Comic Publications, Inc. ("ACP") respectfully submits this reply to Defendant Kenneth W. Penders' ("Penders") Opposition (D.E. 40) to Plaintiff's Rule 12 Motion to Dismiss (D.E. 42).

## PRELIMINARY STATEMENT

ACP's motion should be granted. Penders' opposition concedes many points of law and fact raised in ACP's motion. Penders concedes both the authenticity and substance of a series of emails written by Penders in 2008 and 2009; he concedes reliance on the emails in preparing his pleadings and thus the Court's ability to consider them for the purposes of the instant motion; he concedes that his claims are barred, in part, by the statute of limitations and that his requested relief of statutory damages and attorneys' fees are barred as to at least twenty-seven (27) of the thirty-eight (38) registrations allegedly infringed by ACP's reprints; and, he does not challenge and therefore concedes that his First Counterclaim seeking declaratory judgment should be stricken under Rule 12(f).

Penders' arguments, that he has satisfied the pleading requirements of Rule 8(a) in his counterclaims and affirmative defenses, and that ACP's affirmative defense of equitable estoppel is untimely, are both flawed and unpersuasive. The case-law cited by Penders does not stand for the propositions he asserts; many are inaccurate and misleading; the cases actually further support ACP's Rule 12 Motion.

## ARGUMENT

### I. PENDERS CONCEDES THE AUTHENTICITY, SUBSTANCE, AND HIS RELIANCE ON THE DECEMBER 2008 EMAILS

Penders' opposition does not challenge the authenticity or the substance of the December 2008-January 2009 email exchange between Penders and Victor Gorelick ("December 2008 emails"). Penders does not challenge, and therefore concedes, that these emails were relied on by

Penders and are central to his counterclaims. The court should therefore consider the December 2008 emails in resolving ACP's Rule 12 motion. Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002). In these emails, Penders admits to signing a work-for-hire agreement with ACP. *See* D.E. 40, Exh. B.

Instead of challenging the December 2008 emails, Penders merely challenges the two ACP-Penders Agreements executed in 1996—a challenge previously discussed in his amended answer. D.E. 42, at 2-4; *see also* D.E. 27, Amended Answer *passim*; D.E. 40, Exhs. C and D. Penders now implores the court to disregard ACP's "reliance on Penders' email discussions" because he disputes the 1996 ACP-Penders Agreements. D.E. 42, at 2-3. While he may dispute the ACP-Penders Agreements, Penders does not dispute the December 2008 emails themselves. In fact Penders *refers* to the December 2008 emails in his opposition without questioning their authenticity, he refers to them as "Penders' email discussions" (D.E. 42, at 3) and states "the agreement Penders asked about in his emails was (if it, in fact, exists) 'signed back in 1995'" (D.E. 42, at 2). In his opposition, Penders therefore has conceded that his did sign a work-for-hire agreement with ACP.

The Court should take judicial notice that this concession reveals a significant inconsistency in Penders' allegations, in which he states that no work-for-hire agreement with ACP ever existed (D.E. 27, Second Counterclaim). The December 2008 emails confirm that indeed he did sign such an agreement with ACP: "the Work-for-hire agreement I [Penders] signed under Scott [Fulop]" (D.E. 40-2, at 4) . Penders makes no effort to disavow these statements. Penders admission of a work-for-hire agreement with ACP in the December 2008 emails contradicts his previous denial of the existence of any such agreement. It appears that Penders, through his pleadings and subsequent concession as to the authenticity of the December 2008

2

emails, has attempted to perpetuate a fraud upon this Court.  For this reason alone Penders' counterclaims should be dismissed.

## II. PENDERS' PLEADINGS INCLUDE NO CERTIFICATES OF COPYRIGHT REGISTRATION; REGARDLESS, THEY SHOULD BE AFFORDED NO WEIGHT

Penders' Second Counterclaim is not supported by any "certificate of copyright registration provided by Penders" as he claims.  D.E. 42, at 3.  Penders has never provided the Court with any certificate of registration for any of his approximately one-hundred-seventy-one (171) purported copyright registrations.  Penders merely provides a printout of a listing of purported registrations, the veracity of which ACP disputes in its Complaint.  D.E. 27-1; *see also* D.E. 1, at 20 FN1.  Penders' characterization of the list as "certificate[s] of copyright registration" is incorrect and disingenuous.

This notwithstanding, the Court should not afford Penders' purported copyright registrations any evidentiary weight.  As discussed in the instant motion (D.E. 40, at Sec. III), the Copyright Act provides that, in judicial proceedings, a certificate of registration granted by the U.S. Copyright Office after five (5) years from the date of first publication is not considered prima facie evidence of the validity of the copyright and of the facts stated within the registration certificate.  The information contained in the list shows that the date of purported registration is not within 5 years of the date of first publication.  17 U.S.C.A. § 410(c).  Thus, the Court should not afford the purported registrations any evidentiary weight, let alone consider that this list constitutes prima facie evidence of the facts and rights attendant to registration afforded by the Copyright Act.

Throughout this litigation Penders has failed to justify or provide any reason for his delay of more than a decade in filing his purported registrations.  Any weight the Court may consider affording the information provided in the list Penders has attached to his pleading should be considered in light of Penders' repeated failure to provide any explanation for his delay.

3

### III. PENDERS HAS NOT IDENTIFIED WHICH CHARACTERS CORRESPOND TO WHICH REGISTRATIONS THUS HE FAILS TO SATISFY RULE 8(a)

Penders has not sufficiently identified which of his allegedly infringed characters correspond to which of his copyright registrations. Without such identification Penders' counterclaims do not permit the Court to infer anything more than the mere possibility of misconduct because the counterclaims have "alleged – but not shown – that the pleader is entitled to relief" and thus Penders' counterclaims should be dismissed. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To understand just how insufficient Penders' identification of the allegedly infringed characters is, the Court need only look to the example Penders cites in opposition (D.E. 42, at 4):

> 44.  SONIC THE HEDGEHOG #183 – Published February 2008
> Infringes on the following registration(s):
>   VA 1-716-928, VA 1-716-916, VA 1-716-906, VA 1-716-893, VA 1-716-944, VA 1-716-877, VA 1-716-948, VA 1-716-905, VA 1-716-938, VA 1-716-899, VA 1-709-908, VA 1-716-856, VA 1-716-882, VA 1-717-531, VA 1-716-908, VA 1-716-922, VA 1-716-866, VA 1-717-388, VA 1-716-941, VA 1-716-886, VA 1-716-929, VA 1-716-945, 1-716-878, VA 1-716-914, VA 1-716-858, VA 1-716-890, VAu 1-025-414, VA 1-716- 867, VA 1-716-868, VA 1-716-912, VA 1-719-940 and VA 1-726-501
>      Which registrations cover the characters of Enerjak, Julie-Su, Locke, Archimedes, Sleuth Dawggy-Dawg, Drago, Evil Sonic, Reverse Freedom Fighters, Lien-Da, the Dark Legion, Kragok, Dimitri, Edmund, Menniker, Steppenwolf, Moonwatcher, Rembrandt, Harlan, Matthias, Hawking, Tobor, Spectre, Thunderhawk, Constable Remington, Janelle-Li, Sabre, Aaron, Jordan, Sojourner, Moritori Rex, Luger and the Twilight Zone and the stories BLOOD IS THICKER, NIGHT OF 1000 SONICS, WHEN HEDGEHOGS COLLIDE!, A SENSE OF HISTORY Part I, A SENSE OF HISTORY Part III, RITES OF PASSAGE Part III and KNUCKLES THE DARK: BLOOD IS THICKER.

Penders' example does identify a list of characters and a list of registrations; however, when the registrations are then compared to Penders' list of registrations attached as Exhibit 1 of the Amended Answer, *none* of the listed registrations provide any identifying information for any character. D.E. 27-1. Exhibit 1 lists only generic descriptions such as: "Text, 2-Dimensional artwork. I created the text and art to only the story listed." (D.E. 27-1, at 28); and, "Text, 2-Dimensional artwork. I created the text to both stories, and art to "A SENSE OF HISTORY."." (D.E. 27-1, at 26). Without properly identifying the characters and corresponding registrations, the

4

example Penders sets forth in his opposition (and provided above) fails to provide sufficient factual matter to allow the Court to do anything more than infer the possibility of ACP's misconduct. As discussed in the instant motion, a mere inference of possible misconduct does not satisfy *Iqbal*. Penders has failed to "state a claim to relief that is plausible on its face" and his copyright infringement counterclaims should be dismissed in their entirety. *Iqbal*, 129 S. Ct. at 1949.

## IV.     PENDERS FAILS TO IDENTIFY THIRD PARTY INFRINGERS

Penders' vicarious and contributory copyright infringement counterclaims both fail to allege the key element of third party direct liability, despite Penders' protestations to the contrary. Third party direct liability is a necessary element of secondary liability and thus must be alleged in order to properly plead both vicarious and contributory copyright infringement. Arista Records, Inc. v. Flea World, Inc. 356 F. Supp. 2d 411, 416 (D.N.J. 2005).

Penders' opposition claims to have "discuss[ed] third parties" allegedly infringing the Works through electronic media by "incorporating by reference paragraphs 69-71" of his counterclaims. D.E. 42, at 5. However, this is simply not true. Paragraphs 69-71 of Penders' counterclaims make no mention of any third party infringer. D.E. 27, Counterclaims ¶¶ 69-71. Paragraph 70 identifies *distribution channels* allegedly used by ACP to directly infringe; but, as Penders surely realizes, a distribution channel is not a third party infringer. "ACP's unauthorized activities include … the creation of derivative works in the form of electronic media versions of the Penders Copyrighted Works **for distribution via electronic channels, e.g., via iTunes for iPhone, iPod, and iPad devices, as Sony Playstation Digital Comics, etc.**" D.E. 27, Counterclaims ¶ 70 (emphasis added). The only allegation here is that ACP infringed by means of these distribution channels, *not* that another party infringed.

5

Penders' opposition attempts to contort Paragraph 70 into an allegation that alleged distribution channels are actually third party infringers, thereby satisfying the required element of secondary liability. Penders' opposition states that Paragraph 70 of his counterclaims "identified Apple, Inc.'s 'iTunes' and 'Sony' third party infringement", however this is simply not true. D.E. 42, at 5. Paragraph 70 clearly states Penders' allegation that ACP used "iTunes" and "Sony Playstation Digital Comics" to distribute infringing material; these are clearly examples of alleged infringement by ACP and *not* actual third party infringers. D.E. 27, Counterclaims ¶ 70. Penders' identification of "Apple, Inc." in his opposition is the first reference of any kind to this entity as a possible third party infringer. His claim that Paragraph 70 identified "Sony" as a third party infringer is merely Penders' attempt to improperly rectify yet another failure of his pleadings.

Penders, realizing this failing, repeatedly uses the "early stage of this litigation" as an excuse . D.E. 42, at 5-6. But, this is also simply not true. Discovery had been ongoing for months when Penders filed his amended counterclaims, and he has now had over eight months of discovery and two chances to properly plead his counterclaims. In fact, this Court, in allowing Penders to amend his answer and set forth additional counterclaims, informed Penders that any failing on any motion regarding the amendment would result in dismissal with prejudice. D.E. 40, Exh. A.

By failing to identify any third party infringers, or even to allege that any third party infringed his purported copyrights, Penders has failed to allege facts necessary to support the required elements of vicarious and contributory copyright infringement. *Iqbal* informs that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to

6

relief." *Iqbal,* 129 S. Ct. at 1950.  For the foregoing reasons, Penders' claims of vicarious and contributory infringement should be dismissed with prejudice.

V. **PENDERS REPEATEDLY MISINTERPRETS AND MISCITES CASE LAW**
    a. **Penders misinterprets *Wireless Ink Corp. v. Facebook***

Penders states that *Wireless Ink Corp. v. Facebook*, 10 CIV. 1841 (PKC), 2011 WL 2089917 (S.D.N.Y. May 26, 2011) "specifically disavow[s] *Aspex Eyewear*, that instead Rule 8(c)(1) continues to provide the applicable standard." D.E. 42, at 6.  Penders' reading of this case is highly flawed.  *Wireless Ink* does not disavow *Aspex Eyewear* by any stretch.  In fact, *Wireless Ink* repeatedly cites *Aspex Eyewear* as authority.  *See Wireless Ink*, 2011 WL 2089917, at *6, *14, *15, and FN5.  Notwithstanding, his affirmative defenses are insufficient under *Aspex Eyewear* and *Wireless Ink*.

*Wireless Ink* states that the insufficiency of an affirmative defense must be "apparent on the face of the pleadings" and that "courts should not tamper with the pleadings unless there is a strong reason for doing so." *Id.* at *14-*15 (internal citation omitted).  As ACP has established, the December 2008 emails should be considered in resolving ACP's motion.  *Supra.*  Given that Penders denied the existence of *any* work-for-hire agreement in his pleadings yet now concedes the substance of the December 2008 emails, there is unquestionably a "strong reason" for the Court to now strike the affirmative defenses.  For example, the Court should not allow Penders to move forward with affirmative defenses which allege that "Defendant never signed any contract with Plaintiff" and "there was no agreement … that any works … would be 'works made for hire'" (D.E. 27, Affirmative Defenses ¶¶ 8-9) nor any other of Penders' bald affirmative defenses because allowing Penders to do so would only permit Penders the opportunity to further perpetuate a fraud upon this Court.  Each of Penders' other affirmative defenses are boilerplate recitations of legal conclusions bereft of any facts in support; Penders does not even recite the required elements.

7

A motion to strike affirmative defenses "should be granted if substantial questions of law or fact do not exist and if the insufficiency of the defense is clearly apparent on the face of the pleadings." *Wireless Ink*, 2011 WL 2089917, at *14. For all the reasons and under the authority cited by ACP in its motion, the Court should strike Penders' affirmative defenses.

### b. Penders misinterprets and miscites *Ortiz v. City of N.Y.*

Penders' characterization of *Ortiz v. City of N.Y.*, 755 F. Supp. 2d. 399 (E.D.N.Y. 2010) is blatantly inaccurate and does not support his argument against equitable estoppel. Penders takes great liberty in combining two distinct statements of the court to create one flagrantly self-serving statement that hides the true nature and intent of the court's words. D.E. 42, at 7. Had Penders taken care to reproduce the actual words of *Ortiz*, he would have quoted as follows: "A motion to dismiss is often not the appropriate stage to raise affirmative defenses **like the statute of limitations**." *Ortiz*, 755 F. Supp. 2d., at 401 (emphasis added).[1] Penders cleverly removes the court's reference to the statute of limitations in order to better serve his proposition. The remaining words Penders muddles together in his fabricated quotation are a combination of his own creation and a parenthetical from *Ortiz* which follows the statement above. Again, Penders usurps choice words of *Ortiz* and removes all reference to the statute of limitations: "A statute of limitations analysis is generally **riddled with questions of fact** which *the Defendants* must establish in order to bar Plaintiffs' claims…" *Id.* (emphasis added).

Had Penders taken the time to read even the very next sentence of *Ortiz*, he would have come upon a statement which clearly opposes the position he attempts to assert: "Nonetheless, the Second Circuit has held that as long as the affirmative defense is based on the facts alleged in the complaint, it may be raised on a motion to dismiss." *Id.*

---

[1] Here it should be noted that Penders actually concedes in his opposition that various of his claims are indeed barred by the statute of limitations. Thus, even this passage relied on by Penders is at odds with his own arguments.

8

ACP's equitable estoppel defense is based on the facts alleged in Penders' counterclaims, and the documents which this Court may consider in resolving the motion. D.E. 40, at 20-21. As the Counterclaims state, Penders began working on the Sonic comic series for ACP in or around 1994 with his first contributions being published in or around March 1994. D.E. 27, Counterclaims ¶ 29. Penders did not begin to register any of the works until in or around February 2009 – some 15 years *after* the works were first published. D.E. 27, Amended Answer ¶ 35. Penders, made no effort to inform ACP of any claim to any rights in the works until a purported telephone call to Mr. Gorelick in December 2008, at the earliest. D.E. 27, Counterclaims ¶ 61. And, even then, he merely requested a copy of the work-for-hire agreement which he acknowledges he signed in the mid-90's. The December 2008 emails purporting to confirm the phone call do not alert ACP that Penders claimed any rights in his work. The emails show Penders' concealment of his alleged rights. Penders sought cooperation from ACP on the pretense that he was merely trying to arrange his files and on this basis he requested a copy of "the Work-for-hire agreement I signed." D.E. 40-2.

These facts, as alleged in Penders' pleadings, indicate a timeframe of at least fourteen (14) years where Penders made no effort to inform ACP of his claim to any rights in the works, and failed to seek registration with the Copyright Office. These facts as alleged in the pleadings and the documents the Court may consider in resolving this motion, plainly support equitable estoppel. Gen. Elec. Capital Corp. v. Armadora, S.A., 37 F. 3d 41, 46-47 (2d Cir. 1994) (Such silence "may constitute a concealment of facts or a false misrepresentation for estoppel purposes."). Thus, the Court should dismiss Penders' counterclaims based on equitable estoppel.

## VI. PENDERS CONCEDES HIS CLAIMS ARE BARRED IN PART AND HIS DAMAGES AND FEES ARE BARRED IN PART

Penders concedes that his claims are barred insofar as his infringement claims exceed the three (3) year statute of limitations of 17 U.S.C. § 507(b). D.E. 42, at 8. Penders also concedes that he is barred from recovering damages and attorneys' fees insofar as his infringement claims were commenced after first publication of the works, before the effective date of registration and his registrations were not made within three (3) months after first publication. *Id.*; 17 U.S.C.A. § 412(2). Penders' claim that ACP's arguments are premature should be disregarded.

### VII. PENDERS CONCEDES THAT HIS FIRST COUNTERCLAIM FOR DECLARATORY JUDGMENT SHOULD BE STRICKEN

Penders' response does not oppose ACP's motion to strike his First Counterclaim for Declaratory Judgment. The Court should therefore grant ACP's motion to strike Penders' First Counterclaim as redundant, pursuant to Rule 12(f).

### CONCLUSION

For the foregoing reasons, ACP's Rule 12 Motion to Dismiss should be granted.

>
> Respectfully submitted,
> DISERIO MARTIN O'CONNOR & CASTIGLIONI LLP
>
> By: ___/s/_____
>   Matthew C. Wagner (MW9432)
>   mwagner@dmoc.com
>
>   Scott Harrington (SH0588)
>   sharrington@dmoc.com
>
>   Diserio Martin O'Connor & Castiglioni LLP
>   50 Main Street, Suite 1000
>   White Plains, NY 1060
>   Tel: 914-684-0090

Date:   August 19, 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARCHIE COMIC PUBLICATIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> KENNETH W. PENDERS, II, <br> *a/k/a* KEN PENDERS <br><br> Defendant. | Case No.: 10-CV-8858 (RMB) <br><br> Judge: Hon. Richard M. Berman <br><br> **CERTIFICATE OF SERVICE** |

I, Matthew C. Wagner, hereby certify that on the 19th day of August, 2011, pursuant to the requirements of the Federal Rules of Civil Procedure, the foregoing was filed electronically and is available for viewing and downloading from the ECF system and will be served on all counsel of record via ECF notification.

        Respectfully submitted,
        DISERIO MARTIN O'CONNOR & CASTIGLIONI LLP

        By: /s/
            Matthew C. Wagner (MW9432)
            mwagner@dmoc.com

            Scott Harrington (SH0588)
            sharrington@dmoc.com

            Diserio Martin O'Connor & Castiglioni LLP
            50 Main Street, Suite 1000
            White Plains, NY 1060
            Tel: 914-684-0090

Date:   August 19, 2011