UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARCHIE COMIC PUBLICATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH W. PENDERS, II,<br>*p/k/a* KEN PENDERS<br><br>Defendant. | Case No.: 10-CV-8858 (RMB)<br><br>Judge: Hon. Richard M. Berman<br><br>DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE |

September 21, 2011


Lovitz IP Law P.C.

R. Christopher Harshman (*pro hac*)
Michael L. Lovitz (*pro hac*)
9701 Wilshire Blvd. Tenth Floor
Beverly Hills, CA 90212
(310) 860-6136
*Attorneys for Defendant*

## Table of Contents

**I. Plaintiff Improperly Attempts to Make a Substantive Argument *In Limine*** .............. 1

**II. Defendant's Witnesses Will Properly Offer Routine Practice Evidence** .............. 2

**A. FRE 406 Permits Testimony Regarding an Organization's Routine Practice** .............. 2

**B. Multiple Witnesses are Required** .............. 2

**C. Plaintiff Makes no Showing of Prejudice or Confusion** .............. 3

**III. Defendant's Copyright Registrations are Valid** .............. 3

**A. The Court May Appropriately Weigh the Registrations** .............. 4

**B. The Transfers of Rights Are Valid** .............. 4

**C. Defendant's Registration Applications Were Not Fraudulent** .............. 5

**IV. Defendant's Bankruptcy** .............. 7

**A. Plaintiff Again Improperly Attempts to Bring a Substantive Motion In Limine** .............. 7

**B. Plaintiff's Request for Judicial Notice is Improper** .............. 7

**V. Conclusion** .............. 8

## I. Plaintiff Improperly Attempts to Make a Substantive Argument *In Limine*

In its first motion *in limine*, Plaintiff Archie Comic Publications, Inc. ("Archie") asks the Court to preclude Defendant Kenneth W. Penders, II ("Penders") from making any reference to, introducing into evidence, or otherwise relying on claims that the ACP-Penders Agreements Archie alleges were signed by Penders are not authentic or genuine. This motion was brought because it "is anticipated by Plaintiff" that Penders may challenge the authenticity of the ACP-Penders Agreements. (D.E. 48, p.3.)

However, in so doing, Archie steps beyond the bounds of a motion *in limine*. As this Court has observed, "The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Chan*, 184 F. Supp. 2d 337, 340 (S.D.N.Y. 2002). That is, an *in limine* motion is to be brought for the sole purpose of enabling "the Court to rule on disputes over the admissibility of discrete items of evidence." *TVT Records v. Island Def Jam Music Group*, 250 F. Supp. 2d 341, 344 (S.D.N.Y. 2003).

Motions *in limine* are not to be used as "preemptive weapons [used] to strike in shotgun fashion at whole topics and sources of prospective evidence, out of context and before any specific objection against its proper backdrop is raised, that each side anticipates the other may contemplate introducing at some point during the course of the trial." *Id.* Archie may not, "in the guise of addressing limited evidentiary issues [use] motions in limine [...] as a form of advance trial of substantive portions of the case, or indeed as a substitute for the trial itself." *Id.*

Accordingly, Archie's first motion *in limine* should be denied.

## II. Defendant's Witnesses Will Properly Offer Routine Practice Evidence

In its second motion *in limine*, Archie attempts to exclude several of Penders' witnesses, ostensibly on the grounds that they will offer "character evidence" that, Archie argues, is inadmissible under FRE 404.

### A. FRE 406 Permits Testimony Regarding an Organization's Routine Practice

In point of fact, however, these witnesses shall, to the extent that they have been so identified (as Archie highlights; D.E. 48, pp. 6-7), testify as to their "[p]rofessional experience dealing with ACP while working on the SONIC series" and the "[s]tandard practices of ACP when dealing with freelancers," precisely the sort of first-hand evidence of Archie's routine practice, admissible regarding an organization under FRE 406. Accordingly, testimony of freelancers who worked with Archie, especially freelancers who worked on the Sonic projects, is admissible "provided the proponent of the evidence establishes that the organization acted with 'regularity over substantially all occasions or with substantially all other parties with whom the [organization] has had similar business transactions,'" as Penders intends to do. *S.E.C. v. Lyon*, 605 F. Supp. 2d 531, 543 (S.D.N.Y. 2009) (citing *Mobil Exploration & Producing U.S., Inc. v. Cajun Constr. Servs., Inc.*, 45 F.3d 96, 100 (5th Cir.1995)).

### B. Multiple Witnesses are Required

Additionally, Archie's claims that the introduction of multiple witnesses "would be a waste of the court's time" and that the "testimony is obviously cumulative," are both groundless. Indeed, Penders is *required* to provide multiple examples to establish Archie's routine practice: "It is only when examples offered to establish such pattern of conduct or habit are numerous enough to base an inference of systematic conduct, that examples are admissible" under FRE 406.

*Zubulake v. UBS Warburg LLC.*, 382 F. Supp. 2d 536, 542 (S.D.N.Y. 2005) (quoting *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1524 (11th Cir.1985)); see also *Sheehan v. Metro. Life Ins. Co.*, 368 F. Supp. 2d 228, 238 (S.D.N.Y. 2005). As such, this very Court has observed that "courts insist that proponents of the evidence demonstrate the frequency and consistency of the practice in question. '[A]dequacy of sampling and uniformity of response are the controlling considerations governing admissibility.' *G.M. Brod & Co. v. U.S. Home Corp.*, 759 F.2d 1526, 1533 (11th Cir.1985); see *United States Football League v. National Football League*, 842 F.2d 1335, 1373 (2d Cir.1988)." *U.S. Info. Sys., Inc. v. Int'l Broth. of Elec. Workers Local Union No. 3*, 00 CIV. 4763 RMB JCF, 2006 WL 2136249 (S.D.N.Y. Aug. 1, 2006) adhered to on reconsideration, 00 CIV.4763 RMB JCF, 2006 WL 2556339 (S.D.N.Y. Sept. 5, 2006).

### C. Plaintiff Makes no Showing of Prejudice or Confusion

Finally, Archie makes no showing beyond wild speculation that the testimony would be "unduly prejudicial to [Archie], lead to confusion of the issues … [or sway a jury] to adopt a negative perception of [Archie], which would likely prejudice the jury against the Plaintiff." (D.E. 48, pp. 8-9.) Archie "merely invokes the possibility of such influence," and establishes no "potential for confusion that cannot be clarified in due course at trial." TVT Records, *supra*, 250 F. Supp. 2d at 345-346.

Therefore, Archie's attempt to exclude the testimony of those witnesses who will provide evidence, based on their own personal knowledge, of Archie's routine practices, must fail. Proper objections and clarifications, if any should be necessary, may be made at trial.

## III. Defendant's Copyright Registrations are Valid

In its third motion *in limine*, Archie seeks to bar the introduction of, or reference to, Penders' copyright registrations.

### A. The Court May Appropriately Weigh the Registrations

Archie correctly establishes that the *presumption* of validity codified at 17 U.S.C. § 410(c) applies only where the registration was "made before or within five years after first publication," and that a district court may not be "*required* to accept validity of a copyright" for a work registered thereafter. (D.E. 48, p.10, emphasis added.)

However, Archie skims over the second part of that subpart: "The evidentiary weight to be accorded the certificate of a registration made thereafter shall be *within the discretion of the court*." 17 U.S.C.A. § 410 (West).

This Court has noted that the "presumption of validity attaching to copyright registration is of course a function of judicial deference to the agency's expertise." *Russ Berrie & Co., Inc. v. Jerry Elsner Co., Inc.*, 482 F. Supp. 980, 988 (S.D.N.Y. 1980). In this matter, the Copyright Office exercised its expertise at great length in reviewing Penders' applications. (Declaration of Kenneth W. Penders in Opposition to Plaintiff's Motions in Limine ("Penders Decl."), ¶¶ 5-7, and Exhibit A thereto.) Penders' applications were not "rubber stamped," but withstood intense scrutiny before being issued. Therefore, Penders respectfully requests the Court defer to the expertise of the Copyright Office and weigh Penders' registrations appropriately.

### B. The Transfers of Rights Are Valid

Archie misstates the record when it claims that Penders "did not have a valid written transfer agreement." (D.E. 48, p.12.) While counsel for Archie may not "consider an e-mail a signed, written agreement" (D.E. 48-3, p15), the courts that have addressed the issue in this context, disagree: "A copyright interest can be conveyed by a signed writing. 17 U.S.C. § 204. … Courts have found emails to constitute signed writings." *Vergara Hermosilla v. Coca-Cola Co.*, 10-21418-CIV, 2011 WL 744098 (S.D. Fla. Feb. 23, 2011) (finding a valid assignment via email).

Indeed, this Court has determined that emails, far from being *per se* invalid as a signed writing under 17 U.S.C. 204, are instead subject to the same analysis as any other writing. *Weinstein Co. v. Smokewood Entm't Group, LLC*, 664 F. Supp. 2d 332, 341-341 (S.D.N.Y. 2009).

Penders had such emails prior to applying for his copyright registrations. Penders Decl., ¶¶ 9-25. Archie's own exhibits reference this; "Aside from the e-mails … did you have any signed, written agreements…" (D.E. 48-3 p.15.)

Too, even if the earlier email transfers were in some way deficient, "since the purpose of the [17 U.S.C. 204(a)] provision is to protect copyright holders from persons mistakenly or fraudulently claiming oral licenses, the 'note or memorandum of the transfer' … requirement is satisfied by the copyright owner's later execution of a writing which confirms the agreement." *Eden Toys, Inc. v. Florelee Undergarment Co., Inc.*, 697 F.2d 27, 36 (2d Cir. 1982).

### C. Defendant's Registration Applications Were Not Fraudulent

Despite Archie's claim that Penders "obtained [his] registration[s] by fraud," any inadvertent error or omission in the application process was made by a novice layperson, unskilled in the nuances of copyright law, that was wholly remedied in subsequent communication with the Copyright Office. (Penders Decl. ¶¶ 2-8 and Exhibit A thereto.)

As set forth above, attorneys experienced in intellectual property matters can disagree as to the sufficiency of a transfer of rights via email, etc. To claim that Penders acted with fraudulent intent because he understood (reasonably, as it turns out) a transfer via electronically signed email to be sufficient, is without merit, and Archie raises no other bases for that assertion. Archie makes no showing that Penders' alleged improper completion of the application process was in bad faith, or

even material. *Teevee Toons, Inc. v. MP3.com, Inc.*, 134 F. Supp. 2d 546, 549 (S.D.N.Y. 2001).

To the extent that any in fact exist, Penders' "omissions in the copyright application were inadvertent and innocent." *Eckes v. Card Prices Update*, 736 F.2d 859, 861 (2d Cir. 1984). As subsequent communication with the Copyright Office demonstrates, Penders was not intentionally withholding material information from the Copyright Office, or following "a conscious policy on his part not to disclose to the Copyright Office … material information." *Russ Berrie & Co., Inc. v. Jerry Elsner Co., Inc.*, 482 F. Supp. 980, 988 (S.D.N.Y. 1980).

Instead, he made a good faith effort to complete the application process as best he understood it, and engaged in a frank, open dialog with the Copyright Office, which worked with him to amend his applications as necessary.

"[A]n innocent misstatement ... in the affidavit and certificate of registration, unaccompanied by fraud or intent to extend the statutory period of copyright protection, does not invalidate the copyright, nor is it thereby rendered incapable of supporting an infringement action." *Eckes*, *supra*, 736 F.2d at 862 (quoting *Advisors, Inc. v. Wiesen-Hart, Inc.*, 238 F.2d 706, 708 (6th Cir.1956) (per curiam)).

As Penders had written transfer agreements, in the form of emails, prior to the applications for registration; as Penders has subsequently obtained signed writings that should satisfy even Archie's counsel's vaulted view of what a "signed, written agreement" should be, confirming the agreements to transfer rights; as the Copyright Office issued Penders' registrations only after vigorous review; and as any misstatement in Penders' copyright registration applications was innocent and demonstrably not made with fraudulent intent, Penders must not be precluded from enforcing his registrations and the Court should give those registrations whatever weight the Court might, in its discretion, deem them due.

## IV. Defendant's 1994 Bankruptcy Petition

### A. Plaintiff Again Improperly Attempts to Bring a Substantive Motion In Limine

Archie's fourth and final motion *in limine* also improperly attempts to try substantive portions of the case, as discussed in greater detail *supra,* in seeking to bar Penders from enforcing rights to those works he created prior to the discharge of his bankruptcy petition. To repeat, motions *in limine* are properly concerned only with the "admissibility of discrete items of evidence." *TVT Records*, supra.

Additionally, even if such exclusion was properly sought in a motion *in limine*, Archie cites no authority for their motion that Penders be excluded from enforcing works created prior to his bankruptcy discharge. Accordingly, Penders respectfully asserts that Archie's motion in that regard therefore be denied.

### B. Plaintiff's Request for Judicial Notice is Improper

As Archie's own cited authority *Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, 220 F. Supp. 2d 289, 293 (S.D.N.Y. 2002) states, "[i]n taking judicial notice of Marvel's filings in the bankruptcy proceeding, the Court **does not assess the truth of any assertions made in that proceeding**, but merely recognizes the **existence** of those public filings," quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir.1991) when observing that "courts routinely take judicial notice of documents filed in other courts, [...] not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (Emphasis added.) That language, too, was cited in Archie's other cite offered in support, this very Court's opinion in *Weizmann Inst. of Sci. v. Neschis*, 229 F. Supp. 2d 234, 246-47 (S.D.N.Y. 2002).

Plaintiff's other proffered authority, *In re Reed*, 293 B.R. 65, 68 (Bankr. D. Kan. 2003), and *In re Applin*, 108 B.R. 253, 257 (Bankr. E.D. Cal. 1989), were both adversarial proceedings brought in bankruptcy court in connection with the very

bankruptcy petitions the respective courts took judicial notice of; they are inapplicable to this issue, where the Plaintiff seeks to have the Court take judicial notice of the *assertions* made in an unrelated bankruptcy petition discharged more than a decade and a half before the instant civil litigation was contemplated.

The Court should decline to take judicial notice of Penders' 1994 bankruptcy petition.

## V. Conclusion

For all of the foregoing reasons, the Plaintiff's motions *in limine* should be denied.

Dated: September 21, 2011
Beverly Hills, California

Respectfully submitted,

Lovitz IP Law P.C.

By: /s/ R. Christopher Harshman

R. Christopher Harshman (*pro hac*)
Michael L. Lovitz (*pro hac*)
9701 Wilshire Blvd. Tenth Floor
Beverly Hills, CA 90212
(310) 860-6136
*Attorneys for Defendant*