UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARCHIE COMIC PUBLICATIONS, INC., )
)
Plaintiff, )
) Case No.: 10-cv-08858 (RMB)
v. )
)
KENNETH W. PENDERS, II, )
p/k/a/ KEN PENDERS, )
)
Defendant. )
______________________________________)

**DEFENDANT'S [PROPOSED] JURY INSTRUCTIONS WITH PLAINTIFF'S OBJECTIONS AND COUNTER-PROPOSALS**

Defendant Kenneth W. Penders, II, ("Defendant"), by his attorneys Lovitz IP Law PC, Kravitz & Verna LLC, Lysaght, Lysaght & Ertel LLP, pursuant to Rule 51, Federal Rules of Civil Procedure, respectfully requests the Court to include the following instructions in its charge to the jury. Defendant reserves the right to file supplemental and/or modified requests as may become necessary and appropriate.

Despite the Court's Order ("Order") dated September 14, 2011 (D.E. 46) which required Defendant to serve any proposed jury instructions by Wednesday September 21, 2011, Defendant did not serve these proposed instructions until nearly 2 PM on Friday September 23, 2011. This delay notwithstanding, Plaintiff timely served its objections and counter-proposed instructions on Wednesday September 28, 2011. At that time, Plaintiff requested to meet and confer with Defense counsel to resolve any objections to either party's proposed instructions. Defendant has ignored this request, and failed to serve any objections to Plaintiff's proposed instructions as required by the Order, and failed to provide his relevant portions of the draft joint pre-trial order as required by the Order. Accordingly, in its best attempt to comply with the Court's Order,

Plaintiff hereby files Defendant's proposed jury instructions with Plaintiff's objections and counter-proposals following each.

Preliminary Instructions

Request No. 1

**Role of the Court**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room. You will receive a copy of these instructions to take with you into the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state.

Regardless of any opinion that you may have as to what the law may be -- or ought to be – it would violate your sworn duty to base a verdict upon any other view of the law than the one I give you.

**Plaintiff's Objections and Response**

Defendant does not cite authority for this instruction. Plaintiff proposes Plaintiff's Proposed Jury Instructions No. 1.

Request No. 2

**Burden of Proof**

This case involves allegations brought by Archie Comic Publications ("ACP") against Mr. Penders, which are referred to as "Claims". For the purposes of the allegations brought by ACP, ACP is referred to as the "plaintiff", and Mr. Penders the "defendant."

In addition, this case involves allegations brought by Mr. Penders against ACP, which are referred to as "Counter Claims". For the purposes of the allegations brought by Penders, Penders may be referred to as the "counter-plaintiff" and ACP may be called "counter-defendant."

Unless I specifically instruct you to the contrary, when you consider the Claims, the burden of proof on ACP's allegations rests on ACP as plaintiff. Similarly, when considering Mr. Penders' Counter Claims, the burden of proof rests on Mr. Penders as counter-plaintiff.

When I say that the burden of proof rests on a particular party, that means that it must be established by a fair preponderance of the evidence that the Claims, or Counter Claims, being made by that party are true.

This means that ACP has the burden of proving by a preponderance of the evidence each and every disputed element of its claims and the damages resulting therefrom. If you find that ACP has failed to establish a claim by a preponderance of the evidence, you must decide against them on the issue you are considering.

This also means that Mr. Penders has the burden of proving by a preponderance of the evidence each and every disputed element of the counter claims and the damages resulting therefrom. If you find that Mr. Penders has failed to establish a counter claim by a preponderance of the evidence, you must decide against him on the issue you are considering

To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase refers to the quality of the evidence; that is, its convincing quality, the weight and the effect that it has on your minds. The law requires that in order for the plaintiff or counter-plaintiff to prevail on a claim, the evidence that supports his claim must appeal to you as more nearly representing what took place than the evidence opposed to his claim. If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must decide the question in favor of the defendant or counter-defendant. It is only if the evidence favoring the plaintiffs' claim outweighs the evidence opposed to it that you can find in favor of the plaintiffs.

This concept of preponderance of the evidence is often illustrated with the idea of scales.

You put on one side all of the credible evidence favoring plaintiff and on the other all the credible evidence favoring defendant. If the scales tip toward the plaintiff because plaintiff's evidence is weightier, you must find in plaintiff's favor. But if the scales are evenly balanced, or if they tip in defendant's favor, then you must find for the defendant. Remember, it is the plaintiff's burden to prove his case. The defendant is in court only because the plaintiff says he has claims against the defendant.

Some of you no doubt have heard of "proof beyond a reasonable doubt", which is the standard of proof that is used in a criminal trial. A plaintiff in a civil case does not have to satisfy that requirement, and you should put it out of your mind.

**Plaintiff's Objections and Response**

Defendant does not cite authority for this instruction. Plaintiff proposes Plaintiff's Proposed Jury Instructions No. 11 with the inclusion of paragraph 2 of Defendant's proposed instruction.

Request No. 3

**Copyright Defined**

This is an action for copyright infringement. The term "copyright" is the name for the protection that the law extends to an author of an original works of authorship against the unauthorized appropriation of that work by others. The term is derived from the fact that such an author has the exclusive right to copy the work, and therefore may exclude others from copying the work.

The term "author" generally is used to refer to a writer. As used in the law of copyright, however, the term embraces any creator of an original work protected by the copyright laws. The author of a copyrighted work is the owner of the copyright in that work.

The term "owner" also includes any person to whom the author may assign, sell, lease, or otherwise transfer the copyright. The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

The term "work" refers to any material that is subject to protection under the copyright laws, including a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.

**Authority**

17 U.S.C. §§ 101, 106

**Plaintiff's Objections and Response**

Plaintiff objects to this instruction insofar as it is argumentative, incomplete, and unsupported by law. Plaintiff also objects to the phrasing of this instruction. Plaintiff proposes the following instruction in lieu of the above:

Defendant/counter-plaintiff claims that Plaintiff/counter-defendant infringed certain copyrights. The term "copyright" is the name for the protection that the law extends to an owner of an original work of authorship against the unauthorized appropriation of that work by others. The term is derived from the fact that such an owner has the exclusive right to copy the work, and therefore may exclude others from copying the work.

The term "author" generally is used to refer to a writer. As used in the law of copyright, however, the term embraces any creator of an original work protected by the copyright laws. The author of a copyrighted work is the owner of the copyright in that work. Note that a person who creates a work-made-for-hire is not considered the author of the work. The person or party for which the work was created is considered the author of the work. I will define "work-made-for-hire" for you shortly.

The term "owner" includes any person to whom the author may assign, sell, lease, or otherwise transfer the copyright. The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

The term "work" refers to any material that is subject to protection under the copyright laws, including a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound

recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.

**Authority**

17 U.S.C. §§ 101, 106, 201, 204(a)

Request No. 4

**Copyright Interests**

When an author creates an original work, copyright exists automatically in the work at the moment of its creation. The owner of the copyright is, generally, the author unless the work is a work made for hire or the copyright in the work is expressly transferred. The author or other copyright owner may enforce the right to exclude others from copying the work in an action for copyright infringement.

A work is original if it was created independently, as opposed to being copied from another work. It must contain at least some minimal degree of creativity. The work need not be completely new.

**Authority**

17 U.S.C. §§ 101, 102(a), 106, 201(a), 501.

**Plaintiff's Objections and Response**

Plaintiff objects insofar as the proposed instruction is argumentative, incomplete, not supported by law. Plaintiff also objects to the phrasing of this instruction. Only the copyright owner may enforce, and therefore this instruction is a misstates the law. Plaintiff proposes to change "author or other copyright owner" to simply "copyright owner."

Request No. 5

**Right of Exclusive Use**

A copyright owner, whether author or joint author, is entitled to exclude others from copying the work. The copyright owner therefore has an exclusive right to reproduce, distribute, perform, display, prepare derivative works, or otherwise use the copyrighted work for a specific period of time. The copyright owner may enforce this right of exclusive use in an action for copyright infringement.

The owner of copyright is granted certain exclusive rights, among them:

(1) the right to reproduce the copyrighted work in copies;

(2) the right to prepare derivative works based upon the copyrighted work; and

(3) the right to distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending.

The owner of a copyright generally has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying or using the work covered by copyright for a specific period of time. Subject to certain defenses, one who reproduces, distributes or displays a copyrighted work during the term of the copyright, infringes a copyright unless licensed by the copyright owner.

**Authority**

17 U.S.C. §106; Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, Federal Jury Practice and Instructions §160.20; "Copyright Basics", Circular 1, United States Copyright Office; United States Copyright Office website's "Frequently Asked Questions about Copyright" web page, http://www.copyright.gov/help/faq/definitions.html

**Plaintiff's Objections and Response**

Plaintiff objects insofar as the proposed instruction is argumentative. Plaintiff also objects to the phrasing of this instruction. Plaintiff proposes removing the words "whether author or joint author" from the first paragraph of the instruction, because this is a misstatement of law.

Request No. 6

**Joint Works**

A copyright owner is entitled to exclude others from copying a joint work. A joint work is a work prepared by two or more authors. Each of the authors of a joint work must have: (1) intended that their contributions be merged into inseparable or interdependent parts of a unitary whole, and (2) contributed material to the joint work that could have been independently copyrighted. Each author of a joint work shares an undivided interest in the entire joint work. An owner of copyright in a joint work may enforce the right to exclude others in an action for copyright infringement.

**Authority**

17 U.S.C. §§ 101, 201(a), 501.

**Plaintiff's Objections and Response**

Plaintiff does not object to this proposed instruction.

Request No. 7

**Derivative Works**

A copyright owner is entitled to exclude others from copying a derivative work. The term "derivative work" refers to a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgement, condensation, or any other form in which a work may be recast, transformed, or adapted, that is based on one or more preexisting works.

The owner of a derivative work may enforce the right to exclude others in an action for copyright infringement. Copyright protection of a derivative work extends only to the contribution of the author of the derivative work.

**Authority**

17 U.S.C. §§ 101, 103, 501.

**Plaintiff's Objections and Response**

Plaintiff objects insofar as the proposed instruction is argumentative, incomplete, not supported by law. Plaintiff also objects to the phrasing of this instruction. Plaintiff proposes the following instruction in lieu of the above:

A copyright owner is entitled to exclude others from copying a derivative work. The term "derivative work" refers to a work that is based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgement, condensation, or any other form in which a work may be recast, transformed, or adapted, that is based on one or more preexisting works.

The owner of a derivative work may enforce the right to exclude others in an action for copyright infringement. Copyright protection of a derivative work extends only to the contribution of the author of the derivative work and not to the preexisting material employed in the work. The owner of a derivative work does not have exclusive rights in the preexisting material and, thus, cannot claim rights in the preexisting material nor can he sue to enforce rights claimed under the preexisting material.

**Authority**

17 U.S.C. §§ 101, 103, 501.

Request No. 8

**License of Copyright**

A copyright owner may transfer, sell, or otherwise convey to another person any or all of the owner's interest in the copyright. To be valid, the transfer, sale, or other conveyance must be in writing. Absent a written transfer, the copyright owner may only gran a non-exclusive license in a particular work.

Although an exclusive license of copyright must be in writing, a nonexclusive license need not be. However, if the copyright owner licenses the work to a licensee, the owner may bring an infringement action against the licensee when the licensee's activities exceed the uses permitted under the license.

**Authority**

17 U.S.C. §§ 201(d), 204(a), 501; *Tasini v. New York Times Co.*, 206 F.3d 161, 170-171 (2d Cir. 2000); *Micro Star v. Formgen, Inc.*, 154 F.3d 1107, 1113-1114 (9th Cir. 1998).

**Plaintiff's Objections and Response**

Plaintiff objects insofar as the proposed instruction is argumentative, incomplete, not supported by law. Plaintiff also objects to the phrasing of this instruction. Plaintiff proposes, in lieu of the above, that the court adopt Plaintiff's proposed jury instruction No. 41: "Ownership Through Authorship in a Work Made for Hire or Assignment."

Request No. 9

**Elements of Counter-Plaintiff's Copyright Infringement Claim**

In this case, counter-plaintiff, Mr. Penders argues he is the owner of the copyright in many different works – comic books – by right of being the author and that the plaintiff/counter-defendant, Archie Comic Publications, infringed his copyright in those stories and characters that Mr. Penders himself created when Archie Comic Publications reproduced the books in compilations and digital forms.

In order to prevail on his copyright infringement claim, Mr. Penders must prove two things: first, that Mr. Penders is the owner of the copyright in the numerous works of authorship he created, including the comic book characters and stories at issue, and second that Archie Comic Publications infringed Mr. Penders' rights in the comic book characters and stories.

To make out the first element of ownership, Mr. Penders must prove that he is the author by creating the comic book characters and stories, and that he did not give up ownership to Archie Comic Publications.

**Authority:**

Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, Federal Jury Practice and Instructions, §160.21

**Plaintiff's Objections and Response**

Plaintiff objects insofar as the proposed instruction is argumentative, incomplete, not supported by law. Plaintiff also objects to the phrasing of this instruction. Plaintiff proposes the following instruction, adapted from the American Bar Association's Model Jury Instructions for Copyright, Trademark and Trade Dress Litigation, in lieu of the above:

**Direct Copyright Infringement**

Defendant/Counter-plaintiff Penders contends that Plaintiff/Counter-defendant ACP directly infringed Defendant/Counter-plaintiff's copyright. To prove direct infringement of the copyright in a work, Defendant/Counter-plaintiff must prove the following by a preponderance of the evidence:

1. Defendant/Counter-plaintiff owns a valid copyright in the work;
2. Plaintiff/Counter-defendant copied matter from the work; and
3. An ordinary reasonable observer would find that the copied matter includes substantial protected matter.

**Authority**

American Bar Association, *Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation,* Instr. 1.5.1 (2008).

Request No. 10

**Copyright Registration**

Copyright automatically exists in an original work the moment it is created. A copyright owner may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work. After examination and a determination that the material deposited constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner. Failure to obtain registration of the copyright, however, has no effect on the validity of the copyright or the owner's rights under the copyright.

To succeed in his claim, Mr. Penders must also prove that he has applied for and obtained a copyright registration certificate. Registration is one of the legal requirements of copyright law if the copyright owner is to enforce its rights, as no civil action for infringement of the copyright in any United States work is allowed to be instituted until preregistration or registration of the copyright claim has been made. However, protection for a work employing preexisting material in which copyright subsists does not extend to any part of the work in which such material has been used unlawfully.

Under the law applicable to this case, a certificate of copyright did not give any automatic presumption of copyright ownership or validity. Registration of a copyright is a registration of a claim in the original or the renewed and extended term of copyright. The certificate of registration from the copyright office is only prima facie, or initial, evidence of the facts stated in the certificate itself. The validity of the facts stated on the certificate may also be rebutted by evidence.

Mr. Pender's certificates of registration of the copyrights constitute evidence of Mr. Pender's ownership of the copyright, and of Mr. Pender's right to exclude others from copying the work. However, registration of a copyright is not conclusive as to the validity of the copyright. You may also consider any evidence offered by the opposing party that the registered copyright is invalid. From such evidence, you are free to find that a registered copyright is not valid, in accordance with the instruction on the defenses asserted by ACP, if you find that ACP has proved by a preponderance of the evidence that the copyright is invalid. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the registered copyright is invalid.

Mr. Penders has shown you his certificates of registration for his many comic book works of authorship. Under the law applicable to this case, all works for which copyright is claimed should be expressly described in an application to register a copyright. You must decide whether Mr. Penders' registrations were granted properly. The law requires that a plaintiff in a copyright lawsuit must have a valid registration, so if you find that Mr. Penders' registrations were not properly granted, then I am instructing you as a matter of law that you must return a verdict for ACP.

**Authority:**

17 U.S.C. §§101, 103, 209, 411; *Jefferson Airplane v. Berkeley Systems, Inc.*, 886 F. Supp. 713, 717, 32 U.S.P.Q.2d 1632 (N.D. Cal.1994); *Raquel v. Education Management Corp.*, 196 F.3d 171, 52 U.S.P.Q.2d 1705 (3d Cir. 1999), cert. granted, judgment vacated, 531 U.S. 952, 121 S. Ct. 376 (2000); Hawes and Dietz, Copyright Registration Practice, §§ 4:1 to 4:26 (2d ed.).

**Plaintiff's Objections and Response**

Plaintiff objects insofar as the proposed instruction is argumentative, incomplete, and not supported by law. Plaintiff also objects to the phrasing of this instruction. Plaintiff proposes the

following instruction, adapted from the American Bar Association's Model Jury Instructions for Copyright, Trademark and Trade Dress Litigation, in lieu of the above:

**Proof of Ownership by Submission of Certification of Registration**

In addition to proving ownership of the copyrighted work, Defendant/Counter-plaintiff must prove that his claim of copyright is a valid claim. Defendant/Counter-plaintiff has submitted a list of registrations issued by the Register of Copyrights as proof of a valid claim of copyright. Defendant/Counter-plaintiff has not, however, submitted any Certificate of Registration for any of the works. A Certificate of Registration filed more than five years from the date of first publication does not give rise to a presumption that the copyright is valid and that the facts as set forth on the certificate are true and correct. Because the Defendant/Counter-plaintiff has failed to present to you, the jury, any Certificates of Registration, you are not required to find that the facts presented in the list of registrations are true and accurate. Also, because Defendant/Counter-plaintiff filed his registrations more than five years after the date of first publication he is required to prove to you all of the facts underlying his claim to copyright ownership, and that his ownership is valid. It is the burden of Defendant/Counter-plaintiff to prove valid ownership of each copyright asserted in this action.

The party opposing the claim for infringement can also prove by a preponderance of the evidence that either:

1. The copyright is invalid in accordance with instructions I will give you about invalidity, or
2. A fact contained in the registration is not true.

**Authorities**

17 U.S.C. § 410(c) (2006); American Bar Association, *Model Jury Instructions: Copyright*, *Trademark and Trade Dress Litigation*, Instr. 1.3.10 (2008).

Request No. 11

**Work Made For Hire**

A copyright owner is entitled to exclude others from copying a "work made for hire." A work made for hire is either

(1) a work prepared by an employee within the scope of his or her employment or

(2) a work specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas, if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire. For the purpose of the foregoing sentence, a "supplementary work" is a work prepared for publication as a secondary adjunct to a work by another author for the purpose of introducing, concluding, illustrating, explaining, revising, commenting upon, or assisting in the use of the other work, such as forewords, afterwords, pictorial illustrations, maps, charts, tables, editorial notes, musical arrangements, answer material for tests, bibliographies, appendixes, and indexes, and an "instructional text" is a literary, pictorial, or graphic work prepared for publication and with the purpose of use in systematic instructional activities.

In the case of a work made "for hire," the employer or other person for whom the work was prepared is considered the author. However, in the case of independent contractors, in order to qualify as a "work made for hire" the parties must have expressly agreed in a written instrument signed by them before work begins on any of the copyrighted works, or signed after work begins if the writing confirms a prior agreement between the parties that the work is a "work made for hire." In addition, the work can only be "work made for hire" if it falls within one of the nine categories stated in the statute, namely a contribution to a collective work, as a

part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas.

A. Nature of relationship between the parties.

In this case, there is no doubt that Mr. Penders is an independent contractor. If the work was made "for hire" for Archie Comic Publications, then the law considers Archie Comic Publications the owner of the copyright in the work.

B. Nature of the work.

Comic books are not specifically identified in the statute as a category of works included as a "work made for hire." If you find that comic books are not eligible under the statute, then the works created by Mr. Penders cannot be works made for hire, and Mr. Penders is the author of those works.

C. Validity of contract.

Works made "for hire" must be memorialized in a valid contract. This written agreement must clearly show the intent of the parties, what they said and what they did and all of the surrounding circumstances.

In this case, if the Work for Hire agreement is valid and the work created by Mr. Penders falls into one of the categories of specially ordered or commissioned works, then the copyrights belong to ACP. If the Work for Hire agreement is invalid or the work created by Mr. Penders does not fall into one of the categories of specially ordered or commissioned works, then the copyrights belong to Mr. Penders and ACP has paid for a limited license in the ability to publish the first copy of Mr. Penders' works.

**Authority:**

17 U.S.C. § 101; *Playboy Enterprises, Inc. v. Dumas*, 53 F.3d 549 (2nd Cir. 1995)

**Plaintiff's Objections and Response**

Plaintiff objects insofar as the proposed instruction is argumentative, incomplete, and not supported by law. Plaintiff also objects to the phrasing of this instruction; Defendant did not create comic books. Plaintiff proposes Plaintiff's Proposed Jury Instruction No. 41: "Ownership Through Authorship in a Work Made for Hire or Assignment," in lieu of the Defendant's proposed instruction above.

Request No. 12

**Copyright Infringement**

To succeed on his claim that the copyright in a particular work has been infringed, Mr. Penders must prove the following things:

1. The Work is the subject of a valid copyright;

2. Mr. Penders owns the copyright in the Work; and

3. Archie Comic Publications copied protected expression in Mr. Penders' copyrighted work. If you find that Mr. Penders has proved each of these things for one or more of the Works identified, then you must find for Mr. Penders. However, if you find that Mr. Penders did not prove each of these things for any of the Works, then you must find for Archie Comic Publications.

Mr. Penders may demonstrate copying by direct or circumstantial evidence. An example of direct evidence of copying would be an admission by the defendant or one of its agents or employees that the comic book characters and stories were copied by ACP and that ACP had no authority to make and sell those copies because of a lack of terms in the proffered contracts between ACP and Mr. Penders. The lack of any direct evidence of copying, however, is the norm in a copyright infringement action, so that such an absence of proof does not require you to find ACP.

Circumstantial evidence of copyright infringement means the proof of facts that support or require a logical inference that copying must have taken place. If you find by a preponderance of the evidence that: (1) ACP had access to the comic book characters and storylines; and (2) there are substantial similarities between the defendant's work and original elements of Mr. Penders' characters and storylines either resold or compiled, you are instructed to find copying

Access to Mr. Penders' Work. On the subject of access, Mr. Penders must demonstrate that the creator of ACP's work had a reasonable opportunity to view the comic book characters and storylines.

**Authority:**

*Phillips v. Audio Active*, 494 F.3d 378 (2nd Cir. 2007); *Fonar Corp. v. Domenick*, 105 F.3d 99, 103 (2d Cir.1997); *Gershwin Publ'g Corp. v. Columbia Artists Mgmt, Inc.*, 443 F.2d 1159, 1162 (2d Cir.1971); *Aldon Accessories Ltd. v. Spiegel, Inc.*, 738 F.2d 548 (2d Cir. 1984) , *cert. denied*, 469 U.S. 982 (1984); *Feist Publications v. Rural Tel. Serv. Co.*, 499 U.S. 340, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)

**<u>Plaintiff's Objections and Response</u>**

Plaintiff objects insofar as the proposed instruction is argumentative, incomplete, and not supported by law. Plaintiff also objects to the phrasing of this instruction. Plaintiff proposes Plaintiff's Proposed Jury Instruction No. 6: "What Is and Is Not Evidence," and, Plaintiff's Proposed Jury Instruction No. 7: "Direct and Circumstantial Evidence," in lieu of the Defendant's proposed instruction above.

Request No. 13

**Vicarious Copyright Infringement**

A person or company is liable for copyright infringement committed by another if the person has a financial interest and the right and ability to supervise the infringing activity, irrespective of whether the person had knowledge of the infringement. This kind of copyright infringement is referred to as vicarious infringement.

To demonstrate vicarious infringement on ACP's part, Mr. Penders has the burden of proving each of the following by a preponderance of the evidence:

1. Mr. Penders is the owner of a valid copyright;
2. ACP copied original elements of the copyrighted work;
3. ACP had a financial interest in the infringing activity of its various partners who reprint and resell comic books; and
4. ACP had the right and ability to supervise the infringing activity of its various partners who reprint and resell comic books.

If you find that ACP infringed copyrights of Mr. Penders, then you are to consider Vicarious Copyright infringement, and if ACP profited during the time that ACP infringed Mr. Penders' copyrights, then you must find ACP liable for Vicarious Copyright Infringement.

**Authority:**

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005); *Shapiro, Bernstein & Co. v. H. L. Green Co.*, 316 F. 2d 304, 307 (CA2 1963); *Sony Corp. v. Universal City Studios*, 464 U.S. 417, 437-438, 104 S. Ct. 774, 78 L. Ed. 2d 574 (1984).

**Plaintiff's Objections and Response**

Plaintiff objects insofar as the proposed instruction is argumentative, incomplete, and not supported by law. Plaintiff also objects to the phrasing of this instruction. Plaintiff proposes the following instruction, adapted from the American Bar Association's Model Jury Instructions for Copyright, Trademark and Trade Dress Litigation, in lieu of the above:

Defendant/Counter-plaintiff contends that Plaintiff/Counter-defendant vicariously infringed Defendant/Counter-plaintiff's copyright. Vicarious infringement is a distinct claim from direct infringement and contributory infringement. To prove vicarious infringement, Defendant/Counter-plaintiff must prove the following three elements by a preponderance of the evidence:

1. A party other than Plaintiff/Counter-defendant (known as a "third party") directly infringed Defendant/Counter-plaintiff's copyright;
2. Plaintiff/Counter-defendant profited from or had a financial interest in the infringing activities of the third party; and
3. Plaintiff/Counter-defendant had the right and ability to supervise or control the infringing activities of the third party.

With regard to the first element, you must find that a third party committed copyright infringement; in other words, all of the elements of direct copyright infringement for this other third party must be proven by Defendant/Counter-plaintiff. If you find that Defendant/counter-plaintiff has failed to prove that a third party has directly infringed, then you must find for Plaintiff/Counter-defendant.

If Defendant/Counter-plaintiff fails to prove any of these elements, you should find for Plaintiff/Counter-defendant. However, if Defendant/Counter-plaintiff proves these elements, he need not prove that Plaintiff/Counter-defendant knew of the infringement.

**Authority**

American Bar Association, *Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation*, Instr. 1.5.13 (2008).

Request No. 14

**Contributory Copyright Infringement**

A person is liable for copyright infringement committed by another if the person knows or should have known of the infringing activity and induces, causes, or materially contributes to the activity. This kind of copyright infringement is referred to as contributory infringement.

ACP has agreements with partners to sell and resell copies of comic books that it prints. ACP also has partners to distribute those comic books in digital formats. ACP also creates compilations from comic books to sell.

To demonstrate contributory infringement on the defendant's part, Mr. Penders has the burden of proving each of the following by a preponderance of the evidence:

1. Mr. Penders is the owner of a valid copyright;
2. ACP copied original elements of the copyrighted;
3. ACP knew or should have known of the infringing activity of its various partners to resell the comic book characters and stories; and
4. ACP induced, caused, or materially contributed to the infringing activity of its various partners to resell the comic book characters and stories.

If you find that ACP has induced any party it has a contract with to infringe Mr. Penders' copyrights, then you must find ACP liable for contributory copyright infringement.

**Authority:**

*Phillips v. Audio Active*, 494 F.3d 378 (2nd Cir. 2007); *Gershwin Publ'g Corp. v. Columbia Artists Mgmt, Inc.*, 443 F.2d 1159, 1162 (2d Cir.1971); *Sony Corp. v. Universal City Studios*, 464 U.S. 417, 437-438, 104 S. Ct. 774, 78 L. Ed. 2d 574 (1984)

**Plaintiff's Objections and Response**

Plaintiff objects insofar as the proposed instruction is argumentative, incomplete, and not supported by law. Plaintiff also objects to the phrasing of this instruction. Plaintiff proposes the following instruction, adapted from the American Bar Association's Model Jury Instructions for Copyright, Trademark and Trade Dress Litigation, in lieu of the above:

Defendant/Counter-plaintiff contends that Plaintiff/Counter-defendant has engaged in contributory infringement of Defendant/Counter-plaintiff's copyright. Contributory infringement is a distinct claim from direct infringement. To prove contributory infringement, Defendant/Counter-plaintiff must prove the following three elements by a preponderance of the evidence:

1. A party other than Plaintiff/Counter-defendant (known as a "third party") directly infringed Defendant/Counter-plaintiff's copyright;
2. Plaintiff/Counter-defendant knew or should have known of the infringing activity of the third party; and
3. Plaintiff/Counter-defendant induced, caused, or materially contributed to the infringing activity of the third party.

With regard to the first element, you must find that a third party committed copyright infringement; in other words, all of the elements of direct copyright infringement for this other third party must be proven by Defendant/Counter-plaintiff. If you find that Defendant/counter-plaintiff has failed to prove that a third party has directly infringed, then you must find for Plaintiff/Counter-defendant.

If Defendant/Counter-plaintiff fails to prove any of these elements, you should find for the Plaintiff/Counter-defendant.

**<u>Authority</u>**

American Bar Association, *Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation*, Instr. 1.5.12 (2008).

Request No. 15

**Actual Damages & Apportionment**

If you find that Mr. Penders has valid copyrights in the comic book characters and stories and you find that that copyright was infringed by ACP, then you should find for Mr. Penders. You must then decide on the amount of damages Mr. Penders is entitled to recover.

The law allows a successful plaintiff to recover the actual damages suffered by plaintiff as a result of the infringement, including lost profits, and also any profits of defendant attributable to the infringement that you have not already taken into account or properly covered in figuring plaintiff's lost profits.

Examples include:

1. A decrease in the market value of the copyrighted work caused by the infringement.
2. Profits that Plaintiff proves he would have made without the infringement. Profits are the revenue Plaintiff would have made on sales he would have made without the infringement, less any additional expenses he would have incurred in making the sales.
3. What a willing buyer reasonably would have paid Plaintiff to obtain a license to copy, display, use and sell Plaintiff's copyrighted work.

Defendants' profits consist of the amount of money that the defendants have made due to the infringement, after deducting the defendants' expenses in producing and marketing the infringing work.

Plaintiff is not necessarily entitled to all of the defendants' profits, but only to the part of the defendants' profits which is due to the infringement. If defendant's work was profitable for

reasons that had nothing to do with defendant's infringement of plaintiff's work, then the plaintiff is not entitled to recover the defendant's profits, because they did not result from the infringement.

If you reach that point, you must decide to what extent ACP's sales and profits were attributable to copyright infringement, and whether Mr. Penders is entitled to all of ACP's profits, or none of ACP's profits, or something in between.

Mr. Penders may elect to recover statutory damages instead of actual damages and profits.

Once copyright owner elects to recover statutory damages, the owner may not recover actual damages as well. Apportionment of damages to reflect factors other than copyrighted work which may have led to infringer's profits is not available when the owner elects statutory damages.

**Authority:**

17 USC §504(b); M. Nimmer, Nimmer on Copyright § 14.01; 17 U.S.C. § 504(b); *Russell v. Price*, 612 F.2d 1123, 1130• 31 (9th Cir. 1979) (1909 Act); 3 Nimmer on Copyright § 14.03[B] at p.14 and n.6.; *Davis v. The Gap, Inc.*, 246 F.3d 152 (2d Cir. 2001); *In Design v. K-Mart Apparel Corp.*, 13 F.3d 559, 563 (2d Cir. 1994); *Sid & Marty Krofft Television Products, Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1174 (9th Cir. 1977) (cost of hypothetical license); *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 569 (7th Cir. 2003)

**Plaintiff's Objections and Response**

Plaintiff objects insofar as the proposed instruction is argumentative, incomplete, and not supported by law. Plaintiff also objects to the phrasing of this instruction. The Copyright Act allows recovery of either statutory damages, or "actual damages suffered by [the copyright owner] as a result of the infringement" plus "any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(a), (b). Actual damages are awarded to compensate for demonstrable harm caused by

infringement. Polar Bear Prods., Inc. v.Timex Corp., 384 F.3d 700, 708 (9th Cir. 2004). Defendant/Counterclaim-plaintiff has produced no evidence, or identified any witness to support any claim for damages of the type cited in the examples included in the above proposed jury instruction. See generally Oracle USA, Inc. v. SAP AG, C 07-1658 PJH, 2011 WL 3862074 (N.D. Cal. Sept. 1, 2011).

Plaintiff proposes the following instruction, adapted from the American Bar Association's Model Jury Instructions for Copyright, Trademark and Trade Dress Litigation, in lieu of the above:

If you find that Plaintiff/Counter-defendant has infringed Defendant/Counter-plaintiff's copyrights, then Defendant/Counter-plaintiff may recover actual damages, plus Plaintiff/Counter-defendant's profits attributable to infringement.

Actual damages are intended to compensate a copyright owner for losses due to the infringement. Actual damages include any profits Defendant/Counter-plaintiff may have lost due to the infringement, including but not limited to sales of the copyrighted work, and/or a reasonable license fee that Plaintiff/Counter-defendant would have or should have paid for the use. You should broadly construe actual damages to favor victims of infringement, keeping in mind that a principal objective of copyright law is to enable creators to earn a living through the sale or licensing of their copyrighted works.

**Authorities**

American Bar Association, *Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation*, Instr. 1.7.1, 1.7.2 (2008).

Request No. 16

**Statutory Damages**

A plaintiff may elect to try to receive Statutory Damages instead of Actual Damages. The jury is to decide an amount that is not less than $750 up to $30,000 per infringed work. If there is willful copyright infringement, the district court may also, in its discretion, enhance the statutory damages award to as much as $150,000 per infringed work.

Willful copyright infringement exists when

a. The defendant was actually aware of the infringing activity, or

b. The defendant's actions were the result of "reckless disregard" for, or "willful blindness" to, the copyright holder's rights.

You, as the jury, can decide the proper amount of statutory damages. In determining the appropriate amount to award, you may consider the following factors:

1. The expenses that Defendant saved and the profits that he earned because of the infringement;
2. The revenues that Plaintiff lost because of the infringement;
3. The difficulty of proving Plaintiff's actual damages;
4. The circumstances of the infringement;
5. Whether Defendant intentionally infringed Plaintiff's copyright; and
6. Deterrence of future infringement.

**Authority:**

17 USC § 504; *Island Software & Computer v. Microsoft*, 413 F.3d 257 (2nd Cir. 2005); *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952); *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991); *N.A.S. Import Corp. v. Chenson Enters.*,

*Inc.*, 968 F.2d 250, 252 (2d Cir. 1992) (citing 3 M. Nimmer & D. Nimmer, Nimmer on Copyright § 14.04[B], at 14-41 (1991))

**Plaintiff's Objections and Response**

Plaintiff objects insofar as the proposed instruction is argumentative, incomplete, and not supported by law. Plaintiff also objects to the phrasing of this instruction. As previously discussed in Plaintiff's Motion to Dismiss, and to which Defendant failed to substantively respond, under 17 U.S.C. 412(2), statutory damages are precluded from recovery where an action for infringement is commenced after *first* publication of the work and before the effective date of its registration unless the registration is made within three (3) months after the *first* publication of the work. Defendant/Counter-plaintiff is not entitled to statutory damages or attorneys fees if he prevails on any claim of infringement and therefore this proposed instruction should not be given to the jury.

Request No. 17

**Damages – Attorney's Fees**

Attorney's fees are permitted to be awarded to the party that prevails. There is no precise rule or formula for making determinations as to when attorney's fees should be awarded, but instead equitable discretion should be exercised.

Some considerations are:

(1) the frivolousness of the non-prevailing party's claims or defenses;

(2) the party's motivation;

(3) whether the claims or defenses were objectively unreasonable; and

(4) compensation and deterrence.

The third factor — objective unreasonableness — should be given substantial weight.

**Authority:**

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994); *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 122 (2d Cir. 2001)

**Plaintiff's Objections and Response**

Plaintiff objects insofar as the proposed instruction is argumentative, incomplete, and not supported by law. Plaintiff also objects to the phrasing of this instruction. As previously discussed in Plaintiff's Motion to Dismiss, and to which Defendant failed to substantively respond, under 17 U.S.C. 412(2), attorneys' fees are precluded from recovery where an action for infringement is commenced after *first* publication of the work and before the effective date of its registration unless the registration is made within three (3) months after the *first* publication of the work. Defendant/Counter-plaintiff is not entitled to statutory damages or attorneys fees if he

prevails on any claim of infringement and therefore this proposed instruction should not be given to the jury.

Request No. 18

**Defense of ACP's Claims – Unclean Hands**

Under the doctrine of unclean hands, a defendant will not face any liability should the plaintiff have committed a wrong. In this case, the wrong would be misleading the Library of Congress' Copyright office.

Should you find that ACP has misled the Library of Congress' Copyright Office, then you must find against ACP in its declaratory judgment requests.

**Plaintiff's Objections and Response**

Plaintiff objects insofar as the proposed instruction is argumentative, incomplete, and not supported by law. Plaintiff also objects to the phrasing of this instruction. The proposed instruction should not be adopted by the court because it does not appear to follow any logical argument made by either party nor does it cite any authority whatsoever. The instruction is not supported by the allegations made in the pleadings. Defendant/Counter-plaintiff has never argued or produced any evidence of Plaintiff/Counter-defendant misleading the Copyright Office. This instruction should not be given.

Request No. 19

**Defense of ACP Claims – No Contract Between Parties**

A written agreement must clearly show the intent of the parties, what they said and what they did and all of the surrounding circumstances.

A party's secret intent has no bearing; only the intent indicated by the party's words and acts may be considered.

The ACP Licensed Comic Books Independent Contractor's Agreement contains missing terms (blank lines) in paragraph 2 and lines in paragraphs 6 and 7 that were filled in at a point to ensure that they were **not** blank. In New York, no court can write a new contract, or fill in the blank spaces, for parties. We are left with an alleged agreement which is ineffective for any purpose since it lacks the "how, where and when" needed to make it a full and understandable promise. A party's secret intent has no bearing; only the intent indicated by the party's words and acts may be considered.

The question of whether an ambiguity exists must be ascertained from the face of an agreement without regard to extrinsic evidence. In other words, you must look only within the four corners of the document, and cannot look at any other documents nor rely on any testimony regarding what "should have been" inside the document. A contract should be enforced according to its terms and is not to be subverted by straining to find an ambiguity which otherwise might not be thought to exist.

**Authority**:

*Perkins v. Meyer*, 302 N.Y. 139 (1951); *Reiss v. Financial Performance Corporation*, 97 N.Y.2d 195 (2001); *White Rose Food v. Saleh*, 99 N.Y.2d 589 (2003)

**Plaintiff's Objections and Response**

Plaintiff objects insofar as the proposed instruction is argumentative, incomplete, and not supported by law. Plaintiff also objects to the phrasing of this instruction. The proposed instruction actually attempts to argue substantive points Defendant/Counter-plaintiff anticipates to make at trial; this sounds more like a closing argument than a jury instruction, and is entirely inappropriate. Plaintiff proposes Plaintiff's Proposed Jury Instruction No. 46: "Breach of Contract – The Contractor's Agreement," and, Plaintiff's Proposed Jury Instruction No. 47: "Breach of Contract – the Licensed Comic Books IC Agreement," in lieu of the Defendant's proposed instruction above.

Request No. 20

**Defense to ACP's Claims – No Tortious Interference with Contract**

ACP, as plaintiff, must show the following elements if Mr. Penders is liable for Tortious Interference with Contract, a popular New York State civil claim:

1. The existence of a valid contract between ACP and a third party,
2. Mr. Penders' knowledge of that contract,
3. Mr. Penders' intentional procurement of the third party's breach of that contract, and
4. Damages

In this case, for example, if Mr. Penders did not intentionally procure the breach of a contract between ACP and a third party, then you must find that Mr. Penders is not liable for Tortious Interference with Contract. If Mr. Penders did not damage ACP, then Mr. Penders is not liable for Tortious Interference with Contract.

If you find that Mr. Penders did tortuously interfere with a contract of ACP, that interference can be economically justified, meaning that you are to find that Mr. Penders is not liable for Tortious Intereference with Contract. Economic interest is a defense to an action for Tortious Interference with a Contract unless there is a showing of malice or illegality. In this case, Mr. Penders has an economic interest in protecting Mr. Penders' business affairs as a well-known comic book artist and writer. Unless Mr. Penders maliciously interfered with a contract between ACP and a third party, any interference is justified. If Mr. Penders' actions did not serve a personal interest, then you must find that those actions had an economic justification and, therefore, Mr. Penders is not liable for Tortious Interference with Contract.

**Authority:**

*Mei-Ling Chung v. Anna Wang*, 79 A.D.3d 693 [2d Dept 2010]; *Foster v Churchill*, 87 NY2d 744, 749-750 [1996]; *R.U.M.C Realty Corp. v JCF Assoc. LLC*, 51 AD3d 993, 994-995 [2008], citing *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]

**Plaintiff's Objections and Response**

Plaintiff objects insofar as the proposed instruction is argumentative, incomplete, and not supported by law. Plaintiff also objects to the phrasing of this instruction. The proposed instruction injects purported facts and argument where none should exist, and fails to define "economic interest" adequately under the caselaw. A review of the cases cited reveals also that the business interest injected by the instruction is not even of the type recognized to sustain the defense. The proposed instruction is not supported by the pleadings; this was never raised as an affirmative defense. Plaintiff proposes Plaintiff's Proposed Jury Instruction No. 48: "Tortious Interference with Business/Economic Opportunity," in lieu of the Defendant's proposed instruction above.

Request No. 21

**Right To See Exhibits and Hear Testimony**

Now, ladies and gentlemen, you are about to go into the jury room and begin your deliberations. All of the exhibits will be given to you at the start of deliberations. If you want any of the testimony read, you may also request that. Please remember that we do not have a daily written transcript available, so if you do ask for testimony, the reporter must search through his or her notes and the lawyers must agree on what portions of testimony may be called for, and if they disagree I must resolve those disagreements. That can be a time-consuming process. So please try to be as specific as you possibly can in requesting portions of the testimony, if you do. Your requests for testimony -- in fact any communication with the Court – should be made to me in writing, signed by your foreperson, and given to one of the Marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a verdict is reached.

**Plaintiff's Objections and Response**

Plaintiff objects insofar as the proposed instruction is not supported by law. Plaintiff also objects to the phrasing of this instruction. Defendant provides no authority whatsoever for this instruction. Plaintiff proposes Plaintiff's Proposed Jury Instruction No. 52: "Right to See Exhibits and Hear Testimony; Communications With Court," in lieu of the Defendant's proposed instruction above.

Request No. 22

**Duty To Deliberate/Verdict**

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact. It is for you, and you alone, to decide whether plaintiffs have sustained their burden of proof as I have explained it to you with respect to each element of any claim. If you find that plaintiffs have succeeded, you should return a verdict in their favor. If you find that plaintiffs have failed to sustain their burden on any element of any claim, you should return a verdict in favor of defendant on that claim.

I know you will try the issues that have been presented to you according to the oath that you have taken as jurors. In that oath you promised that you would well and truly try the issues in this case and a true verdict render.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for yourself but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Every juror should be heard. No one juror should hold the center stage in the jury room and no one juror should control or monopolize the deliberations. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

**Plaintiff's Objections and Response**

Plaintiff objects insofar as the proposed instruction is not supported by law. Plaintiff also objects to the phrasing of this instruction. Defendant provides no authority whatsoever for this instruction. Plaintiff proposes Plaintiff's Proposed Jury Instruction No. 53: "Duty to Deliberate/Unanimous Verdict," in lieu of the Defendant's proposed instruction above.

Request No. 23

**Selection of Foreperson**

Your foreperson will preside over the deliberations and speak for you here in open court. The foreperson has no greater voice or authority than any other juror. The foreperson will send out any notes and, when the jury has reached a verdict, he will notify the Marshal that the jury has reached a verdict.

**Plaintiff's Objections and Response**

Plaintiff objects insofar as the proposed instruction is not supported by law. Plaintiff also objects to the phrasing of this instruction. Defendant provides no authority whatsoever for this instruction. Plaintiff proposes Plaintiff's Proposed Jury Instruction No. 55: "Selection of Foreperson," in lieu of the Defendant's proposed instruction above.

Request No. 24

**Return of Verdict**

I will give you a verdict sheet/form to be filled in by the jury. The purpose of the questions on the form is to help us -- the Court, and counsel for plaintiff and defendant – to understand what your findings are. I will hand this form, which contains a set of questions, to the Clerk who will give it to you so that you may record the decision of the jury with respect to each question.

No inference is to be drawn from the way the questions are worded as to what the answer should be. The questions are not to be taken as any indication that I have any opinion as to how they should be answered. I have no such opinion, and even if I did it would not be binding on you.

Before the jury attempts to answer any question you should read the entire set of questions, and make sure that everybody understands each question. Before you answer the questions, you should deliberate in the jury room and discuss the evidence that relates to the questions you must answer. When you have considered the questions thoroughly, and the evidence that relates to those questions, record the answers to the questions on the form I am giving you. Remember, all answers must be unanimous.

**Plaintiff's Objections and Response**

Plaintiff objects insofar as the proposed instruction is not supported by law. Plaintiff also objects to the phrasing of this instruction. Defendant provides no authority whatsoever for this instruction. Plaintiff proposes Plaintiff's Proposed Jury Instruction No. 56: "Return of Verdict," in lieu of the Defendant's proposed instruction above.

Request No. 25

**Closing Comment**

Finally, I say this, not because I think it is necessary, but because it is the custom in this courthouse, you should treat each other with courtesy and respect during your deliberations.

After you have reached a verdict, your foreperson will fill in the Verdict Sheet that has been given to you, sign and date it and advise the Marshal outside your door that you are ready to return to the courtroom.

I will stress that you should be in agreement with the verdict that is announced in Court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

All litigants stand equal in this courtroom. All litigants stand equal before the bar of justice. All litigants stand equal before you. Your duty is to decide between these parties fairly and impartially, to see that justice is done, all in accordance with your oath as jurors.

I thank you for your time and attentiveness.

**Plaintiff's Objections and Response**

Plaintiff objects insofar as the proposed instruction is not supported by law. Plaintiff also objects to the phrasing of this instruction. Defendant provides no authority whatsoever for this instruction.

Respectfully submitted,
DISERIO MARTIN O'CONNOR &
CASTIGLIONI LLP

By: ___/s/______________________
Matthew C. Wagner (MW9432)
mwagner@dmoc.com
Scott Harrington (SH0588)
sharrington@dmoc.com
Diserio Martin O'Connor & Castiglioni LLP
50 Main Street, Suite 1000
White Plains, NY 1060
Tel: 914-684-0090

September 29, 2011

I, Matthew C. Wagner, hereby certify that on the 29th day of September, 2011, pursuant to the requirements of the Federal Rules of Civil Procedure, the foregoing was filed electronically (ECF) and is available for viewing and downloading from the ECF system and will be served on all counsel of record via ECF notification.

Respectfully submitted,
DISERIO MARTIN O'CONNOR &
CASTIGLIONI LLP

By:_/s/__________________________
Matthew C. Wagner (MW9432)
mwagner@dmoc.com

Scott Harrington (SH0588)
sharrington@dmoc.com

Diserio Martin O'Connor & Castiglioni LLP
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: 914-684-0090

September 29, 2011