UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARCHIE COMIC PUBLICATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH W. PENDERS, II,<br>*p/k/a* KEN PENDERS<br><br>Defendant. | Case No.: 10-CV-8858 (RMB)<br><br>Judge: Hon. Richard M. Berman<br><br>DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS, FEES AND COSTS |

Defendant Kenneth W. Penders, II ("Penders" or "Defendant") hereby opposes the Plaintiff's Motion for Sanctions, Fees and Costs ("Mot."), as follows:

## I. Introduction

Counsel for Defendant and Counter-Claimant Kenneth W. Penders, II ("Defense Counsel" and "Defendant" respectively) assert that any delay in providing materials to Plaintiff's counsel in this action was the result of, at worst, inadvertent, negligent error. There was no bad faith, there was no intent or attempt to delay or disrupt these proceedings, and any prejudice to Plaintiff, if indeed there be any at all, is miniscule. Accordingly, Defense Counsel argues that sanctions, fees, and costs are inappropriate.

## II. Statement of Facts

The Defendant's proposed jury instructions were delayed in reaching Plaintiff's counsel due to the unexpected complete failure of the responsible Defense Counsel's computer. (Declaration of Anthony M. Verna, III ("Verna Decl.") filed concurrently herewith; Mot. p. 2.)

The Defendant's portions of the pretrial order, verdict sheet, and objections and responses to the Plaintiff's proposed jury instructions were delayed in reaching

Plaintiff's counsel due to the as-yet unexplained failure of electronic mail to reach Plaintiff's counsel's "mx.dmoc.com" Internet mail server (Declaration of R. Christopher Harshman ("Harshman Decl.") filed concurrently herewith, ¶¶ 6-8), which may, indeed, be the result of an outage in Plaintiff's counsel's infrastructure (Id., ¶ 9).

These documents were originally forwarded to Plaintiff's counsel on Wednesday, September 28 and, to the extent they were inadvertently not sent then, were resent the morning of Thursday, September 29, immediately upon discovery. (Harshman Decl., ¶¶ 13-16.) Upon receiving no response to Defendant's counsel's inquiry regarding timing for counsel to meet and confer concerning the documents, Defendant's counsel sent a follow-up e-mail to Plaintiff's counsel on Thursday afternoon, September 29. (Harshman Decl., Plaintiff's counsel advised they had not received the September 28 e-mail. When the documents were re-sent on the 29th, Plaintiff's counsel advised that the attachments were unreadable and could not be opened.

Defendant's counsel again re-sent the documents, and on September 30 sent a follow-up email to Plaintiff's counsel to confirm their receipt. Plaintiff's counsel responded and advised that they had still not received readable copies of the documents, and suggested scheduling a meet and confer on Monday October 3. Following this exchange, Defendant's counsel again sought to email the documents to Plaintiff's counsel; however, all attempts proved unsuccessful, including a number of "test" emails that bounced. Declaration of Michael L. Lovitz ("Lovitz Decl.") filed concurrently herewith, ¶¶ 4. Counsel for Defendant continued to reach out to Plaintiff's counsel to determine if emails were being received, including forwarding a "Test" email to Plaintiff's counsel in the early afternoon on October 3 (Lovitz Decl5). On the morning of October 4, Counsel for Defendant learned that all attempts had been unsuccessful and that as of 9am Eastern the documents still had

not been received (Lovitz Decl., ¶ 6). The documents were successfully delivered to Plaintiff's counsel on Tuesday, October 4. (Harshman Decl., ¶ 10.). Plaintiff's counsel additionally draws the Court's attention to the allegedly "late" production of documents that Mr. Penders did not have in his possession until shortly before his August 25, 2011 deposition, and of which Defense Counsel was unaware prior to same: "I just received the separate transfers from him. So I will turn those over to you." (Deposition of Kenneth W. Penders II, 197:24-25), and perhaps email communications that were not, prior to Mr. Penders' preparation for his response to the Plaintiff's motions *in limine*, in his "possession" or "custody" and which were obtained from the Copyright Office, a United States Government agency over which Mr. Penders does not have "control." Fed. R. Civ. P. 34. Too, counsel for Plaintiff, in response to several production requests by Defense Counsel, pledged to "take [the requests] under advisement" (e.g., Deposition of Mike Pellerito, 62:8-25 and 86:13-24); to date, Defense Counsel has received no response from counsel for the Plaintiff. (Declaration of Michael Lovitz ("Lovitz Decl.") filed concurrently herewith, ¶¶ 7-9.)

Further, the Plaintiff attempts to impugn Mr. Pendersover the mechanical failure of his computer's hard drive, a lamentable occurrence that has prejudiced Penders as much as, if not moreso, than it has the Plaintiff. Indeed, Penders' situation with his failed hard drive mirrors that of the Plaintiff, who has lost original documents demanded by the Defendant in this matter: "The originals appear to have been lost or destroyed. Plaintiff did not lose or destroy the originals in bad faith; to the contrary, it would have been in Plaintiff's interest to preserve the originals." (Plaintiff's Response and Objection to Defendant's Demand for Inspection, July 18, 2011, p.2.)

Finally, Plaintiff, too, did not provide its Exhibit List; the first Penders or Defense Counsel learned of its existence was when counsel for the Plaintiff attached it to the instant motion. (Harshman Decl., ¶

## III. Argument

### A. Sanctions are Inappropriate under Rule 16

[Add some sort of intro to this topic? Like: Plaintiff's request for sanctions, like the case law to which it cites, is simply not applicable to the instant case.]

*In re Weadley*, which Plaintiff asserts in support of its demand for sanctions, is clearly distinguishable. In *Weadley*, "[t]he final pretrial order also made clear that failure to comply with its terms "*will* result in the imposition of appropriate sanctions." Final Pretrial Order at ¶ 10 (emphasis in originalQUOTES ARE OFF HERE…). It specified what those sanctions would be. *Id.* Failure to file and exchange the list of exhibits and the exhibits themselves would preclude a party from introducing any exhibits into evidence at trial. *Id.* at ¶ 10.a. Failure to file and exchange the list of witnesses would preclude a party from presenting any witnesses at trial. *Id.* at ¶ 10. b." *Id.,* 06 B 1854, 2008 WL 2397590 (Bankr. N.D. Ill. June 11, 2008). No such preexisting order exists in this present matter and the minutes of the relevant June 2, 2011 status conference merely set dates, and the parties' stipulation to extend (D.E. 46) contains no mention of penalties whatsoever, let alone penalties as severe as what Plaintiff now demands.

*Neufeld* similarly provides Plaintiff with little support; there, the Court's imposition of sanctions was based on the sanctioned parties having "engaged in a pattern of failing to comply with the orders of this court." *Neufeld v. Neufeld*, 172 F.R.D. 115, 116 (S.D.N.Y. 1997). The conduct Plaintiff's counsel emphasizes, "failure to prepare a pretrial order to be joined by defendant and … failure to file a pretrial

memorandum," must be analyzed in the context of that case, where the sanctioned "plaintiffs' willful intransigence cannot be questioned."

> Plaintiff Shirley Neufeld canceled a deposition scheduled for June of last year and failed to reschedule it, she refused to appear for a deposition ordered by the court in early July and only appeared for a deposition in November after the court informed her that the case would be dismissed if she did not appear. Moreover, as of January 17 of this year, she had failed to pay the sanctions imposed upon her by the court nearly two months earlier and, **finally**, plaintiffs have failed to submit a pretrial memorandum and joint pretrial order despite the fact that the case is to be tried **in less than a week**."
>
> *Id.*, at 119 (emphasis added).

That is simply not the case here, where Penders has participated dutifully in this action by meeting his obligations under the Federal Rules of Civil Procedure, nor where unforeseen circumstances led to unexpected, wholly inadvertent, delays over a period of a handful of contiguous days. This is not a pattern of willful intransigence, this is inadvertence.

Plaintiff's other purported supports are equally unpersuasive. In *Chandler v. City of New York,* 03 CIV. 0789 (RJH), 2005 WL 2709175 (S.D.N.Y. Oct. 20, 2005), sanctions were deemed warranted where a party's "failure to abide court orders is significant, spanning over **seven months**" (emphasis added). Further, where, as here, Penders is a party of extremely limited means (D.E. 11-2, ¶ 71), and where Defense Counsel has not been paid (Harshman Decl., ¶ 12; Lovitz Decl. ¶ 12., ¶ ), requiring Penders or Defense Counsel to pay a substantial penalty "as a condition of proceeding with his case would be too harsh." *Mihov v. Meyer,* 94 CIV. 5490 (LLS), 1998 WL 3593 (S.D.N.Y. Jan. 6, 1998).

### B. Precluding Evidence Denies the Court its Role as Finder of Fact

"The admissibility of relevant evidence is made the touchstone because, in the judgment of the Advisory Committee and Congress, the probability of

ascertaining the truth increases in direct proportion to the growth of the factfinder's knowledge." Berger, An Introduction to the Federal Rules of Evidence, 1975, 2 Litigation 8.

Plaintiff's demand in this regard thus must appropriately be denied.

### C. Sanctions are Inappropriate Where There Has Been No Intentional Dereliction nor Bad Faith

Plaintiff asks the Court exercise its inherent powers and sanction the Defendant and Defense Counsel. However, "[b]ecause inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764, 100 S. Ct. 2455, 2463, 65 L. Ed. 2d 488 (1980).

"The general "American" rule is that a prevailing litigant may not recover attorney's fees absent some specific statutory exception created by Congress. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 257 (1975). But courts do have the inherent power to assess attorney's fees where counsel has acted in **bad faith** or has **wilfully abuse[d] judicial process** [ ].". This exercise of power, however, has been reserved for instances of 'serious and studied disregard for the orderly processes of justice.'" *Boritzer v. Blum,* 80 CV 480, 1985 WL 25022 (E.D.N.Y. Apr. 2, 1985) (citing *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980)) (emphasis added).

"This section has been interpreted to allow the imposition of costs where an attorney's conduct amounts to "an **intentional** departure from proper conduct," United States v. Ross, 535 F.2d 346, 349 (6th Cir.1976), or "**bad faith**," State of West Virginia v. Chas. Pfizer & Co., 440 F.2d 1079, 1092, (2d Cir.1971)." *Id.* (emphasis added).

Here, the Defense Counsel's conduct, to the extent that it is objectionable at all, simply fails to reach the level of intent or bad faith required for the Court to

award the sanctions sought by the Plaintiff. Even if Defense Counsel has been, to any extent, "negligent and carless," this does not reach the level of sanctionable conduct. *Saxholm AS v. Dynal, Inc.*, 938 F. Supp. 120, 127 (E.D.N.Y. 1996)

## IV. Conclusion

Here, despite Plaintiff's oft repeated assertions to the contrary, there has been no intentional delay, no bad faith interference with the orderly progress of these proceedings, and no delay or significant (if any) prejudice that would warrant the drastic sanctions the Plaintiff now seeks. Accordingly, the Plaintiff's motion must be denied.

Dated: October 10, 2011
Beverly Hills, California

LOVITZ IP LAW, P.C.

By /s/

R. Christopher Harshman (*pro hac vice*)
9701 Wilshire Blvd. Ste 1000
Beverly Hills, CA 90212
Tel: (310) 860-6136
Fax: (310) 861-6566

*Attorneys for Defendant Kenneth W. Penders, II*