UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARCHIE COMIC PUBLICATIONS, INC., | Case No.: 10-CV-8858 (RMB) |
| Plaintiff, | Judge: Hon. Richard M. Berman |
| v. | DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE |
| KENNETH W. PENDERS, II, *p/k/a* KEN PENDERS | |
| Defendant. | |

**Procedural Position**

As a threshold matter, it is unclear to the Defendant whether the Plaintiff's motion was brought under Fed. R. Civ. P. 26 through 37 inclusive, in which case Southern District of New York Local Rule 37.2 applies ("[n]o motion under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure shall be heard unless counsel for the moving party has first requested an informal conference with the Court by letter and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference"), or otherwise, in which case Local Rule 6.1(b) applies ("any opposing affidavits and answering memoranda shall be served within fourteen days after service of the moving papers," i.e., today, October 13, 2011). As a review of the docket reveals no such letter sent by Plaintiff, Defendant assumes this matter is subject to the latter local rule.

**Facts**

Penders produced the documents he had in his possession, custody or control at the time discovery responses were due, either verbatim or as unexecuted but otherwise true and correct copies of documents that would later be executed and made available to him. (Declaration of

Kenneth W. Penders, II, filed concurrently herewith ("Penders Decl."), ¶¶__). Other documents were served, albeit as attachments to Penders' declaration, as soon as was practicable after those documents came into Plaintiff's possession, custody, or control. Any delay was inadvertent and the result of external factors, including the personal matters faced by third parties, etc., beyond Plaintiff's control.

## Argument

Plaintiff seeks to preclude, in its own words, "highly material" evidence that was not – could not – have been produced during the applicable discovery period. However, "precluding evidence that was not disclosed in discovery is a drastic remedy and will apply only in situations where the failure to disclose represents a flagrant bad faith and callous disregard for the rules." *Montefiore Med. Ctr. v. Am. Prot. Ins. Co.*, 226 F. Supp. 2d 470, 475 (S.D.N.Y. 2002) (internal citations and quotations removed).

No such bad faith or callous disregard exists here. The Defendant complied as best he could with the Plaintiff's discovery requests, and supplemented via declaration as the additional documents and information became available to him. He commits hereby to fully supplementing his discovery more formally (e.g., with Bates numbered documents) by the close of business in California on Friday, October 14th, 2011. The documents the Plaintiff complains it was unable to review were, in fact, produced insofar as Penders was then able to do so, and Plaintiff had an opportunity to examine Penders about those documents during Penders' Deposition.

\\

\\

\\

Plaintiff has not been prejudiced.

Dated: October 13, 2011            LOVITZ IP LAW, P.C.

Beverly Hills, California

                            By    /s/_____
                                 R. Christopher Harshman (*pro hac vice*)
                               9701 Wilshire Blvd. Ste 1000
                               Beverly Hills, CA 90212
                               Tel:   (310) 860-6136
                               Fax:   (310) 861-6566

                               *Attorneys for Defendant Kenneth W. Penders, II*