**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARCHIE COMIC PUBLICATIONS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH W. PENDERS, II,<br>*a/k/a* KEN PENDERS<br><br>Defendant. | Case No.: 10-CV-8858 (RMB)<br><br>Judge: Hon. Richard M. Berman<br><br>**Electronically Filed** |

**PLAINTIFF'S AMENDED MOTION IN LIMINE**

## Table of Contents

INTRODUCTION ........................................................................................................ 1

RELEVANT FACTS.................................................................................................. 1

MEMORANDUM OF LAW ........................................................................................ 3

A. Defendant's Undisclosed Trial Exhibits Should Be Excluded From Trial Because None Were Produced in Discovery And Defendant Should Be Precluded From Relying on These Exhibits At Trial. ......................................................................................... 3

B. Defendant's Witnesses Daryl Edelman, Ed Spallone, Justin Gabrie, Karl Bollers, Scott Shaw, Elliot S! Maggin, Jim Valentino, and William Briganti Should Be Excluded From Testifying At Trial Because Defendant Failed to Provide Address or Contact Information For These Witnesses At All Times Prior to the Amended Pretrial Order. ..... 8

C. Defendant's Witness William Briganti Should Be Excluded From Testifying At Trial Because Penders Failed to Disclose The Witness. ......................................................... 9

D. Request For Fees And Sanctions Pursuant To Rule 37(c) ...................................... 10

CONCLUSION ......................................................................................................... 12

## INTRODUCTION

Please take notice that Plaintiff, Archie Comic Publications, Inc. ("ACP"), by and through its attorneys, hereby moves this Court for an order excluding Defendant's undisclosed trial exhibits; precluding Penders from relying on any document he failed to disclose and produce during discovery and prior to the filing of the December 9 Pretrial Order; and excluding the testimony of Defendant's witnesses Daryl Edelman, Ed Spallone, Justin Gabrie, Karl Bollers, Mike Kanterovich, Scott Shaw, Elliot S! Maggin, Jim Valentino, and William Briganti. Plaintiff further requests that the Court order all other sanctions, including attorneys' fees, as may be applicable, and for Defendant's attorney to instruct his client and witnesses to strictly follow any such order.

## RELEVANT FACTS

This action for declaratory judgment of non-infringement and breach of contract arises from the relationship between Penders and ACP and the written agreements that memorialized that relationship. In 1996, Penders executed two agreements with ACP: Revised Newsstand Comic Independent Contractor's Agreement ("Contractor's Agreement"); and ACP Licensed Comic Books Independent Contractor's Agreement ("Licensed Comic Books IC Agreement"). D.E. 1, Exh. A and B.

Plaintiff's [First Set of] Motions In Limine was filed on September 14, 2011 (D.E. 48) and dealt with the numerous failings in Penders' portions of the Proposed Pretrial Order filed on September 30, 2011 (D.E. 64). After obtaining new counsel in October 2011, Penders served a revised witness list on December 9, 2011 as part of the revised Proposed Pretrial Order. D.E. 101, at 37-40 ("December 9 Pretrial Order"). The revised witness list identified fourteen (14) witnesses Penders intends to call at trial. *Id.* Penders' witness list failed to provide address, telephone, or identifying information for witnesses Daryl Edelman, Ed Spallone, Justin Gabrie, Karl Bollers, Scott Shaw or Elliot

S! Maggin. *Id.* The witness list also, for the first time in this litigation, identified William Briganti as a witness Penders intends to call at trial. *Id.* In addition, Penders provided his exhibit list inclusive of nearly 200 exhibits, many of which were never disclosed or produced to ACP.

Shortfalls in Penders' portions of the revised Pretrial Order were addressed in Plaintiff's Second Set of Motions In Limine. D.E. 102. On December 13, 2011, after the filing of the December 9 Pretrial Order (D.E. 101) and Plaintiff's Second Set of Motions In Limine (D.E. 102), Penders hand-delivered thousands of documents and things to ACP along with an updated exhibit list (even though his exhibit list had been filed with the December 9 Pretrial Order days earlier), which was also hand-delivered to the Court. Penders' updated exhibit list (attached hereto as Exh. A) includes 200 exhibits – many of which were never produced to ACP during discovery, prior to the filing of the December 9 Pretrial Order, or at any time prior to December 13, 2011, including trial exhibit numbers 1-3, 48, 58-61, 63, 65-67, 83, 93-114, 117-125, 126 A, 126 B, 127-128, 130-143, 147-148, 150-155, and 200. All of these documents and things were requested by ACP in discovery.

The Court instructed Penders on December 15, 2011 to pare down his witness list and resubmit it as part of an amended Proposed Pretrial Order. *See* D.E. 103 ("Amended Pretrial Order"), at 37-40.

This Amended Motion In Limine is submitted in response to the Amended Pretrial Order and to comport with the instructions of this Court. Penders, after being instructed by the Court to pare down his witness list from fourteen (14), now provides thirteen (13) witnesses he intends to call to testify at trial. The revised list removed Penders' purported expert witness and one witness listed on ACP's own witness list. Penders'

revised list also added Mr. Scott Shaw and Mr. Jim Valentino as witnesses to testify at trial. *Id.*, at 39-40.

**MEMORANDUM OF LAW**

**A. Defendant's Undisclosed Trial Exhibits Should Be Excluded From Trial Because None Were Produced in Discovery And Defendant Should Be Precluded From Relying on These Exhibits At Trial.**

Penders' exhibit list includes numerous documents that were neither disclosed nor produced to ACP prior to the Amended Pretrial Order and Penders should be precluded from relying on such documents and exhibits at trial.[1] To introduce documents now, for the first time, in the Pretrial Order with trial set to begin next month is wildly improper and in flagrant disregard for the rules by which parties are bound. The Court should preclude Penders from relying on such documents at trial.

Parties are required, without awaiting a discovery request, to provide all other parties with a copy or description "of all documents the party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). Parties are also required to supplement all disclosures made under Rule 26(a) "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Failing to comply with Rule 26(a) and (e) permits the Court to exclude the improperly disclosed information and evidence, order the payment of reasonable attorneys' fees, and apply additional sanctions as the Court sees fit. Fed. R. Civ. P. 37(c)(1).

---

[1] This Motion In Limine is submitted without waiving any arguments or objections as to the admissibility of any particular document or other grounds, should the Court deny this motion.

The deadline to produce discovery in this case was set by the Court at July 29, 2011. Transcript of status conference held before Hon. Richard M. Berman ("Tr."), June 2, 2011, at 6. Penders failed to introduce any of the documents in his exhibit list labeled KP5000 or greater ("KP5xxx") prior to the July discovery deadline nor at any time prior to December 13, 2011. *See* Exh. A. In fact, as of this Motion, Penders *still* has yet to produce all documents from his exhibit list. Numerous documents listed in Penders' exhibit list have no production number at all and are labeled "To be produced." *Id.*

Specifically, trial exhibit numbers 1-3, 48, 58-61, 63, 65-67, 83, 93-114, 117-125, 126 A, 126 B, 127-128, 130-143, 147-148, 150-155, and 200 were never produced prior to December 13, 2011 and trial exhibit numbers 98, 109-110, 141-142, 152-153, and 155 still have not been produced. *Id.* For some of these "To be produced" documents, Penders states that they are available through a "FTP Site" yet no such site has been provided to ACP. ACP made Penders aware of his failure to produce these documents on December 1, 2011 while the parties prepared the revised Pretrial Order, yet Penders still failed to produce the documents prior to the filing of the December 9 Pretrial Order. *See* Wagner letter to Daman, dated December 1, 2011, attached hereto as Exh. B, at 1. ACP seeks to exclude trial exhibit numbers 1-3, 48, 58-61, 63, 65-67, 83, 93-114, 117-125, 126 A, 126 B, 127-128, 130-143, 147-148, 150-155, and 200.

Penders failed to produce the KP5xxx documents and the "To be produced" documents to ACP pursuant to Rule 26(a)(1)(A)(ii) or (e) and Penders also failed to produce the documents pursuant the numerous interrogatories and requests for production of documents and things served upon him during the discovery phase of this litigation. Penders now lists 200 exhibits in his trial exhibit list. Exh. A. Of these, seventy-two (72) were disclosed for the first time in his exhibit list filed on December 9, 2011. D.E. 101-2. In Penders' amended exhibit list, hand delivered to the Court on

December 13, 2011, sixty-three (63) of the 200 exhibits are documents Penders failed to produce prior to the December 9 Pretrial Order and eight (8) others remain outstanding and are labeled "To be produced," specifically trial exhibit numbers 1-3, 48, 58-61, 63, 65-67, 83, 93-114, 117-125, 126 A, 126 B, 127-128, 130-143, 147-148, 150-155, and 200. Exh. A.

The KP5xxx and "To be produced" documents found in Penders' exhibit list are documents responsive to ACP's April and June 2011 discovery requests. ACP has been requesting these documents since the summer. *See* ACP's First Set of Discovery Requests, attached hereto as Exh. C, and, ACP's Second Set of Discovery Requests, attached hereto as Exh. D. Identifying these documents in the manner in which Penders has provided is in direct violation of Rule 26(a) and (e), sanctionable under Rule 37(c), and is the product of either bad faith, negligence, or a combination thereof. This material was in Penders' possession but never produced.

The document dump from Penders on December 13, 2011 includes thousands of pages of documents. These documents include original works, statements from persons with knowledge of Penders' employment with ACP, copies of allegedly infringing works, and copyright registration certificates – *all* of which ACP requested during discovery, was obviously in Penders' possession, and was never produced. *See* Exh. C and D. All of the documents (original works, statements, etc.) were in Penders' possession and control before or during discovery. By example, a statement by Elliot S! Maggin regarding "Archie v. Penders" is dated March 4, 2011 yet was never disclosed to ACP until December 13, 2011. Maggin statement dated March 3, 2011 and identified by Penders as KP5162, attached hereto as Exh. E.

Even more egregiously, Penders stated in his deposition that he had no signed transfer agreements from Mike Kanterovich prior to filing for his copyright registrations and produced no evidence of any valid transfer during discovery:

> Q: So you did not have a written agreement from [Kanterovich] specifically transferring to you this particular work when you filed the application, right?
>
> A: At the time I filed the application, I may not have had a specific written agreement; correct.
>
> Q: And that would be true for any of the registrations on which Mr. Kanterovich is listed as a co-author, wouldn't it?
>
> A: I would agree. Yes.

Penders Dep. 201: 1-9, Aug. 25, 2011, attached hereto as Exh. F. Amazingly, Penders has now, as of December 13, 2011, produced a transfer agreement from Mr. Kanterovich dated April 22, 2010. Kanterovich transfer agreement identified by Penders as KP5158, attached hereto as Exh. G. Penders has provided no explanation for his failure to produce this document during discovery or at any time prior to December 13. Penders' production of this document now, after failing to produce it despite ACP's clear request for such documentation as far back as April 1, 2011 and Penders' admission that no such document existed, is extremely prejudicial to ACP. *See* Exh. C, at 11 ("Any and all correspondence and documents related to communications between you, or anyone on your behalf, and Mike Kanterovich concerning ACP, the Works, the Sonic Comic Book Series, your Employment with ACP, or the allegations in the Penders' Declaration or Penders' Demand Letter.").

Penders' recent document dump is also notable because it is the first time he has produced documents integral to the adjudication of this case. ACP has been demanding these documents for months. Penders is only now disclosing evidence of his original works which he claims have been infringed. Evidence of the original works is required to be disclosed without awaiting a discovery request. Fed. R. Civ. P.

26(a)(1)(A). ACP has even requested such documentation as far back as June 29, 2011. *See* Exh. D, at 7.

In addition, copies of Penders' nearly 200 copyright registrations have now, finally and for the first time, been disclosed as KP5240-5304 and KP5400-5559. ACP has requested this documentation since its initial request for production on April 1, 2011. Exh. C, at 8. There is no valid excuse for Penders' failure to produce these necessary documents prior to December 13, 2011. At all relevant times Penders had these documents in his possession and control. Due to Penders' failure to produce his original works and copyright registration certificates prior to December 13, as well as Penders' continued failure to produce deposit copies of his copyrights, ACP has been unable to examine and make a direct comparison between the allegedly infringing works and the works covered by Penders' copyright registrations, as would normally be undertaken by any party in ACP's position. Airframe Systems, Inc. v. L-3 Commc'ns Corp., Nos. 10-2001; 11-1169, at 11 (1st Cir. Sept. 14, 2011) ("Having presented no evidence sufficient to prove the content of its [copyright registrations], Airframe cannot show that any of its registered works is substantially similar to the allegedly infringing [works], and Airframe has failed to create a genuine issue of material face as to its claim of copyright infringement."). ACP demanded production of this material in preparation for Mr. Penders' deposition and, due to Penders' failure to produce, ACP was unable to examine Mr. Penders on any of this material.

Penders' attempt to introduce documents in his exhibit list without disclosing and producing such documents to opposing counsel is in derogation of the Federal Rules of Civil Procedure. Due to Penders' failure to comply with Rules 26(a) and (e), and pursuant to Rule 37(c), the Court should preclude Penders from introducing or relying on any document at trial not produced to ACP during discovery, namely, all documents

beginning with the production number KP5000 or greater and all documents labeled "To be produced," including trial exhibit numbers 1-3, 48, 58-61, 63, 65-67, 83, 93-114, 117-125, 126 A, 126 B, 127-128, 130-143, 147-148, 150-155, and 200. The Court should also order Penders to pay reasonable expenses, including attorneys' fees, for necessitating ACP's Motion on this issue and apply additional sanctions as within the purview of this Court (discussed below).

**B. Defendant's Witnesses Daryl Edelman, Ed Spallone, Justin Gabrie, Karl Bollers, Scott Shaw, Elliot S! Maggin, Jim Valentino, and William Briganti Should Be Excluded From Testifying At Trial Because Defendant Failed to Provide Address or Contact Information For These Witnesses At All Times Prior to the Amended Pretrial Order.**

Penders failed to provide contact information for eight (8) of the witnesses he intends to call to testify at trial at all times prior to the filing of the Amended Pretrial Order, namely, Daryl Edelman, Ed Spallone, Justin Gabrie, Karl Bollers, Scott Shaw, Elliot S! Maggin, Jim Valentino, and William Briganti. For this reason, the Court should preclude the aforementioned witnesses from testifying at trial.

Rule 26(a)(3) states that with respect to pretrial disclosures "a party **must provide** to the other parties and promptly file … (i) the name and, if not previously provided, **the address and telephone number of each witness**—separately identifying those the party expects to present and those it may call if the need arises." Fed. R. Civ. P. 26(a)(3) (emphasis added). Any witness not properly disclosed under Rule 26(a)(3) may be excluded from use at trial per Rule 37(c). Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence … at a trial, unless the failure was substantially justified or is harmless."); *see* Fed. R. Civ. P. 26 advisory committee's note to the 1993 amendments.

Penders failed to provide address information for the aforementioned witnesses at all times prior to the Amended Pretrial Order. No such information was provided in Penders Initial Disclosures[2] (attached hereto as Exh. H, at 2-4), Preliminary Witness List (attached hereto as Exh. I), Amended Preliminary Witness List (attached hereto as Exh. J), or at any point during discovery, and, importantly, no address information for these witnesses was disclosed in the December 9 Pretrial Order (D.E. 101, at 37-40). ACP had requested this information many times over, most recently in a letter to Penders' counsel Mr. Daman dated December 1, 2011, to no avail. Exh. B, at 3.

For the foregoing reasons, this Court should exclude the aforementioned witnesses from testifying at trial.

**C. Defendant's Witness William Briganti Should Be Excluded From Testifying At Trial Because Penders Failed to Disclose The Witness.**

Penders failed to disclose his intention to rely on witness William Briganti at all times prior to the December 9 Pretrial Order and the Court should exclude Mr. Briganti from testifying at trial. Failing to disclose Mr. Briganti is in direct violation of Rule 26(a)(1)(A)(i) and (e) which requires disclosure and identification of all individuals "that the disclosing party may use to support its claims or defenses" as well as supplementation of such disclosures. Fed. R. Civ. P. 26(a)(1)(A)(i); *see also,* Fed. R. Civ. P. 26(e). Rule 37(c) bars a party's use of any witness not disclosed or identified as required by Rule 26(a) or (e) absent justification or harmlessness. Fed. R. Civ. P. 37(c)(1); *supra.* Mr. Briganti was not listed in any pretrial witness disclosure. *See* Exh. H, I, and J. Penders has provided no justification for failing to disclose Mr. Briganti in

[2] Address information for Mr. Gabrie was provided in Penders' Initial Disclosures (Exh. H, at 2), yet removed from his Preliminary Witness List (Exh. I, at 2), Amended Preliminary Witness List (Exh. J, at 2), and Pretrial Order (D.E. 101, at 38).

his Initial Disclosures (Exh. H), Preliminary Witness List (Exh. I), Amended Preliminary Witness List (Exh. J), or at any other point during discovery.

In addition, Penders' failure to previously disclose Mr. Brigranti violates the parties joint Rule 29 Stipulation signed and agreed upon by Penders on June 29, 2011 wherein the parties agreed:

> Each party shall provide the other party with a list of anticipated trial witnesses on or before July 20, 2011 along with a set of dates on which such witness will be available for deposition (to the extent known by and/or within the control of that party), and in what city and state.

Rule 29 Stipulation, attached hereto as Exh. K. Mr. Briganti does not appear on any list of anticipated trial witnesses furnished by Penders prior to July 20, 2011 and, in fact, was not disclosed at any time prior to the December 9 Pretrial Order. D.E. 101, at 40. ACP has been prejudiced to the extent that ACP has been afforded no opportunity to depose Mr. Briganti.

With discovery now closed and ACP's trial preparation in full swing, halting trial preparation and reopening discovery in order to depose Mr. Briganti about the subject matter he is now expected to testify about will cause ACP to incur substantial additional costs and further delay resolution of this matter. For the foregoing reasons, this Court should exclude Defendant's witness William Briganti from testifying at trial.

### D. Request For Fees And Sanctions Pursuant To Rule 37(c)

Penders has failed to disclose and produce documents and information pursuant to his obligations under Rule 26. Untimely production of documents and information required to be produced constitutes failure to disclose under Rule 37. Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99 (2d Cir. 2002). A showing of bad faith by the party who has failed to produce is not required in order to exclude evidence pursuant to Rule 37. Design Strategies, Inc. v. Davis, 469 F.3d 284, 296 (2d Cir. 2006)

("[A]lthough a "bad-faith" violation of the Rule 26 is not required in order to exclude evidence pursuant to Rule 37, it can be taken into account as part of the party's explanation for its failure to comply."). The moving party bears the burden of showing opponent's failure to disclose information required by Rule 26. In order to meet this burden, the moving party must establish three elements:

> (1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had 'a culpable state of mind'; and (3) that the missing evidence is 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

In re September 11th Liability Insurance Coverage Cases, 243 F.R.D. 114, 125 (S.D.N.Y. 2007) *citing Residential Funding,* 306 F.3d at 107 (stating legal standard where adverse inference is sought on basis that the evidence was not produced in time for use at trial). Penders, in identifying thousands of pages of documents for the first time in the December 9 Pretrial Order and failing to properly identify and disclose numerous witnesses, has clearly breached his obligations as set forth in Rule 26. Penders failed to identify persons and documents in support of his claims and did not produce or supplement his production in response to ACP's discovery requests.

Time and again throughout this litigation, Penders and his counsel have failed to meet their ongoing obligations and, in fact, have been sanctioned by this Court for such conduct in the past. *See* D.E. 85. The issues addressed in this Motion are yet more examples of unacceptable and prejudicial conduct. A finding that Penders and his counsel have breached their obligations in bad faith is sufficient to establish the relevance of untimely produced evidence as a matter of law and a finding that a party breached its obligations through gross negligence is frequently sufficient. *In re September 11th Liability Insurance Coverage Cases*, 243 F.R.D. at 125 *citing Residential Funding,* 306 F.3d at 109. Having met its burden to show Penders' failure

to disclose documents, information, and witnesses required by Rule 26, ACP moves this Court, pursuant to Rule 37(c), to order payment of reasonable expenses, including attorneys' fees, caused by Penders' failures, and impose other sanctions within its purview.

**CONCLUSION**

For these reasons, Plaintiff respectfully moves this Court for an order excluding Defendant's undisclosed trial exhibits; precluding Penders from relying on any document he failed to disclose and produce during discovery and prior to the filing of the December 9 Pretrial Order; and excluding the testimony of Defendant's witnesses Daryl Edelman, Ed Spallone, Justin Gabrie, Karl Bollers, Mike Kanterovich, Scott Shaw, Elliot S! Maggin, Jim Valentino, and William Briganti. Plaintiff further requests that the Court order all other sanctions, including attorneys' fees, as may be applicable, and for Defendant's attorney to instruct his client and witnesses to strictly follow any such order.

Respectfully submitted,

DISERIO MARTIN O'CONNOR &
CASTIGLIONI LLP

By: /s/ ____________________________

Matthew C. Wagner (MW9432)
mwagner@dmoc.com

Scott Harrington (SH0588)
sharrington@dmoc.com

Jonathan R. Longobardi (JL4399)
jlongobardi@dmoc.com

Diserio Martin O'Connor & Castiglioni LLP
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: 914-684-0090

Date: December 19, 2011

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| ARCHIE COMIC PUBLICATIONS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH W. PENDERS, II,<br>*a/k/a* KEN PENDERS<br><br>Defendant. | Case No.: 10-CV-8858 (RMB)<br><br>Judge: Hon. Richard M. Berman<br><br>**CERTIFICATE OF SERVICE** |
|---|---|

I, Matthew C. Wagner, hereby certify that on the 19th day of December, 2011, pursuant to the requirements of the Federal Rules of Civil Procedure, the foregoing was filed electronically (ECF) and is available for viewing and downloading from the ECF system and will be served on all counsel of record via ECF notification.

Respectfully submitted,

DISERIO MARTIN O'CONNOR & CASTIGLIONI LLP

By: /s/

Matthew C. Wagner (MW9432)
mwagner@dmoc.com

Scott Harrington (SH0588)
sharrington@dmoc.com

Jonathan R. Longobardi (JL4399)
jlongobardi@dmoc.com

Diserio Martin O'Connor & Castiglioni LLP
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: 914-684-0090

Date: December 19, 2011