# Exhibit B

# DISERIO MARTIN O'CONNOR & CASTIGLIONI LLP
ATTORNEYS AT LAW

ONE ATLANTIC STREET
STAMFORD, CT 06901

35 MASON STREET
GREENWICH, CT 06830
TELEPHONE: (203) 622-4100

TELEPHONE: (203) 358-0800
FACSIMILE: (203) 348-2321

50 MAIN STREET
10th FLOOR
WHITE PLAINS, NY 10606
TELEPHONE: (914) 684-0090

WWW.DMOC.COM

SERVICE BY FACSIMILE NOT ACCEPTED

**MATTHEW C. WAGNER**
Admitted in CT, NY, MA and DC
CT Direct Dial: 203-569-1195
mwagner@dmoc.com

Reply to: Stamford Office

**VIA EMAIL: phillip.daman@damanllc.com**                                December 1, 2011

Phillip J. Daman
Daman L.L.C.
17383 Sunset Boulevard
Suite A340
Pacific Palisades, California 90272

        Re:    Archie Comic Publications, Inc., vs. Kenneth W. Penders, II,
                Case No.: 10-CV-8858, Pretrial Order and Exhibit List

Dear Phillip,

       Enclosed please find a copy of the Pretrial Order with our changes and our section on Defenses to Defendant's Counterclaims. I believe it is now ready for submission to Judge Berman and I would like to be able to file this with the Court without delay. Please review and get back to me as soon as possible.

       I have also had the opportunity to initially review your Exhibit List and noticed multiple exhibits that do not contain any reference to production numbers, and some that contain only "KP" or "KP5XXX". We do not have any production from Penders in the 5,000 range. Needless to say, it is difficult to draft our Objections to Defendant's Exhibit List when it is unclear what the exhibit is and whether it has been produced. Exhibits 58, 60, 61, 62, 66, 67 are just a few of many examples of exhibits that do not bear any identifying number. I contacted you about certain exhibits which list production numbers in the 5000+ range, and you confirmed that these have not been produced, even though there is an indication of a "KP" or "KP5XXX". Based on our phone conversation earlier this week, it is clear that these documents were never produced to us - and still have not been produced to us.

       Notwithstanding the difficulty in identifying many of the documents that appear on your exhibit list, we researched your claim that Penders submitted works which were

published but not paid.  This claim obviously came as a surprise based on Penders deposition testimony that he *was* paid for all works acceptable to Archie and his longstanding relationship with Archie.  If he was not paid for work in the 1990s, why would he never raise this with Archie, and keep working for Archie?  As Victor Gorelick's deposition testimony shows, if scripts were submitted to Archie and approved, the freelance writers would be paid and the scripts would be entered into Archie's system.  However, if the scripts were rejected by Archie, they were not published.  In other circumstances, however, Archie even paid Penders for scripts that were never used.

The claim that Penders was not paid for published work is entirely unsupported by the record.  With particular regard to the first two line items in your exhibit list which identify purportedly unpaid-for work which was published by Archie (unproduced documents in the 5,000 production range), we have confirmed that indeed, Penders was paid (based on the title).  I direct your attention to ACP 00601 and ACP 00926, which are billing records provided to Penders during discovery several months ago.  In researching this issue we were also able to locate two additional invoices for these line items on your exhibit list.  These invoices are enclosed and labeled ACP 01096-01097 CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER.  As you will note, both invoices are signed by Penders and Archie for an amount certain for the particular scripts in question.

Despite many months of rewrites, instructions from the editorial team, and multiple submissions, the scripts that Penders turned in for those particular stories were not acceptable to Archie and not what was requested by the assignment.  Nonetheless, and as you can see from Archie's production, Penders was still paid for the scripts.  Penders' continued claim that he was not paid for these stories is frivolous.  These invoices were filled out by name and signed by Penders, and the scripts were entered into Archie's system with generic titles, not Penders' proposed titles.  Because the scripts that Penders submitted were not acceptable and could not be used in the Sonic series, Archie had the stories reassigned and written by another freelance writer.  This writer was also paid and given writer credit in the printed books Sonic #166 and #167.

We also want to remind you that a viable claim for copyright infringement must be supported by a registration and a copy of the work filed in support of the registration.  See *Airframe v. L-3 Communications Corp.*, 658 F.3d 100 (1st Cir. 2011).  We have yet to receive copies of any of the works Penders claims are covered by the registrations cited in your papers.  Please revisit the claims of infringement and set forth a finite list that you intend to pursue in this matter.  The lists that have been produced in this regard are insufficient and unsupported by evidence in this case.  I remind you that any infringement claims must be based on evidence and discovery in this case (documents that have actually been produced in a timely manner), not on conjecture and fantasy.  We will oppose any attempt by you to produce new evidence that should have been produced months ago during discovery.

Also, as you are aware, there is no copyright protection for characters, per se.  Penders was informed of this by the Copyright Office back when he filed his registrations, as appears in the emails between him and Mr. Briganti.  Yet, the "Updated Reprint Material Published by Archie Comics Infringing on Ken's Copyright Registrations" produced to us and identified as "KP1710" includes multiple allegations of infringement for characters.  All

2

claims of infringement of characters should be omitted. A claim of infringement can also only be based on the protectable elements contained in the works which are subject to the registrations, and unprotectable elements must be omitted from consideration of infringement. The recent case of *Belair v. MGA* is instructive on this point. *Belair v. MGA Entm't, Inc.*, 09 CIV. 8870 SAS, 2011 WL 5597370 (S.D.N.Y. Nov. 16, 2011). Any claim of infringement asserted in this case should be limited to those purportedly protectable elements of the works claimed by Penders in his registrations (he disclaimed various material, as you know, and cannot claim rights in preexisting material created by others and owned by Sega, for example), and supported by copies of the registrations and the works for which he obtained those registrations. I struggle to find any evidence to support Penders' claims in this case. You must only advance claims of infringement which you believe you can support both legally *and* factually.

I also repeat my request for complete information for any witness you have identified to call at trial. Many witnesses on your list do not have an address or phone number provided. This is required by the rules, so I may properly prepare for trial.

Lastly, in one of our many conversations recently you indicated that you had filed a motion to appear pro hac vice in this case. I have not been served with any motions in this regard from your firm. Please serve a copy as soon as possible. If for some reason this has not been filed yet (I do not see any filings in this regard on the docket), please do so immediately, and serve me with a copy. I will oppose your request to make further appearances in this case until you have done so. Certainly this must be done in advance of our appearance scheduled for December 13, 2011.

I would like to be able to resolve the above issues without court intervention and additional client expense. If these deficiencies are not resolved, we will be forced to file motions with the court.

I would appreciate a response to this letter by the end of business on Friday, December 2, 2011.

          Very truly yours,

          Matthew C. Wagner

MCW/jrl

Encl.: Pretrial Order Final Draft (27262.1 Joint Pretrial Order (final for circulation) 20111201.docx)
    ACP 01096-97

3