Exhibit C

Matthew C. Wagner
mwagner@dmoc.com
Scott Harrington
sharrington@dmoc.com
DISERIO MARTIN O'CONNOR & CASTIGLIONI, LLP
50 Main Street, Suite 1000
White Plains, NY 10606
(914) 684-0090 Tel
(914) 684-0590 Fax

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARCHIE COMIC PUBLICATIONS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH W. PENDERS, II,<br>*a/k/a* KEN PENDERS<br><br>Defendant. | Case No.: 10-CV-8858 (RMB)<br><br>Judge: Hon. Richard M. Berman<br><br>**PLAINTIFF'S FIRST SET OF**<br>**REQUESTS FOR PRODUCTION OF**<br>**DOCUMENTS AND THINGS DIRECTED**<br>**TO DEFENDANT**<br>**KENNETH W. PENDERS, II,**<br>**A/K/A KEN PENDERS** |

Plaintiff, ARCHIE COMIC PUBLICATIONS, INC., (hereinafter "ACP"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby requests the Defendant, KENNETH W. PENDERS, II, *a/k/a* KEN PENDERS (hereinafter "Penders"), to produce and permit inspection and copying of the documents requested in the following Requests for Production of Documents and Things at the office of Diserio Martin O'Connor & Castiglioni LLP, 50 Main Street, Suite 1000, White Plains, New York, 10606, within thirty (30) days of service hereof. Defendant has a duty pursuant to Rule 26(e) to timely supplement and/or correct his written responses and document production as additional information becomes available.

1

I.    **NOTES AND DEFINITIONS**

Notes and Definitions from ACP's First Set of Interrogatories to Penders are incorporated by reference, as if fully set forth herein.

Further, the provisions of Local Civil Rule 26.3 relating to uniform definitions apply to and are to be incorporated by reference. In addition, the following definitions, particular to this litigation, also apply to these Requests for Production of Documents and Things:

A.     "You", "your" or "PENDERS" means Defendant, KENNETH W. PENDERS, II, a/k/a KEN PENDERS, his partners, employees, attorneys, agents or representatives, and any and all persons acting or purporting to act on behalf of him for any purpose whatsoever.

B.     "ACP" means Plaintiff, ARCHIE COMIC PUBLICATIONS, INC. its partners, employees, attorneys, agents or representatives, and any and all persons acting or purporting to act on behalf of it for any purpose whatsoever.

C.     "Refer" or "relate to" (or any form thereof) means describing, concerning, representing, evidencing, or constituting.

D.     The word "or" means "and/or." The terms "any" and "all" shall be construed interchangeably so as to bring within the purview of a request, information that might otherwise not be included. The singular includes the plural and vice versa. The masculine includes the feminine and neutral genders. The past tense includes the present tense where the clear meaning is not distorted by the change of tense.

E.     "Person" and "Persons" means any natural persons and all other legal entities, including firms, associations, partnerships, corporations, agents, representatives and trusts.

F.     "Licensed Comic Books IC Agreement" means the work-for-hire agreement entitled ACP Licensed Comic Books Independent Contractor's Agreement entered into by ACP on November 25, 1996 and Penders on December 12, 1996 (as attached to the Complaint as Exhibit B) including any amendments, extensions or revisions thereto.

G.     "Contractor's Agreement" means the work-for-hire agreement entitled Revised Newsstand Comic Independent Contractor's Agreement, entered into by ACP on November 25, 1996 and Penders on December 12, 1996 (as attached to the Complaint as Exhibit A), including any amendments, extensions or revisions thereto.

H.     "Penders' Demand Letter" means the letter dated July 2, 2010 from Attorney Michael L. Lovitz, counsel for Penders, to Jonathan Goldwater and Nancy Silberkliet of ACP.

I.     "Penders' December Letter" means the letter dated December 16, 2010 from Attorney Michael L. Lovitz, counsel for Penders, to Attorney Matthew C. Wagner, counsel for ACP.

J.     "Complaint" means the Complaint filed by ACP on November 23, 2010 commencing this action, and all Exhibits attached thereto.

K.     The term "document" shall be given the broadest possible meaning under the applicable Federal Rules of Civil Procedure and shall include all drafts and non-

3

identical copies of all written, printed, typed, graphic or electronic matter of any kind or nature and any other tangible thing in your possession, custody, or control.

L.    "Sonic Comic Book Series" refers to, among other things, comic books which feature Sega of America, Inc.'s popular characters SONIC THE HEDGEHOG, KNUCKLES THE ECHIDNA and all related ancillary characters for which ACP entered into a licensing relationship with Sega of America, Inc. to produce beginning in 1992.

M.    "Works" refers to all stories, scripts, artwork and other original creative expressions fixed in tangible form that Penders developed for ACP or any other individual or entity. This terms includes any contributions by Penders to the Sonic Comic Book Series from 1993-2005.

N.    "Employment" or "Employed" refers to Penders' full-time employment, part-time employment, permanent employment, temporary employment, self-employment, work as an independent contractor, freelance worker, intern, or any other activity intended to generate income or gather work experience in exchange for the performance of personal services, whether or not any payment was received.

O.    "State the basis" means (i) to state each and every discoverable fact which relates to that allegation, fact or subject matter, including, but not limited to, an identification of all acts, failures to act, occurrences, occasions, transactions, dealings, conduct, and conversations related to that allegation, fact or subject matter; (ii) to state the source of your information or knowledge relating to each such fact; (iii) to identify all persons having knowledge of each such fact; (iv) to identify each document known to you embodying, referring or relating to each such fact; and (v) to specify each event,

4

occurrence or instance on which you intend to introduce evidence at trial relating to that allegation, fact or subject matter.

P.    "Penders' Declaration" means the Declaration of Kenneth W. Penders, II dated February 7, 2011 and submitted by the Defendant in connection with Defendant's Motion to Dismiss in this action.

## II.    <u>INSTRUCTIONS</u>

1.    You are required, in responding to these Requests for Production of Documents and Things, to obtain and furnish all responsive information that is in your possession, custody or control, or in the possession, custody or control of any of your representatives, agents, servants, or attorneys.

2.    If a Request for Production of Documents and Things is objected to on the basis of privilege, over-breadth, vagueness, or any similar grounds, respond to such interrogatory and provide responsive information as narrowed to conform to your objection.

3.    If any information is withheld on the basis of the attorney-client privilege and/or the work-product doctrine, describe the information not produced in a manner that will enable plaintiffs to assess the applicability of the cited privilege.

4.    If any Request for Production of Documents and Things herein cannot be complied with in full after exercising due diligence to secure the information requested, comply to the fullest extent of your ability to do so, and state why full compliance is not possible.

5.    Any objections to these Requests for Production of Documents and Things shall be signed by your attorney.

6.      These Requests for Production of Documents and Things shall be deemed continuing so as to require supplemental answers or responses if further information is obtained between the time of the responses and the time of trial.

III.      **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

1.      Any and all correspondence and documents related to communications between you and ACP from January 1992 to the present date.

**RESPONSE**:

2.      Any and all correspondence and documents related to communications between you and any witness, entity, or person with knowledge or information concerning or relating to PENDERS' alleged Employment with ACP for the period of January 1992 to the present date.

**RESPONSE:**

3.      Any and all correspondence and documents related to communications between you and any witness, entity, or person with knowledge of information concerning or relating to your claim of an alleged ownership of the Works, including the Sonic Comic Book Series or any part thereof, as alleged in the Penders' Demand Letter and Penders' Declaration.

**RESPONSE:**

4.      Any and all documents related to PENDERS' Employment with Marvel Comics, DC Comics, Image Comics, Hero Comics, Entertainment Publishing, Now Comics, Eclipse Comics, Malibu Comics, Disney and any other major comic book

company as alleged in paragraph 14 of Penders' Declaration and in Penders' Demand Letter.

**RESPONSE**:

5.    Any and all written agreements or documents related to written agreements between PENDERS and Marvel Comics, DC Comics, Image Comics, Hero Comics, Entertainment Publishing, Now Comics, Eclipse Comics, Malibu Comics, Disney as referenced in paragraph 14 of Penders' Declaration and in Penders' Demand Letter.

**RESPONSE**:

6.    Any and all written agreements between PENDERS and any other persons with whom PENDERS has entered into an Employment relationship to create comic books, storyboards, characters, designs, backgrounds, website graphics, screenplay and any other Works, as claimed in Penders' Demand Letter and Penders' Declaration, from January 1992 to the present.

**RESPONSE**:

7.    Any and all documents related to any payments received by PENDERS related to the creation of comic books, storyboards, characters, designs, backgrounds, website graphics, screenplay and any other Works, including but not limited to cancelled checks, invoices, and any "pay voucher" or "voucher for payment" as those terms are referenced in page 5 of Penders' December Letter and paragraph 47 of Penders' Declaration, from January 1992 to the present.

**RESPONSE:**

8.    Any and all documents related to and/or evidencing any applications with the Copyright Office other actions taken by PENDERS to assert, advance, claim or protect his claims of ownership interest or other intellectual property rights in any Works from January 1992 through the present date.

**RESPONSE:**

9.    Any and all documents related to payments that PENDERS received from ACP for his Works or contributions to the Sonic Comic Book Series, including, but not limited to, payment vouchers, cancelled checks, invoices, check stubs, 1099 forms, and billing statements

**RESPONSE:**

10.    Any and all documents related to any agreement, arrangement, contract or understanding between you and ACP regarding the method and manner by which you were to be compensated for your Employment with ACP and/or your creation of Works for ACP from  January 1992 to the present date.

**RESPONSE:**

11.    Any and all correspondence and documents related to communications between you and the "third party witness who assisted [PENDERS] in his business affairs" as referenced on page 2 of Penders' December Letter.

**RESPONSE:**

12.    Any and all correspondence and documents related to communications between you and the "numerous creators and editors who worked on the Sonic [Comic Book Series]" with whom PENDERS claims to have consulted as alleged on page 2 of Penders' December Letter.

**RESPONSE**:

13.    Any and all documents related to or evidencing any statement, representation, declaration, or claim affirming or denying your alleged ownership interest in all or any part of the Works in the Sonic Comic Book Series, from January 1992 to the present date.

**RESPONSE**:

14.    Any and all documents related to or evidencing any actions taken by you or anyone on your behalf to claim, assert or enforce your alleged ownership interest in all or any part of the Works in the Sonic Comic Book Series, from January 1992 to the present date.

**RESPONSE:**

16.    Any and all correspondence and documents related to communications between you and the "numerous creators involved in the first few years of publication of the Sonic Comics" which who you claim to have "conversed" as alleged in paragraph 54 of Penders' Declaration.

**RESPONSE:**

17.    Any and all correspondence and documents related to communications between you and the "other creators that worked on the (sic) either the Sonic Comics or other licensed comic book series for Archie Comics" with who you claim to have had discussions as alleged in paragraph 66 of the Penders' Declaration.

**RESPONSE**:

18.    Any and all documents which you or anyone on your behalf used, utilized or referenced in responding to this Requests for Production of Documents and Things.

**RESPONSE**:

19.    Any and all Documents identified in your answers to the First Set of Interrogatories served upon you by ACP in this action.

**RESPONSE**:

20.    Any and all documents which you or anyone on your behalf used, utilized or referenced in responding to the First Set of Interrogatories served upon you by ACP in this action.

**RESPONSE**:

21.    Any and all documents which you prepared or executed, or which were prepared at your direction, from January 1992 to the present date, setting forth or listing your assets and liabilities, including, but not limited to, any financial statement, financial affidavit, balance sheet, loan application, insurance application, tax return, or other financial document.

**RESPONSE:**

22.    Any and all correspondence and documents related to communications between you, or anyone on your behalf, and the persons referenced in paragraph 67 of the Penders' Declaration regarding ACP or the subject of testimony referenced in the Penders' Declaration.

**RESPONSE:**

23.    Any and all correspondence and documents related to communications between you, or anyone on your behalf, and the "additional witnesses in and around Los Angeles" referenced in paragraph 68 of the Penders' Declaration.

**RESPONSE:**

24.    All of the "documents, materials and things pertinent to this case" referenced in paragraph 69 of the Penders' Declaration.

**RESPONSE:**

25.    Any and all correspondence and documents related to communications between you, or anyone on your behalf, and Mike Kanterovich concerning ACP, the Works, the Sonic Comic Book Series, your Employment with ACP, or the allegations in the Penders' Declaration or Penders' Demand Letter.

**RESPONSE:**

26.    Any and all documents related to the Licensed Comic Books IC Agreement or the Contractor's Agreement.

**RESPONSE**:

27.    Any and all correspondence and documents related to communications between you, or anyone on your behalf, and Amber Greenlee concerning ACP, the Works, the Sonic Comic Book Series, your Employment with ACP, or the allegations in the Penders' Declaration or Penders' Demand Letter.

**RESPONSE**:

28.    Any and all correspondence and documents related to communications between you, or anyone on your behalf, and Scott G. Shaw! concerning ACP, the Works, the Sonic Comic Book Series, your Employment with ACP, or the allegations in the Penders' Declaration or Penders' Demand Letter.

**RESPONSE**:

29.    Any and all correspondence and documents related to communications between you, or anyone on your behalf, and Elliot S! Maggin concerning ACP, the Works, the Sonic Comic Book Series, your Employment with ACP, or the allegations in the Penders' Declaration or Penders' Demand Letter.

**RESPONSE**:

30.    Any and all correspondence and documents related to communications between you and your attorneys as disclosed in your blog postings on the Ken Penders Forum,

http://www.kenpenders.com/forums/viewtopic.php?f=5&t=136&start=200.

**RESPONSE:**

Respectfully submitted,
DISERIO MARTIN O'CONNOR &
CASTIGLIONI LLP

By: /s/_____
    Matthew C. Wagner (MW9432)
    mwagner@dmoc.com

    Scott Harrington (SH0588)
    sharrington@dmoc.com

    Diserio Martin O'Connor & Castiglioni LLP
    50 Main Street, Suite 1000
    White Plains, NY 1060
    Tel: 914-684-0090

Date:  April 1, 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARCHIE COMIC PUBLICATIONS, INC., | Case No.: 10-CV-8858 (RMB) |
| Plaintiff, | Judge: Hon. Richard M. Berman |
| vs. | |
| KENNETH W. PENDERS, II, *a/k/a* KEN PENDERS | **CERTIFICATE OF SERVICE** |
| Defendant. | |

I hereby certify that a true and correct copy of the foregoing *Plaintiff's First Set of Requests for Production of Documents and Things Directed to Defendant Kenneth W. Penders, II, a/k/a Ken Penders,* is being served on the following parties as indicated below:

Michael Roman Ertel
Lysaght, Lysaght & Ertel LLP
230 Park Avenue, Tenth Floor
New York, NY 10169

Respectfully submitted,
DISERIO MARTIN O'CONNOR &
CASTIGLIONI LLP

By: /s/
Matthew C. Wagner (MW9432)
mwagner@dmoc.com

Scott Harrington (SH0588)
sharrington@dmoc.com
Diserio Martin O'Connor & Castiglioni LLP
50 Main Street, Suite 1000
White Plains, NY 1060
Tel: 914-684-0090

Date: April 1, 2011

14

Matthew C. Wagner
mwagner@dmoc.com
Scott Harrington
sharrington@dmoc.com
DISERIO MARTIN O'CONNOR & CASTIGLIONI, LLP
50 Main Street, Suite 1000
White Plains, NY 10606
(914) 684-0090 Tel
(914) 684-0590 Fax

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARCHIE COMIC PUBLICATIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> KENNETH W. PENDERS, II, *a/k/a* KEN PENDERS <br><br> Defendant. | Case No.: 10-CV-8858 (RMB) <br><br> Judge: Hon. Richard M. Berman <br><br> **PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT KENNETH W. PENDERS, II, A/K/A KEN PENDERS** |

Plaintiff, ARCHIE COMIC PUBLICATIONS, INC. (hereinafter "ACP"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby propounds the following Interrogatories to be answered by the Defendant, KENNETH W. PENDERS, II, *a/k/a* KEN PENDERS (hereinafter "Penders"), under oath, and within thirty (30) days of service hereof. Defendant has a duty pursuant to Rule 26(e) to timely supplement and/or correct his written responses and document production as additional information becomes available.

## I. DEFINITIONS

The provisions of Local Civil Rule 26.3 relating to uniform definitions apply to and are to be incorporated by reference. In addition, the following definitions, particular to this litigation, also apply to these Interrogatories:

A.    "You", "your" or "PENDERS" means Defendant, KENNETH W. PENDERS, II, a/k/a KEN PENDERS, his partners, employees, attorneys, agents or representatives, and any and all persons acting or purporting to act on behalf of him for any purpose whatsoever.

B.    "ACP" means Plaintiff, ARCHIE COMIC PUBLICATIONS, INC. its partners, employees, attorneys, agents or representatives, and any and all persons acting or purporting to act on behalf of it for any purpose whatsoever.

C.    "Refer" or "relate to" (or any form thereof) means describing, concerning, representing, evidencing, or constituting.

D.    The word "or" means "and/or."  The terms "any" and "all" shall be construed interchangeably so as to bring within the purview of a request, information that might otherwise not be included.  The singular includes the plural and vice versa. The masculine includes the feminine and neutral genders.  The past tense includes the present tense where the clear meaning is not distorted by the change of tense.

E.    "Person" and "Persons" means any natural persons and all other legal entities, including firms, associations, partnerships, corporations, agents, representatives and trusts.

F.    "Licensed Comic Books IC Agreement" means the work-for-hire agreement entitled ACP Licensed Comic Books Independent Contractor's Agreement entered into by ACP on November 25, 1996 and Penders on December 12, 1996 (as attached to the Complaint as Exhibit B) including any amendments, extensions or revisions thereto.

16

G.    "Contractor's Agreement" means the work-for-hire agreement entitled Revised Newsstand Comic Independent Contractor's Agreement, entered into by ACP on November 25, 1996 and Penders on December 12, 1996 (as attached to the Complaint as Exhibit A), including any amendments, extensions or revisions thereto.

H.    "Penders' Demand Letter" means the letter dated July 2, 2010 from Attorney Michael L. Lovitz, counsel for Penders, to Jonathan Goldwater and Nancy Silberkliet of ACP.

I.    "Penders' December Letter" means the letter dated December 16, 2010 from Attorney Michael L. Lovitz, counsel for Penders, to Attorney Matthew C. Wagner, counsel for ACP.

J.    "Complaint" means the Complaint filed by ACP on November 23, 2010 commencing this action, and all Exhibits attached thereto.

K.    The term "document" shall be given the broadest possible meaning under the applicable Federal Rules of Civil Procedure and shall include all drafts and non-identical copies of all written, printed, typed, graphic or electronic matter of any kind or nature and any other tangible thing in your possession, custody, or control.

L.    "Sonic Comic Book Series" refers to, among other things, comic books which feature Sega of America, Inc.'s popular characters SONIC THE HEDGEHOG, KNUCKLES THE ECHIDNA and all related ancillary characters for which ACP entered into a licensing relationship with Sega of America, Inc. to produce beginning in 1992.

M.    "Works" refers to all stories, scripts, artwork and other original creative expressions fixed in tangible form that Penders developed for ACP or any other

17

individual or entity. This terms includes any contributions by Penders to the Sonic Comic Book Series from 1993-2005.

N.    "Employment" or "Employed" refers to Penders' full-time employment, part-time employment, permanent employment, temporary employment, self-employment, work as an independent contractor, freelance worker, intern, or any other activity intended to generate income or gather work experience in exchange for the performance of personal services, whether or not any payment was received.

O.    "State the basis" means (i) to state each and every discoverable fact which relates to that allegation, fact or subject matter, including, but not limited to, an identification of all acts, failures to act, occurrences, occasions, transactions, dealings, conduct, and conversations related to that allegation, fact or subject matter; (ii) to state the source of your information or knowledge relating to each such fact; (iii) to identify all persons having knowledge of each such fact; (iv) to identify each document known to you embodying, referring or relating to each such fact; and (v) to specify each event, occurrence or instance on which you intend to introduce evidence at trial relating to that allegation, fact or subject matter.

P.    "Penders' Declaration" means the Declaration of Kenneth W. Penders, II dated February 7, 2011 and submitted by the Defendant in connection with Defendant's Motion to Dismiss in this action.

## II.    INSTRUCTIONS

1.    You are required, in responding to these interrogatories, to obtain and furnish all responsive information that is in your possession, custody or control, or in the

possession, custody or control of any of your representatives, agents, servants, or attorneys.

2.      If an interrogatory is objected to on the basis of privilege, over-breadth, vagueness, or any similar grounds, respond to such interrogatory and provide responsive information as narrowed to conform to your objection.

3.      If any information is withheld on the basis of the attorney-client privilege and/or the work-product doctrine, describe the information not produced in a manner that will enable plaintiffs to assess the applicability of the cited privilege.

4.      If any Interrogatory herein cannot be complied with in full after exercising due diligence to secure the information requested, comply to the fullest extent of your ability to do so, and state why full compliance is not possible.

5.      Your answers shall be signed by you under oath.  Any objections to these Interrogatories shall be signed by your attorney.

6.      With respect to any Interrogatory calling for identification or listing of documents, electronically stored information or tangible things, unless otherwise indicated, you may, in lieu thereof, attach to your response a copy of such documents, electronically stored information or tangible things segregated separately from the response, with an identification of the Interrogatory or Interrogatories (or part thereof) to which they are claimed as being responsive.  In the event you elect to attach documents, electronically stored information or tangible things rather than identify them in response to any Interrogatory, you shall (a) produce all documents or tangible things attached in the file folders and file cartons in which they have been maintained or stored, stapled or otherwise arranged in the same form and manner as they were, (b)

produce all electronically stored information in its native format, and (c) identify the person or persons in whose custody or control such files or things are or were maintained.

7.    These Interrogatories shall be deemed continuing so as to require supplemental answers or responses if further information is obtained between the time of the responses and the time of trial.

## III.    <u>INTERROGATORIES</u>

1.    Identify by name, address, telephone number, present location, and affiliation with PENDERS of any and all persons responding to or providing information assisting in responding to the following Interrogatories.

**ANSWER:**

2.    Identify by name, address, telephone number and present location any and all persons with knowledge or information concerning PENDERS' employment with ACP, PENDERS' alleged ownership of the Works, or any part thereof, as alleged in the Penders' Demand Letter and Penders' Declaration, and/or any other claims asserted by PENDERS in the Penders Demand Letter and Penders Declaration.

**ANSWER:**

3.    State the basis of PENDERS' Employment with Marvel Comics, DC Comics, Image Comics, Hero Comics, Entertainment Publishing, Now Comics, Eclipse

Comics, Malibu Comics, Disney and any other major comic book company as alleged in paragraph 14 of Penders' Declaration and in Penders' Demand Letter.

**ANSWER**:


4.     Identify by name, address, telephone number and present location any and all persons with knowledge or information concerning PENDERS' Employment with Marvel Comics, DC Comics, Image Comics, Hero Comics, Entertainment Publishing, Now Comics, Eclipse Comics, Malibu Comics, Disney and any other major comic book company as alleged in paragraph 14 of Penders' Declaration and in Penders' Demand Letter.

**ANSWER**:


5.     Identify by name, address, telephone number and present location any and all persons with whom PENDERS has entered into an Employment relationship to create comic books, storyboards, characters, designs, backgrounds, website graphics, screenplay and any other Works, as claimed in Penders' Demand Letter and Penders' Declaration, from January 1992 to the present.

**ANSWER**:

6.      State whether Penders ever entered into any written agreement with any of the persons identified in response to Interrogatory Nos. 3 and 5, including, but not limited to, any agreement created through a "pay voucher" or "voucher for payment" as those terms are referenced in page 5 of Penders' December Letter and paragraph 47 of Penders' Declaration.

**ANSWER:**

7.      State with particularity the method in which PENDERS was paid for his Employment with any of the persons identified in response to Interrogatory Nos. 3 and 5.

**ANSWER:**

8.      State whether PENDERS filed for any applications with the Copyright Office or took any other actions to assert, advance, claim or protect his claims of ownership interest or other intellectual property rights in any Works from January 1992 through the present date.

**ANSWER:**

9.      If the answer the preceding Interrogatory is in the affirmative, state or identify which, if any, of the Works for which PENDERS filed applications with the

Copyright Office, or took other actions to assert, advance, claim or protect his claims of ownership interest or other intellectual property rights in, were developed or created by PENDERS in connection with or as a result of an Employment relationship with any person.

**ANSWER**:

10.    Identify and describe with particularity all payments that PENDERS received from ACP for his Work or contributions to the Sonic Comic Book Series, including a description of the form, method, and basis of calculating each payment

**ANSWER**:

11.    Identify by name, address, telephone number and present location the person referred to as "a third party witness who assisted [PENDERS] in his business affairs" as referenced on page 2 of Penders' December Letter.

**ANSWER**:

12.    Identify by name, address, telephone number and present location the "numerous creators and editors who worked on the Sonic [Comic Book Series]" with whom PENDERS claims to have consulted as alleged on page 2 of Penders' December Letter.

**ANSWER:**

13.    State whether you, or anyone on your behalf, made any oral or written statement, representation, declaration, or claim affirming or denying your alleged ownership interest in all or any part of the Works in the Sonic Comic Book Series, between January 1992 and the date you applied for registrations for such Works with the Copyright Office.

**ANSWER:**

14.    If the answer to the preceding interrogatory is in the affirmative, state or identify the following:

(a)    The date and nature of each such statement, representation, declaration, or claim;

(b)    To what person each such statement, representation, declaration, or claim was made; and

(c)    If such statement, representation, declaration, or claim was made in writing, state the name, address and present location of any person who presently has possession of such writing.

**ANSWER:**

15.    Identify and describe with particularity any and all actions taken by you or anyone on your behalf to claim, assert or enforce your alleged ownership interest in all or any part of the Works in the Sonic Comic Book Series, between January 1992 and the date you applied for registrations with the Copyright Office.

**ANSWER:**


16.    Identify and state the name, address, telephone number and present location of the "numerous creators involved in the first few years of publication of the Sonic Comics" which who you claim to have "conversed" as alleged in paragraph 54 of Penders' Declaration.

**ANSWER:**


17.    Identify and state the name, address, telephone number and present location of the "other creators that worked on the (sic) either the Sonic Comics or other licensed comic book series for Archie Comics" with who you claim to have had discussions as alleged in paragraph 66 of the Penders' Declaration.

**ANSWER:**

18.    Identify and state the date, time and individuals involved in all communications between you and your attorneys as disclosed in your blog postings on the Ken Penders Forum,

http://www.kenpenders.com/forums/viewtopic.php?f=5&t=136&start=200.

**ANSWER:**

Respectfully submitted,

DISERIO MARTIN O'CONNOR & CASTIGLIONI LLP

By: _/s/_____

Matthew C. Wagner (MW9432)
mwagner@dmoc.com
Scott Harrington (SH0588)
sharrington@dmoc.com

Diserio Martin O'Connor & Castiglioni LLP
50 Main Street, Suite 1000
White Plains, NY 1060
Tel: 914-684-0090

Date:  April 1, 2011

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARCHIE COMIC PUBLICATIONS, INC., | Case No.: 10-CV-8858 (RMB) |
| Plaintiff, | Judge: Hon. Richard M. Berman |
| vs. | |
| KENNETH W. PENDERS, II, *a/k/a* KEN PENDERS | **CERTIFICATE OF SERVICE** |
| Defendant. | |

I hereby certify that a true and correct copy of the foregoing *Plaintiff's First Set Interrogatories Directed to Defendant Kenneth W. Penders, II, a/k/a Ken Penders,* is being served on the following parties as indicated below:

Michael Roman Ertel
Lysaght, Lysaght & Ertel LLP
230 Park Avenue, Tenth Floor
New York, NY 10169

Respectfully submitted,
DISERIO MARTIN O'CONNOR &
CASTIGLIONI LLP

By: _/s/_____
    Matthew C. Wagner (MW9432)
    mwagner@dmoc.com

    Scott Harrington (SH0588)
    sharrington@dmoc.com

    Diserio Martin O'Connor & Castiglioni LLP
    50 Main Street, Suite 1000
    White Plains, NY 1060
    Tel: 914-684-0090

Date:  April 1, 2011

27