Exhibit D

Matthew C. Wagner
mwagner@dmoc.com
Scott Harrington
sharrington@dmoc.com
DISERIO MARTIN O'CONNOR & CASTIGLIONI, LLP
50 Main Street, Suite 1000
White Plains, NY 10606
(914) 684-0090 Tel
(914) 684-0590 Fax

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARCHIE COMIC PUBLICATIONS, INC.,<br><br>    Plaintiff,<br><br>    vs.<br><br>KENNETH W. PENDERS, II,<br>*a/k/a* KEN PENDERS<br><br>    Defendant. | Case No.: 10-CV-8858 (RMB)<br><br>Judge: Hon. Richard M. Berman<br><br>**PLAINTIFF'S SECOND SET OF**<br>**REQUESTS FOR PRODUCTION OF**<br>**DOCUMENTS AND THINGS DIRECTED**<br>**TO DEFENDANT**<br>**KENNETH W. PENDERS, II,**<br>**A/K/A KEN PENDERS** |

Plaintiff, ARCHIE COMIC PUBLICATIONS, INC., (hereinafter "ACP"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby requests the Defendant, KENNETH W. PENDERS, II, *a/k/a* KEN PENDERS (hereinafter "Penders"), to produce and permit inspection and copying of the documents requested in the following Requests for Production of Documents and Things at the office of Diserio Martin O'Connor & Castiglioni LLP, 50 Main Street, Suite 1000, White Plains, New York, 10606, within thirty (30) days of service hereof.  Defendant has a duty pursuant to Rule 26(e) to timely supplement and/or correct his written responses and document production as additional information becomes available.

I.    **NOTES AND DEFINITIONS**

Notes and Definitions from ACP's First Set of Interrogatories to Penders are incorporated by reference, as if fully set forth herein.

Further, the provisions of Local Civil Rule 26.3 relating to uniform definitions apply to and are to be incorporated by reference.  In addition, the following definitions, particular to this litigation, also apply to these Requests for Production of Documents and Things:

A.    "You", "your" or "PENDERS" means Defendant, KENNETH W. PENDERS, II, a/k/a KEN PENDERS, his partners, employees, attorneys, agents or representatives, and any and all persons acting or purporting to act on behalf of him for any purpose whatsoever.

B.    "ACP" means Plaintiff, ARCHIE COMIC PUBLICATIONS, INC. its partners, employees, attorneys, agents or representatives, and any and all persons acting or purporting to act on behalf of it for any purpose whatsoever.

C.    "Refer" or "relate to" (or any form thereof) means describing, concerning, representing, evidencing, or constituting.

D.    The word "or" means "and/or."  The terms "any" and "all" shall be construed interchangeably so as to bring within the purview of a request, information that might otherwise not be included.  The singular includes the plural and vice versa. The masculine includes the feminine and neutral genders.  The past tense includes the present tense where the clear meaning is not distorted by the change of tense.

E.    "Person" and "Persons" means any natural persons and all other legal entities, including firms, associations, partnerships, corporations, agents, representatives and trusts.

F.    "Licensed Comic Books IC Agreement" means the work-for-hire agreement entitled ACP Licensed Comic Books Independent Contractor's Agreement entered into by ACP on November 25, 1996 and Penders on December 12, 1996 (as attached to the Complaint as Exhibit B) including any amendments, extensions or revisions thereto.

G.    "Contractor's Agreement" means the work-for-hire agreement entitled Revised Newsstand Comic Independent Contractor's Agreement, entered into by ACP on November 25, 1996 and Penders on December 12, 1996 (as attached to the Complaint as Exhibit A), including any amendments, extensions or revisions thereto.

H.    "Penders' Demand Letter" means the letter dated July 2, 2010 from Attorney Michael L. Lovitz, counsel for Penders, to Jonathan Goldwater and Nancy Silberkliet of ACP.

I.    "Penders' December Letter" means the letter dated December 16, 2010 from Attorney Michael L. Lovitz, counsel for Penders, to Attorney Matthew C. Wagner, counsel for ACP.

J.    "Complaint" means the Complaint filed by ACP on November 23, 2010 commencing this action, and all Exhibits attached thereto.

K.    The term "document" shall be given the broadest possible meaning under the applicable Federal Rules of Civil Procedure and shall include all drafts and non-

identical copies of all written, printed, typed, graphic or electronic matter of any kind or nature and any other tangible thing in your possession, custody, or control.

L.    "Sonic Comic Book Series" refers to, among other things, comic books which feature Sega of America, Inc.'s popular characters SONIC THE HEDGEHOG, KNUCKLES THE ECHIDNA and all related ancillary characters for which ACP entered into a licensing relationship with Sega of America, Inc. to produce beginning in 1992.

M.    "Works" refers to all stories, scripts, artwork and other original creative expressions fixed in tangible form that Penders developed for ACP or any other individual or entity. This terms includes any contributions by Penders to the Sonic Comic Book Series from 1993-2005.

N.    "Employment" or "Employed" refers to Penders' full-time employment, part-time employment, permanent employment, temporary employment, self-employment, work as an independent contractor, freelance worker, intern, or any other activity intended to generate income or gather work experience in exchange for the performance of personal services, whether or not any payment was received.

O.    "State the basis" means (i) to state each and every discoverable fact which relates to that allegation, fact or subject matter, including, but not limited to, an identification of all acts, failures to act, occurrences, occasions, transactions, dealings, conduct, and conversations related to that allegation, fact or subject matter; (ii) to state the source of your information or knowledge relating to each such fact; (iii) to identify all persons having knowledge of each such fact; (iv) to identify each document known to you embodying, referring or relating to each such fact; and (v) to specify each event,

occurrence or instance on which you intend to introduce evidence at trial relating to that allegation, fact or subject matter.

P.    "Penders' Declaration" means the Declaration of Kenneth W. Penders, II dated February 7, 2011 and submitted by the Defendant in connection with Defendant's Motion to Dismiss in this action.

Q.    "Penders Registrations" means the copyright registrations filed by or on the behalf of Kenneth W. Penders, II with the United States Copyright Office and submitted in list format by the Defendant in connection with Defendant's Amended Answer, Affirmative Defenses, and Counterclaims in this action.

## II.    INSTRUCTIONS

1.    You are required, in responding to these Requests for Production of Documents and Things, to obtain and furnish all responsive information that is in your possession, custody or control, or in the possession, custody or control of any of your representatives, agents, servants, or attorneys.

2.    If a Request for Production of Documents and Things is objected to on the basis of privilege, over-breadth, vagueness, or any similar grounds, respond to such interrogatory and provide responsive information as narrowed to conform to your objection.

3.    If any information is withheld on the basis of the attorney-client privilege and/or the work-product doctrine, describe the information not produced in a manner that will enable plaintiffs to assess the applicability of the cited privilege.

4.    If any Request for Production of Documents and Things herein cannot be complied with in full after exercising due diligence to secure the information requested,

comply to the fullest extent of your ability to do so, and state why full compliance is not possible.

5.    Any objections to these Requests for Production of Documents and Things shall be signed by your attorney.

6.    These Requests for Production of Documents and Things shall be deemed continuing so as to require supplemental answers or responses if further information is obtained between the time of the responses and the time of trial.

III.    <u>REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS</u>

1.    Any and all ACP-generated documents relating to payment to PENDERS by ACP including, but not limited to, all pay vouchers and cancelled checks identified in Amended Counterclaim No. 2 ¶¶ 41-43, 55-56.

**RESPONSE:**

2.    Any and all correspondence and documents related to communications between you and any persons identified in Amended Counterclaim No. 2 ¶ 59 as "creators who participated in the creation of Sonic Comics" whom you claim "had never been asked to execute any 'work for hire' agreements nor asked to sign any assignment documents" between January 1992 and the present date.

**RESPONSE:**

3.    Any and all correspondence and documents relating to ACP's approval of story ideas identified in Amended Counterclaim No. 2 ¶¶ 26 & 29.

**RESPONSE:**

4.     Any and all correspondence and documents related to PENDERS' copyright registration applications with the United States Copyright Office including complete copies of all deposit copies of works to be registered, applications, registration certificates, and correspondence with the United States Copyright Office.

**RESPONSE:**

5.     Copies of all documents identified in response to Interrogatory No. 7 of Plaintiff's Second Set of Interrogatories (i.e., all documents supporting any damages or monetary relief claimed by PENDERS in this action).

**RESPONSE:**

6.     Copies of any and all works that PENDERS claims infringes the Penders copyrights.

**RESPONSE:**

7.     Copies of all works in which PENDERS claims any copyright claims.

**RESPONSE:**

8.     Any and all statements, discussions, posts, or responses to the posts of others, written by or on the behalf of PENDERS under the member name "KEN PENDERS" or any other member name made online (e.g., "Ken Penders Forum" online website <http://www.kenpenders.com/forums/index.php>) relating to PENDERS' copyrights and registrations, plaintiff ACP, or this action.

**RESPONSE:**

9.     Any and all documents which support PENDERS' Amended Affirmative Defenses ¶ 1, that the complaint fails to state a claim upon which relief can be granted.

**RESPONSE:**

10.     Any and all documents which support PENDERS' Amended Affirmative Defenses ¶ 2, that PENDERS has not infringed any valid copyright right of Plaintiff.

**RESPONSE:**

11.     Any and all documents which support PENDERS' Amended Affirmative Defenses ¶ 3, that Plaintiff's claims are barred by the doctrine of unclean hands.

**RESPONSE:**

12.     Any and all documents which support PENDERS' Amended Affirmative Defenses ¶ 4, that Plaintiff's claims for declaratory judgment are barred because neither PENDERS' acts nor its conduct reasonably could have placed Plaintiff in fear that it would be sued by PENDERS.

**RESPONSE:**

13.     Any and all documents which support PENDERS' Amended Affirmative Defenses ¶ 5, that Plaintiff's claims are barred because PENDERS has not engaged in any unlawful or unfair business practices, and PENDERS' conduct was performed in the exercise of an absolute right, and was therefore proper and/or justified.

**RESPONSE:**

14.     Any and all documents which support PENDERS' Amended Affirmative Defenses ¶ 6, that Plaintiff is not the owner of the asserted rights and, accordingly, lacks standing to assert claims regarding the same.

**RESPONSE:**

15.     Any and all documents which support PENDERS' Amended Affirmative Defenses ¶ 7, that Plaintiff's claims are improperly venued in this District.

**RESPONSE:**

16.     Any and all documents which support PENDERS' Amended Affirmative Defenses ¶ 8, that Plaintiff's claims for breach of contract are barred because PENDERS never signed any contract with Plaintiff.

**RESPONSE:**

17.     Any and all documents which support PENDERS' Amended Affirmative Defenses ¶ 9, that Plaintiff's claims for breach of contract are barred because there was no agreement between the parties that any works of authorship created by PENDERS for Plaintiff would be "works made for hire" prior to their creation.

**RESPONSE:**

18.     Any and all documents which support PENDERS' Amended Affirmative Defenses ¶ 10, that Plaintiff's claims for breach of contract are barred because PENDERS has not entered into a valid contract with Plaintiff.

**RESPONSE:**

19.    Any and all documents which support PENDERS' Amended Affirmative Defenses ¶ 11, that Plaintiff's claims for breach of contract are barred because the contracts alleged by Plaintiffs are invalid.

**RESPONSE:**

20.    Any and all documents which support PENDERS' Amended Affirmative Defenses ¶ 12, that Plaintiff's claims for breach of contract are barred because the documents attached to the Complaint as Exhibits A and B are not authentic.

**RESPONSE:**

21.    Any and all documents which support PENDERS' Amended Affirmative Defenses ¶ 13, that Plaintiff's claim for breach of contract is barred based on agreements between Plaintiff and its contractors.

**RESPONSE:**

22.    Any and all documents which support PENDERS' Amended Affirmative Defenses ¶ 14, that Plaintiff's claims for tortious interference with business/economic advantage are barred because PENDERS' actions were privileged because they were taken in a good faith effort to compete with Plaintiff and/or PENDERS had an equal or superior interest in the subject matter of the prospective economic advantage.

**RESPONSE:**

23.    Any and all documents which support PENDERS' Amended Affirmative Defenses ¶ 15, that Plaintiff's claims for tortious interference with business/economic advantage are barred because PENDERS' actions were reasonable steps to protect

10

PENDERS' own legal rights, including PENDERS' own contractual rights and other intangible business interests.

**RESPONSE:**

24.    Any and all documents which support PENDERS' Amended Affirmative Defenses ¶ 16, that Plaintiff's claim for tortious interference with business/economic advantage is barred based on agreements between Plaintiff and its licensees and/or contractors.

**RESPONSE:**

25.    Copies of cancelled checks from 1995-1997 bearing PENDERS' signature.

**RESPONSE:**

26.    Representative samples of documents containing PENDERS' signature between 1995 and 1997.

**RESPONSE:**

27.    Any and all documents related to PENDERS' claims of "electronic infringement" as the term is described in Amended Counterclaim Nos. 3 and 4.

**RESPONSE:**

28.    Any and all documents related to or concerning this lawsuit.

**RESPONSE:**

Respectfully submitted,
DISERIO MARTIN O'CONNOR &
CASTIGLIONI LLP

By: _____
Matthew C. Wagner (MW9432)
mwagner@dmoc.com

Scott Harrington (SH0588)
sharrington@dmoc.com

Diserio Martin O'Connor & Castiglioni LLP
50 Main Street, Suite 1000
White Plains, NY 1060
Tel: 914-684-0090

Date:  June 29, 2011

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARCHIE COMIC PUBLICATIONS, INC., | Case No.: 10-CV-8858 (RMB) |
| Plaintiff, | Judge: Hon. Richard M. Berman |
| vs. | |
| KENNETH W. PENDERS, II, *a/k/a* KEN PENDERS | **CERTIFICATE OF SERVICE** |
| Defendant. | |

I hereby certify that a true and correct copy of the foregoing *Plaintiff's Second Set of Requests for Production of Documents and Things Directed to Defendant Kenneth W. Penders, II, a/k/a Ken Penders,* is being served on the following parties as indicated below:

Michael Roman Ertel
Lysaght, Lysaght & Ertel LLP
230 Park Avenue, Tenth Floor
New York, NY 10169
mertel@lysaghtlaw.com

Respectfully submitted,
DISERIO MARTIN O'CONNOR &
CASTIGLIONI LLP

By: *Matthew C. Wagner*
Matthew C. Wagner (MW9432)
mwagner@dmoc.com

Scott Harrington (SH0588)
sharrington@dmoc.com
Diserio Martin O'Connor & Castiglioni LLP
50 Main Street, Suite 1000
White Plains, NY 1060
Tel: 914-684-0090

Date:  June 29, 2011

13

Matthew C. Wagner
mwagner@dmoc.com
Scott Harrington
sharrington@dmoc.com
DISERIO MARTIN O'CONNOR & CASTIGLIONI, LLP
50 Main Street, Suite 1000
White Plains, NY 10606
(914) 684-0090 Tel
(914) 684-0590 Fax

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARCHIE COMIC PUBLICATIONS, INC., | Case No.: 10-CV-8858 (RMB) |
| Plaintiff, | Judge: Hon. Richard M. Berman |
| vs. | **PLAINTIFF'S SECOND SET OF INTERROGATORIES DIRECTED TO DEFENDANT KENNETH W. PENDERS, II, A/K/A KEN PENDERS** |
| KENNETH W. PENDERS, II, *a/k/a* KEN PENDERS | |
| Defendant. | |

Plaintiff, ARCHIE COMIC PUBLICATIONS, INC. (hereinafter "ACP"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby propounds the following Interrogatories to be answered by the Defendant, KENNETH W. PENDERS, II, *a/k/a* KEN PENDERS (hereinafter "Penders"), under oath, and within thirty (30) days of service hereof. Defendant has a duty pursuant to Rule 26(e) to timely supplement and/or correct his written responses and document production as additional information becomes available.

## I. DEFINITIONS

The provisions of Local Civil Rule 26.3 relating to uniform definitions apply to and are to be incorporated by reference. In addition, the following definitions, particular to this litigation, also apply to these Interrogatories:

A. "You", "your" or "PENDERS" means Defendant, KENNETH W. PENDERS, II, a/k/a KEN PENDERS, his partners, employees, attorneys, agents or representatives, and any and all persons acting or purporting to act on behalf of him for any purpose whatsoever.

B. "ACP" means Plaintiff, ARCHIE COMIC PUBLICATIONS, INC. its partners, employees, attorneys, agents or representatives, and any and all persons acting or purporting to act on behalf of it for any purpose whatsoever.

C. "Refer" or "relate to" (or any form thereof) means describing, concerning, representing, evidencing, or constituting.

D. The word "or" means "and/or." The terms "any" and "all" shall be construed interchangeably so as to bring within the purview of a request, information that might otherwise not be included. The singular includes the plural and vice versa.  The masculine includes the feminine and neutral genders. The past tense includes the present tense where the clear meaning is not distorted by the change of tense.

E. "Person" and "Persons" means any natural persons and all other legal entities, including firms, associations, partnerships, corporations, agents, representatives and trusts.

F. "Licensed Comic Books IC Agreement" means the work-for-hire agreement entitled ACP Licensed Comic Books Independent Contractor's Agreement entered into by ACP on November 25, 1996 and Penders on December 12, 1996 (as attached to the Complaint as Exhibit B) including any amendments, extensions or revisions thereto.

G. "Contractor's Agreement" means the work-for-hire agreement entitled Revised Newsstand Comic Independent Contractor's Agreement, entered into by ACP on

November 25, 1996 and Penders on December 12, 1996 (as attached to the Complaint as Exhibit A), including any amendments, extensions or revisions thereto.

H. "Penders' Demand Letter" means the letter dated July 2, 2010 from Attorney Michael L. Lovitz, counsel for Penders, to Jonathan Goldwater and Nancy Silberkliet of ACP.

I. "Penders' December Letter" means the letter dated December 16, 2010 from Attorney Michael L. Lovitz, counsel for Penders, to Attorney Matthew C. Wagner, counsel for ACP.

J. "Complaint" means the Complaint filed by ACP on November 23, 2010 commencing this action, and all Exhibits attached thereto.

K. The term "document" shall be given the broadest possible meaning under the applicable Federal Rules of Civil Procedure and shall include all drafts and nonidentical copies of all written, printed, typed, graphic or electronic matter of any kind or nature and any other tangible thing in your possession, custody, or control.

L. "Sonic Comic Book Series" refers to, among other things, comic books which feature Sega of America, Inc.'s popular characters SONIC THE HEDGEHOG, KNUCKLES THE ECHIDNA and all related ancillary characters for which ACP entered into a licensing relationship with Sega of America, Inc. to produce beginning in 1992.

M. "Works" refers to all stories, scripts, artwork and other original creative expressions fixed in tangible form that Penders developed for ACP or any other individual or entity. This terms includes any contributions by Penders to the Sonic Comic Book Series from 1993-2005.

3

16

N. "Employment" or "Employed" refers to Penders' full-time employment, part-time employment, permanent employment, temporary employment, self-employment, work as an independent contractor, freelance worker, intern, or any other activity intended to generate income or gather work experience in exchange for the performance of personal services, whether or not any payment was received.

O. "State the basis" means (i) to state each and every discoverable fact which relates to that allegation, fact or subject matter, including, but not limited to, an identification of all acts, failures to act, occurrences, occasions, transactions, dealings, conduct, and conversations related to that allegation, fact or subject matter; (ii) to state the source of your information or knowledge relating to each such fact; (iii) to identify all persons having knowledge of each such fact; (iv) to identify each document known to you embodying, referring or relating to each such fact; and (v) to specify each event, occurrence or instance on which you intend to introduce evidence at trial relating to that allegation, fact or subject matter.

P. "Penders' Declaration" means the Declaration of Kenneth W. Penders, II dated February 7, 2011 and submitted by the Defendant in connection with Defendant's Motion to Dismiss in this action.

## II. INSTRUCTIONS

1.      You are required, in responding to these interrogatories, to obtain and furnish all responsive information that is in your possession, custody or control, or in the possession, custody or control of any of your representatives, agents, servants, or attorneys.

2.      If an interrogatory is objected to on the basis of privilege, over-breadth, vagueness, or any similar grounds, respond to such interrogatory and provide responsive information as narrowed to conform to your objection.

3.      If any information is withheld on the basis of the attorney-client privilege and/or the work-product doctrine, describe the information not produced in a manner that will enable plaintiffs to assess the applicability of the cited privilege.

4.      If any Interrogatory herein cannot be complied with in full after exercising due diligence to secure the information requested, comply to the fullest extent of your ability to do so, and state why full compliance is not possible.

5.      Your answers shall be signed by you under oath. Any objections to these Interrogatories shall be signed by your attorney.

6.      With respect to any Interrogatory calling for identification or listing of documents, electronically stored information or tangible things, unless otherwise indicated, you may, in lieu thereof, attach to your response a copy of such documents, electronically stored information or tangible things segregated separately from the response, with an identification of the Interrogatory or Interrogatories (or part thereof) to which they are claimed as being responsive. In the event you elect to attach documents, electronically stored information or tangible things rather than identify them in response to any Interrogatory, you shall (a) produce all documents or tangible things attached in the file folders and file cartons in which they have been maintained or stored, stapled or otherwise arranged in the same form and manner as they were, (b) produce all electronically stored information in its native format, and (c) identify the person or persons in whose custody or control such files or things are or were maintained.

5

18

7.      These Interrogatories shall be deemed continuing so as to require supplemental answers or responses if further information is obtained between the time of the responses and the time of trial.

## III. INTERROGATORIES

1.      Identify with particularity each and every person or entity and each purported act of infringement PENDERS claims infringe his copyrights for which PENDERS claims ACP is liable.

**ANSWER:**

2.      Identify all creators discussed in Amended Counterclaim No. 2 that PENDERS claims to have conversed with, including the date of such conversations, who has advised Defendant that they have never been asked to execute any work for hire agreements nor asked to sign any assignment documents in connection with the work these individuals performed for ACP.

**ANSWER:**

3.      Identify the two stories discussed in Amended Counterclaim No. 2 ¶ 26 that PENDERS claims to have created that were initially approved by ACP.

**ANSWER:**

4.      Identify all parties PENDERS alleges are or have been engaged in "electronic infringement" as alleged in Amended Counterclaims Nos. 3 and 4.

**ANSWER:**

5.      Identify every litigation matter or court proceeding to which PENDERS has been a party since 1990.

**ANSWER:**

6.    Explain the basis for PENDERS' inclusion of Copyright Registration Nos. VA0001726432, VA0001726508, and VA0001726509 in the Amended Answer and Counterclaims and identify with particularity how the aforementioned registrations relate to the claims in the instant matter.

**ANSWER:**

7.    Provide an itemized calculation and identify all documents supporting all damages and monetary relief PENDERS claims in this action.

**ANSWER:**

Respectfully submitted,
DISERIO MARTIN O'CONNOR &
CASTIGLIONI LLP

By:  _____

Matthew C. Wagner (MW9432)
mwagner@dmoc.com

Scott Harrington (SH0588)
sharrington@dmoc.com

Diserio Martin O'Connor & Castiglioni LLP
50 Main Street, Suite 1000
White Plains, NY 1060
Tel: 914-684-0090

Date:  June 29, 2011

7

20

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARCHIE COMIC PUBLICATIONS, INC., | Case No.: 10-CV-8858 (RMB) |
| Plaintiff, | Judge: Hon. Richard M. Berman |
| vs. | |
| KENNETH W. PENDERS, II, *a/k/a* KEN PENDERS | **CERTIFICATE OF SERVICE** |
| Defendant. | |

I hereby certify that a true and correct copy of the foregoing *Plaintiff's Second Set of Interrogatories Directed to Defendant Kenneth W. Penders, II, a/k/a Ken Penders,* is being served on the following parties as indicated below:

Michael Roman Ertel
Lysaght, Lysaght & Ertel LLP
230 Park Avenue, Tenth Floor
New York, NY 10169
mertel@lysaghtlaw.com

Respectfully submitted,
DISERIO MARTIN O'CONNOR &
CASTIGLIONI LLP

By: _____
Matthew C. Wagner (MW9432)
mwagner@dmoc.com

Scott Harrington (SH0588)
sharrington@dmoc.com
Diserio Martin O'Connor & Castiglioni LLP
50 Main Street, Suite 1000
White Plains, NY 1060
Tel: 914-684-0090

Date:  June 29, 2011