# EXHIBIT A

Matthew C. Wagner
mwagner@dmoc.com
Scott Harrington
sharrington@dmoc.com
DISERIO MARTIN O'CONNOR & CASTIGLIONI, LLP
50 Main Street, Suite 1000
White Plains, NY 10606
(914) 684-0090 Tel
(914) 684-0590 Fax

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARCHIE COMIC PUBLICATIONS, INC., | Case No.: 10-CV-8858 (RMB) |
| Plaintiff, | Judge: Hon. Richard M. Berman |
| vs. | **PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT'S DEMAND FOR INSPECTION** |
| KENNETH W. PENDERS, II, *a/k/a* KEN PENDERS | |
| Defendant. | |

Plaintiff Archie Comic Publications, Inc. ("ACP"), by and through its attorney, Matthew C. Wagner, without conceding admissibility, materiality, or relevancy, hereby responds and objects to Defendant's Demand for Inspection dated June 15, 2011.

**DEFENDANT'S DEMAND FOR INSPECTION:**

Original copies of both the Revised Newsstand Comic Independent Contractor's Agreement and the Licensed Comic Books Independent Contractor's Agreement, attached as Exhibits A and B, respectively, to the Complaint filed in this action on November 23, 2010.

**PLAINTIFF'S OBJECTION AND RESPONSE:**

Plaintiff objects to Defendant's Demand for "[o]riginal copies of both the Revised Newsstand Comic Independent Contractor's Agreement and the Licensed Comic Books

Independent Contractor's Agreement" as irrelevant. (The Revised Newsstand Comic Independent Contractor's Agreement and the Licensed Comic Books Independent Contractor's Agreement referred to collectively as the "ACP-Penders' Agreements"). The ACP-Penders' Agreements were executed in 1996, more than 15 years ago. Plaintiff has been in operation for more than 70 years and maintains regular business records and files containing agreements of various types, including those such as the ACP-Penders' Agreements.

 Upon searching Plaintiff's regular business records and files, as they are kept and maintained in the ordinary course of business, Plaintiff located <u>copies</u> of the ACP-Penders' Agreements, and not the originals. These copies were found in the place where the originals would have been located, at that place in Plaintiff's regular and ordinary business location, as they have kept such records in the ordinary course of business for many years. The ACP-Penders' Agreements were co-located alongside a multitude of other similar business records and agreements. Thus, Plaintiff conducted a diligent, bona fide and thorough search for the original documents, without success. The originals appear to have been lost or destroyed. Plaintiff did not lose or destroy the originals in bad faith; to the contrary, it would have been in Plaintiff's interest to preserve the originals.

 Plaintiff has committed no acts of bad faith or other conduct which would tend to show any foul play or fraud and the copies of the ACP-Penders' Agreements are forms used by Plaintiffs for many years and which were executed by the parties many years ago. There is no evidence that any of the contents have been tampered with or altered; to the contrary, the copies of the ACP-Penders' Agreements contain certain indicia which show that they are indeed faithful copies of the original documents. Moreover, the parties operated faithfully and enjoyed a regular course of conduct under the terms of the ACP-Penders' Agreements for many years.

Plaintiff has previously provided the Court and counsel with copies of the Revised Newsstand Comic Independent Contractor's Agreement as well as the Licensed Comic Books Independent Contractor's Agreement attached as Exhibits A and B to Plaintiff's Complaint, filed on November 23, 2010.

The copies provided are evidence of the contents of the original documents and, under the Federal Rules of Evidence, are admissible in lieu of the original documents.

Rule 1004 provides that "[t]he original is not required, **and other evidence of the contents of a writing … is admissible** if … [a]ll originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith …." Fed. R. Evid. 1004 (emphasis added). Also see FRE 1007 and 1008.

Thus, Defendant's demand to inspect the original ACP-Penders' Agreements is irrelevant, since they have been lost or destroyed and duplicates exist to show the contents thereof. Copies of the ACP-Penders' Agreements have been previously produced to counsel and submitted as Exhibits A and B to the Complaint. These are in Defendant's possession.

                              Respectfully submitted,
                              DISERIO MARTIN O'CONNOR &
                              CASTIGLIONI LLP

By: _____
       Matthew C. Wagner (MW9432)
       mwagner@dmoc.com

       Scott Harrington (SH0588)
       sharrington@dmoc.com
       Diserio Martin O'Connor & Castiglioni LLP
       50 Main Street, Suite 1000
       White Plains, NY 1060
       Tel: 914-684-0090

Date:   July 18, 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARCHIE COMIC PUBLICATIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> KENNETH W. PENDERS, II, <br> *a/k/a* KEN PENDERS <br><br> Defendant. | Case No.: 10-CV-8858 (RMB) <br><br> Judge: Hon. Richard M. Berman <br><br> **CERTIFICATE OF SERVICE** |

I hereby certify that a true and correct copy of the foregoing *Plaintiff's Response and Objection to Defendant's Demand for Inspection,* is being served via electronic mail on the following parties as indicated below:

Michael Roman Ertel
Lysaght, Lysaght & Ertel LLP
230 Park Avenue, Tenth Floor
New York, NY 10169
mertel@lysaghtlaw.com

          Respectfully submitted,
          DISERIO MARTIN O'CONNOR &
          CASTIGLIONI LLP

          By: /s/ Matthew C. Wagner
             Matthew C. Wagner (MW9432)
             mwagner@dmoc.com

          Scott Harrington (SH0588)
          sharrington@dmoc.com
          Diserio Martin O'Connor & Castiglioni LLP
          50 Main Street, Suite 1000
          White Plains, NY 1060
          Tel: 914-684-0090

Date:   July 18, 2011