EXHIBIT C

Matthew C. Wagner
mwagner@dmoc.com
Scott Harrington
sharrington@dmoc.com
DISERIO MARTIN O'CONNOR & CASTIGLIONI, LLP
50 Main Street, Suite 1000
White Plains, NY 10606
(914) 684-0090 Tel
(914) 684-0590 Fax

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARCHIE COMIC PUBLICATIONS, INC., | Case No.: 10-CV-8858 (RMB) |
| Plaintiff, | Judge: Hon. Richard M. Berman |
| vs. | **PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| KENNETH W. PENDERS, II, *a/k/a* KEN PENDERS | |
| Defendant. | |

Plaintiff Archie Comic Publications, Inc. ("ACP"), by and through its attorney, Matthew C. Wagner, without conceding admissibility, materiality, or relevancy, hereby responds to and objects to Defendants' First Set of Requests for Production of Documents and Things dated June 17, 2011.

**GENERAL OBJECTIONS**

1.      Plaintiff objects to Defendant's First Set of Requests for Production of Documents (collectively "Demands"), and to the Instructions and Definitions contained therein, to the extent they seek information covered by the attorney-client privilege, the work product doctrine, or any other recognized privilege. Plaintiff will not produce such information, and nothing in these objections is intended to be, or should be, construed as a waiver of the attorney-

client privilege, the work product doctrine, or any other applicable or potentially applicable privilege or protection.  Any inadvertent production of such information shall not be deemed a waiver of any privilege or work product protection for such information.

2.      Plaintiff objects to Defendant's Demands, and to the Instructions and Definitions contained therein, to the extent they seek the disclosure of confidential, proprietary, business, financial, and/or competitively sensitive information and/or trade secrets of ACP or of any third party, as the disclosure of such information would cause direct and substantial harm to ACP and/or the third party.

3.      Plaintiff objects to Defendant's Demands, and to the Instructions and Definitions contained therein, to the extent they are vague, ambiguous, incomprehensible, unlimited as to time period, or contain undefined terms whose meaning is unclear, are overbroad and/or unduly burdensome, and/or are interposed for purposes of harassment.

4.      Plaintiff objects to Defendant's Demands, and to the Instructions and Definitions contained therein, to the extent they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure or the Local Rules of this Court ("Local Rules").

5.      Plaintiff objects to Defendant's Demands, and to the Instructions and Definitions contained therein, to the extent that they seek the disclosure of information that is in the possession of, or readily obtainable by, Defendant in the above-titled matter.  Such interrogatories impose an undue burden and an unnecessary expense on Plaintiff.

6.      Plaintiff objects to Defendant's Demands, and to the Instructions and Definitions contained therein, to the extent that any interrogatory seeks information not currently in Plaintiff's possession, custody, or control, and to the extent that such request seeks information in the possession, custody, or control of third parties.

7.      Plaintiff objects to Defendant's Demands, and to the Instructions and Definitions contained therein, to the extent that they seek the disclosure of information that is not relevant to any claim or defense of a party to this litigation.

8.      Plaintiff objects to Defendant's Demands, and to the Instructions and Definitions contained therein, to the extent they seek production of "all" documents in Plaintiff's possession, custody, or control.  Plaintiff's responses are and will be based upon reasonable and diligent searches and inquiries to locate and identify relevant, responsive, and non-privileged documents and/or information.

9.      Plaintiff objects to Defendant's Demands, and to the Instructions and Definitions contained therein, to the extent they utilize the terms "reflect," "relate to," "regarding," "concerning," or words of similar import, as those requests are overbroad, vague, and indefinite, and fail to identify with reasonable particularity what documents Defendant seeks.  Plaintiff further objects that requests employing these words are so overbroad as to require Plaintiff to examine every document in its possession and is therefore vexatious and unduly burdensome, seek irrelevant documents and/or information, and thereby impose an unnecessary and unreasonable burden and expense upon Plaintiff.

10.      Plaintiff objects to Defendant's Demands, and to the Instructions and Definitions contained therein, to the extent they assume facts not in evidence, and/or call for legal arguments or conclusions.

11.      Plaintiff objects to Paragraph 1 of the Definitions and Instructions to the extent that the definition for "You," "your", and/or "ACP" is overbroad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence in calling for information involving any of ACP's "officers, directors, employees, representatives,

associates, partners, corporate parent, subsidiaries or affiliates, specifically including without limitation independent contractors."

12.     Plaintiff objects to Paragraph 13 of the Definitions and Instructions to the extent that the definition for "Sonic Comic" is overbroad, unduly burdensome, vague, ambiguous in calling for a "comic book, special, graphic novel or collection featuring SONIC THE HEDGEHOG, KNUCKLES THE ECHIDNA and all related ancillary characters from or relating to the 'Sonic the Hedgehog' series of video games from Sega of America, Inc. or otherwise incorporated in or covered by the licensing relationship between ACP and Sega of America, Inc."

13.     Plaintiff objects to Paragraph 15 of the Definitions and Instructions to the extent that the definition for "Licensed Comic Book Agreement" is overbroad, unduly burdensome, vague, and ambiguous in calling for "<u>any</u> ACP work-for-hire agreement … entered into between ACP and <u>any</u> person contributing one or more works for publication by ACP …."

14.     Plaintiff objects to Paragraph 16 of the Definitions and Instructions to the extent that the definition for "Newsstand Agreement" is overbroad, unduly burdensome, vague, and ambiguous in calling for "those ACP work-for-hire agreements entitled "Revised Newsstand Comic Independent Contractor's Agreement" entered into between ACP and <u>any</u> person contributing one or more Works for publication by ACP …."

15.     Plaintiff objects to Paragraph 20 of the Definitions and Instructions to the extent that the definition for "Creator" is overbroad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence in calling for "a person employed or otherwise engaged by ACP to create works, including but limited to writers, pencilers, inkers, painters, letterers and colorist."

16.     Plaintiff objects to Paragraph 21 of the Definitions and Instructions to the extent that the definition for "Sonic Creator" is overbroad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence in calling for "a <u>Creator</u> employed or otherwise engaged by ACP to produce Works for publication in one or more Sonic Comics."

17.     Plaintiff objects to Paragraph 22 of the Definitions and Instructions to the extent that the definition for "Freelancer" is overbroad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence in calling for "a <u>Creator</u> who prepared one or more Works for ACP in a capacity other than as a full-time employee of ACP."

18.     Plaintiff objects to Paragraph 23 of the Definitions and Instructions to the extent that the definition for "Sonic Contracts" is overbroad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence in calling for "<u>all</u> Licensed Comic Book Agreements and/or Newsstand Agreements entered into between ACP and <u>Sonic Creators</u>."  In addition, Plaintiff objects to this paragraph on the basis that same calls for a legal conclusion; namely, the term "contract" is a legal term of art, which means a legally enforceable agreement between two or more parties.

19.     Plaintiff objects to Paragraph 24 of the Definitions and Instructions to the extent that the definition for "Penders Work" is overbroad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence in that it implies that the copyright registrations obtained by Penders are valid registrations.

20.     Plaintiff objects to Paragraph 25 of the Definitions and Instructions to the extent that the definition for "Penders Creation" is overbroad, unduly burdensome, vague, ambiguous

and not reasonably calculated to lead to the discovery of admissible evidence in that it implies that Penders has any rights in any characters or concepts created for ACP.

21.     Plaintiff objects to Paragraph 26 of the Definitions and Instructions to the extent that the definition for "Administer" or "Administered" is overbroad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence in that it means "manage, oversee or otherwise participate in the selection, preparation, distribution, collection, organization and/or maintenance of the contract or agreement."  In addition, Plaintiff objects to this paragraph on the basis that same calls for a legal conclusion; namely, the term "contract" is a legal term of art, which means a legally enforceable agreement between two or more parties.

22.     Plaintiff objects to Defendant's Requests, and to the Definitions  and Instructions contained therein, to the extent they seek information not presently known or identified, because Plaintiff has not completed its investigation and analysis of the facts of the case, discovery, or trial preparations, and Plaintiff reserves the right, but does not undertake a responsibility to, amend these responses or objections and to produce additional information, if necessary, as additional facts become known or are discovered and in light of expert testimony or opinion that may be disclosed.

## GENERAL RESPONSES

Plaintiff's responses herein incorporate each of the General Objections raised above, to the extent applicable (where a defined term is used Request and objected to, above, for example) and are not intended to be, nor do they constitute, a waiver of the following rights, and are in fact intended to preserve and do preserve the following:

a.   The right to object to the admissibility of any information provided pursuant to the Demands on grounds of authenticity, foundation, relevance, materiality, privilege, or any other objection which may arise in subsequent proceedings in, or trial of, this or any other action;

b.   The right to object to Defendant's use of any information provided pursuant to the Demands in any subsequent proceeding in, or trial of, this or any other action;

c.   The right to object on any grounds at any time to any other discovery involving information provided or documents produced pursuant to these Demands;

d.   The right to supplement or amend these Objections and Responses in the event that additional information is learned or received.  Inadvertent identification or production of privileged information by Plaintiff pursuant to the Demands does not constitute a waiver of any applicable privilege; and

e.   Nothing contained herein or provided in response to the Demands consists of, or should be construed as, an admission relating to the existence or nonexistence of any alleged facts or information referenced in any Demand or that Plaintiff is in agreement with Defendant's characterization of the facts in any such Demand.

## OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR DOCUMENTS

### REQUEST NO. 1:

All documents identified in response to Defendant's First Set of Interrogatories.

### RESPONSE:

Plaintiff objects to this document request to the extent that it seeks disclosure of information that is protected from discovery by the work-product doctrine, the attorney-client

privilege, common interest privilege, or any other evidentiary privilege. Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or make available for inspection relevant, non-privileged and responsive documents, to the extent any exist in the possession, custody or control of ACP.

**REQUEST NO. 2:**

All documents which you or anyone on your behalf used, utilized or referenced in responding to Defendant's First Set of Interrogatories.

**RESPONSE:**

Plaintiff objects to this document request to the extent that it seeks disclosure of information that is protected from discovery by the work-product doctrine, the attorney-client privilege, common interest privilege, or any other evidentiary privilege. Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or make available for inspection relevant, non-privileged and responsive documents, to the extent any exist in the possession, custody or control of ACP.

**REQUEST NO. 3:**

All documents which you or anyone on your behalf used, utilized or referenced in responding to this Defendant's First Set of Requests for Production of Documents and Things.

**RESPONSE:**

Plaintiff objects to this document request to the extent that it seeks disclosure of information that is protected from discovery by the work-product doctrine, the attorney-client privilege, common interest privilege, or any other evidentiary privilege. Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or make available for inspection relevant, non-privileged and responsive

documents, to the extent any exist in the possession, custody or control of ACP.

**REQUEST NO. 4:**

All license agreements between ACP and Sega, including but not limited to agreements concerning the Sonic Comics, the characters SONIC THE HEDGEHOG or KNUCKLES THE ECHIDNA and/or any related ancillary characters from or relating to the "Sonic the Hedgehog" series of video games from Sega.

**RESPONSE:**

Plaintiff objects to this document request to the extent that it seeks disclosure of information that is protected from discovery by the work-product doctrine, the attorney-client privilege, common interest privilege, or any other evidentiary privilege.  Plaintiff further objects in so far as such demand is vague, overbroad, seeks information not related to the claims and defense in this matter, and is not calculated to lead to discoverable information.

Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or make available for inspection relevant, non-privileged and responsive documents, to the extent any exist in the possession, custody or control of ACP.

**REQUEST NO. 5:**

All correspondence and documents related to communications between ACP and Sega from January 1, 1992 to the present.

**RESPONSE:**

Plaintiff objects to this document request to the extent that it seeks disclosure of information that is protected from discovery by the work-product doctrine, the attorney-client privilege, common interest privilege, or any other evidentiary privilege.  Plaintiff further objects

in so far as such demand is vague, overbroad, seeks information not related to the claims and

defense in this matter, and is not calculated to lead to discoverable information.  The time period

from 1992 spans nearly two decades and is not reasonable.

Subject to and without waiving these and the foregoing General Objections, and in a

good faith effort to respond, Plaintiff will produce or make available for inspection relevant, non-

privileged and responsive documents, to the extent any exist in the possession, custody or control

of ACP.

### REQUEST NO. 6:

All correspondence and documents related to communications between ACP and Penders from

January 1, 1992 to the present.

### RESPONSE:

Plaintiff objects to this document request to the extent that it seeks disclosure of

information that is protected from discovery by the work-product doctrine, the attorney-client

privilege, common interest privilege, or any other evidentiary privilege.  Plaintiff further objects

in so far as such demand is vague, overbroad, seeks information not related to the claims and

defense in this matter, and is not calculated to lead to discoverable information.  In addition,

Plaintiff objects in so far as Defendant is requesting information already in his possession.  The

time period from 1992 spans nearly two decades and is not reasonable.

Subject to and without waiving these and the foregoing General Objections, and in a

good faith effort to respond, Plaintiff will produce or make available for inspection relevant, non-

privileged and responsive documents, to the extent any exist in the possession, custody or control

of ACP.

### REQUEST NO. 7:

All ACP documents that have been signed by Penders.

**RESPONSE:**

Plaintiff objects to this document request in so far as such demand is vague, overbroad, seeks information not related to the claims and defense in this matter, is not calculated to lead to discoverable information, and requests information already in Defendant's possession.

Plaintiff directs Defendant to documents previously produced as Exhibits A and B of the Complaint, known as the ACP-Penders Agreements.  Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or make available for inspection relevant, non-privileged and responsive documents, to the extent any exist in the possession, custody or control of ACP or exemplars thereof.

**REQUEST NO. 8:**

All ACP contracts and/or agreements signed by Penders, including all Sonic Contracts signed by Penders.

**RESPONSE:**

Plaintiff objects to this request for production on the basis that same calls for a legal conclusion; namely, the term "contract" is a legal term of art, which means a legally enforceable agreement between two or more parties.  Plaintiff directs Defendant to documents previously produced as Exhibits A and B of the Complaint, known as the ACP-Penders Agreements. Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or make available for inspection relevant, non-privileged and responsive documents, to the extent any exist in the possession, custody or control of ACP.

**REQUEST NO. 9:**

All copyright assignments signed by Penders relating to any Sonic Work.

**RESPONSE:**

Plaintiff directs Defendant to documents previously produced as Exhibits A and B of the Complaint, known as the ACP-Penders Agreements.  Subject to and without waiving the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or make available for inspection relevant, non-privileged and responsive documents, to the extent any exist in the possession, custody or control of ACP.

**REQUEST NO. 10:**

All copyright assignments signed by Penders relating to Works by Penders published in other ACP publications other than the Sonic Comics.

**RESPONSE:**

Plaintiff directs Defendant to documents previously produced as Exhibits A and B of the Complaint, known as the ACP-Penders Agreements.  Subject to and without waiving the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or make available for inspection relevant, non-privileged and responsive documents, to the extent any exist in the possession, custody or control of ACP.

**REQUEST NO. 11:**

All contracts and agreement [*sic*] between ACP and any Sonic Creator executed between January 1, 1992 and October 31, 1995.

**RESPONSE:**

Plaintiff objects to this request for production on the basis that same calls for a legal conclusion; namely, the term "contract" is a legal term of art, which means a legally enforceable agreement between two or more parties.  Plaintiff also objects as far as the request is unreasonably cumulative, duplicative, overbroad, unduly burdensome, irrelevant, seeks

information not related to the claims and defense in this matter, is not calculated to lead to discoverable information, and requests information already in Defendant's possession.  Plaintiff directs Defendant to documents previously produced as Exhibits A and B of the Complaint, known as the ACP-Penders Agreements.

Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or make available for inspection a representative sampling of non-privileged responsive documents per Fed. R. Civ. P. 26.  Rule 26(b)(2) was established with the intention of providing "the court with broader discretion to impose additional restrictions on the scope and extent of discovery …" when requests are unreasonably cumulative or duplicative.  Fed. R. Civ. P. 26 advisory committee's 1993 amendment note. Producing "[a]ll contracts and agreement [sic]" would be duplicative, overbroad, unduly burdensome, and irrelevant.

### REQUEST NO. 12:

All contracts and agreement between ACP and any Sonic Creator executed between November 1, 1995 and December 31, 1999.

### RESPONSE:

Plaintiff objects to this request for production on the basis that same calls for a legal conclusion; namely, the term "contract" is a legal term of art, which means a legally enforceable agreement between two or more parties.  Plaintiff also objects as far as the request is unreasonably cumulative, duplicative, overbroad, unduly burdensome, irrelevant, seeks information not related to the claims and defense in this matter, is not calculated to lead to discoverable information, and requests information already in Defendant's possession.  Plaintiff directs Defendant to documents previously produced as Exhibits A and B of the Complaint,

known as the ACP-Penders Agreements.

Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or make available for inspection a representative sampling of non-privileged responsive documents per Fed. R. Civ. P. 26.  Rule 26(b)(2) was established with the intention of providing "the court with broader discretion to impose additional restrictions on the scope and extent of discovery …" when requests are unreasonably cumulative or duplicative.  Fed. R. Civ. P. 26 advisory committee's 1993 amendment note. Producing "[a]ll contracts and agreement [sic]" would be duplicative, overbroad, unduly burdensome, and irrelevant.

### REQUEST NO. 13:

All contracts and agreement between ACP and any Sonic Creator executed between January 1, 2000 and December 31, 2006.

### RESPONSE:

Plaintiff objects to this request for production on the basis that same calls for a legal conclusion; namely, the term "contract" is a legal term of art, which means a legally enforceable agreement between two or more parties.  Plaintiff also objects as far as the request is unreasonably cumulative, duplicative, overbroad, unduly burdensome, irrelevant, seeks information not related to the claims and defense in this matter, is not calculated to lead to discoverable information, and requests information already in Defendant's possession.  Plaintiff directs Defendant to documents previously produced as Exhibits A and B of the Complaint, known as the ACP-Penders Agreements.

Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or make available for inspection a

representative sampling of non-privileged responsive documents per Fed. R. Civ. P. 26.  Rule 26(b)(2) was established with the intention of providing "the court with broader discretion to impose additional restrictions on the scope and extent of discovery …" when requests are unreasonably cumulative or duplicative.  Fed. R. Civ. P. 26 advisory committee's 1993 amendment note. Producing "[a]ll contracts and agreement [sic]" would be duplicative, overbroad, unduly burdensome, and irrelevant.

**REQUEST NO. 14:**

Documents sufficient to identify all Freelancers who produced Works for ACP between January 1, 1992 and October 31, 1995 that were intended for publication in the Sonic Comics.

**RESPONSE:**

Plaintiff objects as far as the request is unreasonably cumulative, duplicative, vague, overbroad, unduly burdensome, irrelevant, seeks information not related to the claims and defenses in this matter, is not calculated to lead to discoverable information, and requests information already in Defendant's possession**.**  Plaintiff directs Defendant to documents previously produced as Exhibits A and B of the Complaint, known as the ACP-Penders Agreements.

Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or make available for inspection a representative sampling of non-privileged responsive documents per Fed. R. Civ. P. 26.  Rule 26(b)(2) was established with the intention of providing "the court with broader discretion to impose additional restrictions on the scope and extent of discovery …" when requests are unreasonably cumulative or duplicative.  Fed. R. Civ. P. 26 advisory committee's 1993 amendment note.  Producing "[d]ocuments sufficient to identify all Freelancers" would be duplicative,

overbroad, unduly burdensome, and irrelevant.

**REQUEST NO. 15:**

Documents sufficient to identify all Freelancers who produced any Sonic Work for ACP

between November 1, 1995 and December 31, 1999.

**RESPONSE:**

Plaintiff objects as far as the request is unreasonably cumulative, duplicative, vague,

overbroad, unduly burdensome, irrelevant, seeks information not related to the claims and

defense in this matter, is not calculated to lead to discoverable information, and requests

information already in Defendant's possession**.**  Plaintiff directs Defendant to documents

previously produced as Exhibits A and B of the Complaint, known as the ACP-Penders

Agreements.

Subject to and without waiving these and the foregoing General Objections, and in a

good faith effort to respond, Plaintiff will produce or make available for inspection a

representative sampling of non-privileged responsive documents per Fed. R. Civ. P. 26.  Rule

26(b)(2) was established with the intention of providing "the court with broader discretion to

impose additional restrictions on the scope and extent of discovery …" when requests are

unreasonably cumulative or duplicative.  Fed. R. Civ. P. 26 advisory committee's 1993

amendment note. Producing "[d]ocuments sufficient to identify all Freelancers" would be duplicative,

overbroad, unduly burdensome, and irrelevant.

**REQUEST NO. 16:**

Documents sufficient to identify all Freelancers who produced any Sonic Work for ACP

between January 1, 2000 and the present.

**RESPONSE:**

16

Plaintiff objects as far as the request is unreasonably cumulative, duplicative, vague, overbroad, unduly burdensome, irrelevant, seeks information not related to the claims and defense in this matter, is not calculated to lead to discoverable information, and requests information already in Defendant's possession. Plaintiff directs Defendant to documents previously produced as Exhibits A and B of the Complaint, known as the ACP-Penders Agreements.

Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or make available for inspection a representative sampling of non-privileged responsive documents per Fed. R. Civ. P. 26. Rule 26(b)(2) was established with the intention of providing "the court with broader discretion to impose additional restrictions on the scope and extent of discovery …" when requests are unreasonably cumulative or duplicative. Fed. R. Civ. P. 26 advisory committee's 1993 amendment note. Producing "[d]ocuments sufficient to identify all Freelancers" would be duplicative, overbroad, unduly burdensome, and irrelevant.

### REQUEST NO. 17:

Documents sufficient to establish the procedure followed by ACP to Administer Creator contracts and agreements entered into between January 1, 1992 and October 31, 1995.

### RESPONSE:

Plaintiff objects to this document request in so far as such demand is vague, overbroad, seeks information not related to the claims and defense in this matter, and is not calculated to lead to discoverable information. Plaintiff further objects to Defendant's use of the term "sufficient to establish the procedure" as it is vague, overbroad, and ambiguous.

Subject to and without waiving these and the foregoing General Objections, and in a

good faith effort to respond, Plaintiff will produce or make available for inspection relevant, non-privileged and responsive documents, to the extent any exist in the possession, custody or control of ACP.

**REQUEST NO. 18:**

Documents sufficient to establish the procedure followed by ACP to Administer Creator contracts and agreements entered into between November 1, 1995 and December 31, 1999.

**RESPONSE:**

Plaintiff objects to this document request in so far as such demand is vague, overbroad, seeks information not related to the claims and defense in this matter, and is not calculated to lead to discoverable information. Plaintiff further objects to Defendant's use of the term "sufficient to establish the procedure" as it is vague, overbroad, and ambiguous.

Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or make available for inspection relevant, non-privileged and responsive documents, to the extent any exist in the possession, custody or control of ACP.

**REQUEST NO. 19:**

Documents sufficient to establish the procedure followed by ACP to Administer Creator contracts and agreements entered into between January 1, 2000 and December 31, 2006.

**RESPONSE:**

Plaintiff objects to this document request in so far as such demand is vague, overbroad, seeks information not related to the claims and defense in this matter, and is not calculated to lead to discoverable information. Plaintiff further objects to Defendant's use of the term "sufficient to establish the procedure" as it is vague, overbroad, and ambiguous.

Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or make available for inspection relevant, non-privileged and responsive documents, to the extent any exist in the possession, custody or control of ACP.

**REQUEST NO. 20:**

All correspondence and documents related to communications between ACP and any Sonic Creators establishing such Sonic Creator's understanding and agreement that a Work created by such Sonic Creators was to be "work made for hire".

**RESPONSE:**

Plaintiff objects to this document request in so far as such demand is vague, overbroad, seeks information not related to the claims and defense in this matter, is not calculated to lead to discoverable information, and requests information already in Defendant's possession.  To demand Plaintiff's review of "all correspondence and documents" with no timeframe established in which such a review is to be conducted is overbroad and unduly burdensome.  In addition, Plaintiff objects to Defendant's use of the terms "related to communications" and "Sonic Creator's understanding" in so far as the terms are ambiguous, vague, and overbroad. Furthermore, Plaintiff objects to Defendant's Request for documents which establish a state of mind in a third party, which is unknown.

Plaintiff directs Defendant to documents previously produced as Exhibits A and B of the Complaint, known as the ACP-Penders Agreements.  Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff directs Defendant to the document production of both parties to this action and all materials files with the Courtrelevant, non-privileged.

**REQUEST NO. 21:**

All copyright assignments signed by Sonic Creators relating to the Sonic Comics.

**RESPONSE:**

Plaintiff objects to this document request in so far as such demand is vague, overbroad, seeks information not related to the claims and defense in this matter, is not calculated to lead to discoverable information, and requests information already in Defendant's possession.

The relevant claims in this case are of Plaintiff and Defendant; Plaintiff directs Defendant to documents previously produced as Exhibits A and B of the Complaint, known as the ACP-Penders Agreements.  Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff directs Defendant to the document production of both parties to this action. relevant, non-privileged

**REQUEST NO. 22:**

All Licensed Comic Book Agreements signed by Freelancers.

**RESPONSE:**

Plaintiff objects to this document request in so far as such demand is vague, overbroad, seeks information not related to the claims and defense in this matter, is not calculated to lead to discoverable information, and requests information already in Defendant's possession.  Plaintiff has been in the comic book business for well over seventy (70) years and Defendant's demand for "[a]ll Licensed Comic Book Agreements signed by Freelancers" is undeniably overbroad in its scope.  In addition, this request is duplicative of Request Nos. 11-13.

Plaintiff directs Defendant to documents previously produced as Exhibits A and B of the Complaint, known as the ACP-Penders Agreements.  Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or

make available for inspection a representative sampling of non-privileged responsive documents per Fed. R. Civ. P. 26.  Rule 26(b)(2) was established with the intention of providing "the court with broader discretion to impose additional restrictions on the scope and extent of discovery …" when requests are unreasonably cumulative or duplicative.  Fed. R. Civ. P. 26 advisory committee's 1993 amendment note. Producing "[a]ll Licensed Comic Book Agreements signed by Freelancers" would be duplicative, overbroad, unduly burdensome, and irrelevant.

**REQUEST NO. 23:**

All Newsstand Agreements signed by Freelancers.

**RESPONSE:**

Plaintiff objects to this document request in so far as such demand is vague, overbroad, seeks information not related to the claims and defense in this matter, is not calculated to lead to discoverable information, and requests information already in Defendant's possession.  Plaintiff has been in the comic book business for well over seventy (70) years and Defendant's demand for "[a]ll Newsstand Agreements signed by Freelancers" is undeniably overbroad in its scope.  In addition, this request is duplicative of Request Nos. 11-13.

Plaintiff directs Defendant to documents previously produced as Exhibits A and B of the Complaint, known as the ACP-Penders Agreements.  Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or make available for inspection a representative sampling of non-privileged responsive documents per Fed. R. Civ. P. 26.  Rule 26(b)(2) was established with the intention of providing "the court with broader discretion to impose additional restrictions on the scope and extent of discovery …" when requests are unreasonably cumulative or duplicative.  Fed. R. Civ. P. 26 advisory committee's 1993 amendment note. Producing "[a]ll Newsstand Agreements signed by

Freelancers" would be duplicative, overbroad, unduly burdensome, and irrelevant.

**REQUEST NO. 24:**

All copyright assignments signed by Freelancers concerning Works created for or on behalf of ACP.

**RESPONSE:**

Plaintiff objects to this document request in so far as such demand is vague, overbroad, seeks information not related to the claims and defense in this matter, is not calculated to lead to discoverable information, and requests information already in Defendant's possession.  Plaintiff has been in the comic book business for well over seventy (70) years and Defendant's demand for "[a]ll copyright assignments signed by Freelancers concerning Works created for or on behalf of ACP" is undeniably overbroad in its scope.  Even if Plaintiff were able to obtain all documents responsive to this demand, the demand itself seeks information not related to the claims and defense in this matter and not calculated to lead to discoverable information.  Further, this request is duplicative of Request No. 9.

Plaintiff directs Defendant to documents previously produced as Exhibits A and B of the Complaint, known as the ACP-Penders Agreements.  Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or make available for inspection a representative sampling of non-privileged responsive documents per Fed. R. Civ. P. 26.  Rule 26(b)(2) was established with the intention of providing "the court with broader discretion to impose additional restrictions on the scope and extent of discovery …" when requests are unreasonably cumulative or duplicative.  Fed. R. Civ. P. 26 advisory committee's 1993 amendment note.  Producing "[a]ll copyright assignments signed by

Freelancers" would be duplicative, overbroad, unduly burdensome, and irrelevant.

**REQUEST NO. 25:**

All contracts and agreements signed by Creators concerning, or that otherwise reference or refer to, the Sonic Comics.

**RESPONSE:**

Plaintiff objects to this document request in so far as such demand is vague, overbroad, seeks information not related to the claims and defense in this matter, is not calculated to lead to discoverable information, and requests information already in Defendant's possession.  In addition, Plaintiff objects to this request for production on the basis that same calls for a legal conclusion; namely, the term "contract" is a legal term of art, which means a legally enforceable agreement between two or more parties.  Plaintiff also objects to Defendant's use of the term "or that otherwise reference or refer to" in that such term is vague, overbroad, unduly burdensome, seeks information not related to the claims and defense in this matter, and is not calculated to lead to discoverable information.  Further, this request is wholly duplicative of Request Nos. 11-13.

Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or make available for inspection a representative sampling of non-privileged responsive documents per Fed. R. Civ. P. 26.  Rule 26(b)(2) was established with the intention of providing "the court with broader discretion to impose additional restrictions on the scope and extent of discovery …" when requests are unreasonably cumulative or duplicative.  Fed. R. Civ. P. 26 advisory committee's 1993 amendment note. Producing "[a]ll contracts and agreement [*sic*]" that in any way relate to Sonic

Comics would be duplicative, overbroad, unduly burdensome, and irrelevant; for example, ACP has been producing Sonic products for nearly 20 years and this Request could be read to include any paper orders, shipping labels, shipping boxes, freight orders, for *any* Sonic product; furthermore, the Request is not limited to those products in which Defendant alleges some proprietary rights.

### REQUEST NO. 26:

All correspondence and documents concerning, or otherwise discussing, referencing or referring to, the Newsstand Agreement attached as Exhibit A to the complaint.

### RESPONSE:

Plaintiff objects to this document request to the extent that it seeks disclosure of information that is protected from discovery by the work-product doctrine, the attorney-client privilege, common interest privilege, or any other evidentiary privilege.  Plaintiff further objects in so far as such demand is vague, overbroad, seeks information not related to the claims and defense in this matter, is not calculated to lead to discoverable information, and requests information already in Defendant's possession.

Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or make available for inspection relevant, non-privileged and responsive documents, to the extent any exist in the possession, custody or control of ACP.

### REQUEST NO. 27:

All correspondence and documents concerning, or otherwise discussing, referencing or referring to, the Licensed Comic Book Agreement attached as Exhibit B to the complaint.

### RESPONSE:

Plaintiff objects to this document request to the extent that it seeks disclosure of information that is protected from discovery by the work-product doctrine, the attorney-client privilege, common interest privilege, or any other evidentiary privilege.  Plaintiff further objects in so far as such demand is vague, overbroad, seeks information not related to the claims and defense in this matter, is not calculated to lead to discoverable information, and requests information already in Defendant's possession.

Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or make available for inspection relevant, non-privileged and responsive documents, to the extent any exist in the possession, custody or control of ACP.

**REQUEST NO. 28:**

All correspondence and documents related to communications concerning the ownership of copyright in the Works published in the Sonic Comics.

**RESPONSE:**

Plaintiff objects to this document request to the extent that it seeks disclosure of information that is protected from discovery by the work-product doctrine, the attorney-client privilege, common interest privilege, or any other evidentiary privilege.  Plaintiff further objects in so far as such demand is vague, overbroad, seeks information not related to the claims and defense in this matter, is not calculated to lead to discoverable information, and requests information already in Defendant's possession.  The Request is not limited to those Sonic products in which Penders alleges a proprietary interest.

Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or make available for inspection relevant, non-

privileged and responsive documents, to the extent any exist in the possession, custody or control of ACP.

**REQUEST NO. 29:**

All documents signed by Penders concerning his option to participate in ACP's group health insurance plan.

**RESPONSE:**

Plaintiff objects to this document request in so far as such demand is vague, overbroad, seeks information not related to the claims and defense in this matter, is not calculated to lead to discoverable information, and requests information already in Defendant's possession.

Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or make available for inspection relevant, non-privileged and responsive documents, to the extent any exist in the possession, custody or control of ACP.

**REQUEST NO. 30:**

All copyright applications filed by ACP for the Sonic Comics.

**RESPONSE:**

Plaintiff objects to this document request in so far as such demand is vague, overbroad, seeks information not related to the claims and defense in this matter, is not calculated to lead to discoverable information, and requests information already in Defendant's possession. Furthermore, the Request is not limited to those Sonic products in which Penders alleges a proprietary interest.  Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or make available for inspection relevant, non-privileged and responsive documents, to the extent any exist in the possession,

custody or control of ACP.

**REQUEST NO. 31:**

All correspondence and documents related to communications between ACP and the U.S. Copyright Office relating to the Sonic Comics.

**RESPONSE:**

Plaintiff objects to this document request in so far as such demand is vague, overbroad, seeks information not related to the claims and defense in this matter, is not calculated to lead to discoverable information, and requests information already in Defendant's possession.  Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or make available for inspection relevant, non-privileged and responsive documents, to the extent any exist in the possession, custody or control of ACP.

**REQUEST NO. 32:**

Documents sufficient to identify the procedures and/or guidelines followed by ACP in protecting its copyright rights in Works published by ACP

**RESPONSE:**

Plaintiff objects to this document request in so far as such demand is vague, overbroad, irrelevant, seeks information not related to the claims and defense in this matter, is not calculated to lead to discoverable information, and requests information already in Defendant's possession. Plaintiff further objects to Defendant's use of the term "sufficient to identify the procedure and/or guidelines" as it is vague, overbroad, ambiguous, seeks information not related to the claims and defense in this matter, and is not calculated to lead to discoverable information.  ACP has been in business for over 70 years, and has numerous relationships spanning properties of many derivations.

**REQUEST NO. 33:**

All correspondence and documents concerning ACP's decision of whether or not to register the copyrights for each of the Sonic Comics.

**RESPONSE:**

Plaintiff objects to this document request to the extent that it seeks disclosure of information that is protected from discovery by the work-product doctrine, the attorney-client privilege, common interest privilege, or any other evidentiary privilege.  Plaintiff further objects to this document request in so far as such demand is vague, overbroad, irrelevant, seeks information not related to the claims and defense in this matter and is not calculated to lead to discoverable information.

**REQUEST NO. 34:**

Documents sufficient to establish ACP's policies for processing artwork for the Sonic Comics, including the policies for the return of artwork to Creators.

**RESPONSE:**

Plaintiff objects to this document request in so far as such demand is vague, overbroad, seeks information not related to the claims and defense in this matter, and is not calculated to lead to discoverable information.  Plaintiff further objects to Defendant's use of the term "sufficient to establish ACP's policies for processing artwork" as it is vague, overbroad, ambiguous, seeks information not related to the claims and defense in this matter, and is not calculated to lead to discoverable information.  The Request is not limited in time or scope, or even to Penders himself; to the extent documents exist which show a manner in which Penders and ACP carried on their relationship, Plaintiff directs Defendant to the documents produced by the parties in this litigation.

**REQUEST NO. 35:**

Documents sufficient to describe the organizational structure of ACP including but not limited to organizational charges of ACP, subsidiaries, licensees and/or affiliates.

**RESPONSE:**

Plaintiff objects to this document request in so far as such demand is vague, overbroad, irrelevant, seeks information not related to the claims and defense in this matter, and is not calculated to lead to discoverable information. Plaintiff further objects to Defendant's use of the term "sufficient to describe the organizational structure" as it is vague, overbroad, ambiguous, seeks information not related to the claims and defense in this matter, and is not calculated to lead to discoverable information. ACP has no idea what "organizational charges" are. ACP has been in business for over 70 years, and has evolved in many corporate forms; however, none of that corporate history is relevant to the claims and defenses in this action; the corporate records of ACP are voluminous, and proprietary; the Request is burdensome and relates to no claim or defense in the case.

**REQUEST NO. 36:**

All corporate documents of ACP including, but not limited to:

a.      articles of incorporation;
b.      by-laws;
c.      minutes of the Board of Directors;
d.      initial stock offering; and
e.      stock ownership.

**RESPONSE:**

Plaintiff objects to this document request in so far as such demand is vague, overbroad, unduly burdensome, irrelevant, seeks information not related to the claims and defense in this

matter, and is not calculated to lead to discoverable information.  Plaintiff has been in the comic

book business for well over seventy (70) years and Defendant's demand for "[a]ll corporate

documents of ACP" is undeniably overbroad in its scope.  Even if Plaintiff were able to obtain

all documents responsive to this demand, the demand itself seeks information not related to the

claims and defense in this matter and not calculated to lead to discoverable information.

### REQUEST NO. 37:

All audited and unaudited financial statements including, but not limited to income statements,

balance sheets, and cash flow statements pertaining to the financial condition of ACP from January

1, 1992 to present.

### RESPONSE:

Plaintiff objects to this document request in so far as such demand is vague, overbroad,

unduly burdensome, irrelevant, seeks information not related to the claims and defense in this

matter, and is not calculated to lead to discoverable information.  Plaintiff has a vast catalog of

business and Defendant's demand for "[a]ll audited and unaudited financial statements" is

undeniably overbroad in its scope.  The breadth of the demand notwithstanding, the demand

seeks information not related to the claims and defense in this matter and not calculated to lead

to discoverable information.  To request financial documents covering a period of nearly two decades

is undeniably burdensome and overbroad.  Defendant's claims are subject to a three year statute of

limitations; any request for financial information beyond this period is overbroad and not reasonably

calculated to lead to the discovery of admissible information.

### REQUEST NO. 38:

All federal, state and local tax returns filed by ACP from 1992 to present.

### RESPONSE:

Plaintiff objects to this document request in so far as such demand is vague, overbroad, unduly burdensome, irrelevant, seeks information not related to the claims and defense in this matter, and is not calculated to lead to discoverable information.   To request financial documents covering a period of nearly two decades is undeniably burdensome and overbroad. Defendant's claims are subject to a three year statute of limitations; any request for financial information beyond this period is overbroad and not reasonably calculated to lead to the discovery of admissible information.

### REQUEST NO. 39:

Documents sufficient to identify all employees and/or agents of ACP who participated in the production, distribution or sale of any Issue containing a Penders Work.

### RESPONSE:

Plaintiff objects to this document request in so far as such demand is vague, overbroad, unduly burdensome, irrelevant, seeks information not related to the claims and defense in this matter, and is not calculated to lead to discoverable information. Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or make available for inspection relevant, non-privileged and responsive documents, to the extent any exist in the possession, custody or control of ACP.

### REQUEST NO. 40:

Documents sufficient to identify all employees and/or agents of ACP who participated in the creation, production, distribution or sale of any Issue containing a Penders Creation.

### RESPONSE:

Plaintiff objects to this document request in so far as such demand is vague, overbroad, unduly burdensome, irrelevant, seeks information not related to the claims and defense in this

matter, and is not calculated to lead to discoverable information. Subject to and without waiving

these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff will

produce or make available for inspection relevant, non-privileged and responsive documents, to

the extent any exist in the possession, custody or control of ACP.

### REQUEST NO. 41:

All licenses between ACP and any other person concerning the Sonic Comics including, but not

limited to, Apple, Sony, Jazwares, iVerse and Toys-R-Us.

### RESPONSE:

Plaintiff objects to this document request in so far as such demand is vague, overbroad,

seeks information not related to the claims and defense in this matter, and is not calculated to

lead to discoverable information.  Subject to and without waiving these and the foregoing

General Objections, and in a good faith effort to respond, Plaintiff will produce or make

available for inspection relevant, non-privileged and responsive documents, to the extent any

exist in the possession, custody or control of ACP.

### REQUEST NO. 42:

With respect to each Issue of any Sonic Comic that contains a Penders Work or a Penders

Creation, all documents related to any transactions concerning such Issue, including but not limited to:

a.  purchase orders;
b.  invoices;
c.  order forms;
d.  contracts for the sale of Units of the Issue;
e.  production documentation;
f.  financing documentation;
g.  shipping documentation;
h.  cancelled checks or other documentation evidencing payment;
i.  correspondence;
j.  sales reports;
k.  documents authorizing the return of Units;

l.      internal memoranda; and

m.      documents evidencing communications with any person.

**RESPONSE:**

Plaintiff objects to this document request in so far as such demand is vague, overbroad, unduly burdensome, irrelevant, seeks information not related to the claims and defense in this matter, and is not calculated to lead to discoverable information.  To request financial documents covering a period of nearly two decades is undeniably burdensome and overbroad.  Defendant's claims are subject to a three year statute of limitations; any request for financial information beyond this period is overbroad and not reasonably calculated to lead to the discovery of admissible information.  Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or make available for inspection relevant, non-privileged and responsive documents, to the extent any exist in the possession, custody or control of ACP.

**REQUEST NO. 43:**

Minutes of each and every Board of Director's meeting at which Penders was discussed.

**RESPONSE:**

Plaintiff objects to this document request in so far as such demand is vague, overbroad, seeks information not related to the claims and defense in this matter, and is not calculated to lead to discoverable information.  Plaintiff also objects in so far as Defendant has established no timeframe for the demand.  To demand Plaintiff's review of the "[m]inutes of each and every Board of Director's meeting at which Penders was discussed" with no timeframe established in which such a review is to be conducted is overbroad and unduly burdensome.  No such documents exist.

33

**REQUEST NO. 44:**

Minutes of each and every Board of Director's meeting at which this action, the claims in the Complaint and/or the claims in the Answer were discussed.

**RESPONSE:**

Plaintiff objects to this document request in so far as such demand is vague, overbroad, seeks information not related to the claims and defense in this matter, and is not calculated to lead to discoverable information.  No such documents exist.

**REQUEST NO. 45:**

All correspondence between ACP and any Creator requesting that the Creator sign a document confirming any Work created by Creator was a "work for hire".

**RESPONSE:**

Plaintiff objects in so far as such demand is vague, overbroad, irrelevant, unduly burdensome, seeks information not related to the claims and defense in this matter, is not calculated to lead to discoverable information, and requests information already in Defendant's possession.  Plaintiff has been in the comic book business for well over seventy (70) years and Defendant's demand for "[a]ll correspondence between ACP and any Creator requesting that the Creator sign a document confirming any Work created by Creator was a 'work for hire'" is undeniably overbroad in its scope; Creator is defined to mean any person who ever worked on anything for ACP in its 70 years history; this is overbraod, burdensome and vexatious.  Further, this request is duplicative of Request Nos. 11-16, 20, 22-23, and 25-28.

**REQUEST NO. 46:**

All correspondence between ACP and any Creator requesting that the Creator sign a document to effectuate the assignment of Creator's rights in any Work created by such Creator.

**RESPONSE:**

Plaintiff objects in so far as such demand is vague, overbroad, irrelevant, unduly burdensome, seeks information not related to the claims and defense in this matter, is not calculated to lead to discoverable information, and requests information already in Defendant's possession. Plaintiff has been in the comic book business for well over seventy (70) years and Defendant's demand for "[a]ll correspondence between ACP and any Creator requesting that the Creator sign a document to effectuate the assignment of Creator's rights in any Work created by such Creator" is undeniably overbroad in its scope; Creator is defined to mean any person who ever worked on anything for ACP in its 70 years history; this is overbroad, burdensome and vexatious. Further, this request is duplicative of Request Nos. 11-16 and 20-28.

**REQUEST NO. 47:**

All correspondence between ACP and any Creator requesting that the Creator sign a document to assist ACP in obtaining copyright protection in any Work created by such Creator.

**RESPONSE:**

Plaintiff objects in so far as such demand is vague, overbroad, irrelevant, unduly burdensome, seeks information not related to the claims and defense in this matter, is not calculated to lead to discoverable information, and requests information already in Defendant's possession. Plaintiff has been in the comic book business for well over seventy (70) years and Defendant's demand for "[a]ll correspondence between ACP and any Creator requesting that the Creator sign a document to assist ACP in obtaining copyright protection in any Work created by such Creator" is undeniably overbroad in its scope; Creator is defined to mean any person who ever worked on anything for ACP in its 70 years history; this is overbraod, burdensome and vexatious. Further, this request is duplicative of Request Nos. 11-16 and 20-28.

**REQUEST NO. 48:**

All licensing agreements between ACP and any other person concerning the publication, manufacture, distribution, sale or offering of sale of Issues of Sonic Comics containing one or more Penders Work and/or Penders Creation.

**RESPONSE:**

Plaintiff objects to this document request to the extent that it seeks disclosure of information that is protected from discovery by the work-product doctrine, the attorney-client privilege, common interest privilege, or any other evidentiary privilege.  Plaintiff further objects in so far as such demand is vague, overbroad, seeks information not related to the claims and defense in this matter, and is not calculated to lead to discoverable information.  The Request is not limited in time or scope, and potentially spans a period of nearly 20 years; the request is not limited in scope to those Sonic Products in which Penders claims a proprietary interest; indeed, Penders does not even claim that first publication by ACP is infringing; accordingly, the request is burdensome, overbroad and vexatious; the records sought are not relevant to the claims and defenses in this action.

**REQUEST NO. 49:**

All licensing agreements between ACP and any other person concerning the publication, manufacture, distribution, sale or offering of sale of Issues of Sonic Comics containing one or more Penders Work and/or Penders Creation.

**RESPONSE:**

Plaintiff objects to this document request in so far as it is wholly duplicative of Request No. 48.

**REQUEST NO. 50:**

Documents sufficient to establish the volume of sales by dollar and/or unit on a per-Issue basis for each Sonic Comic publication produced by ACP since January 1, 1992.

**RESPONSE:**

Plaintiff objects in so far as such demand is vague, overbroad, irrelevant, unduly burdensome, seeks information not related to the claims and defense in this matter, is not calculated to lead to discoverable information, and requests information already in Defendant's possession. The request seeks financial information covering a period of nearly 20 years, is not limited to those Sonic products in which Penders claims a proprietary interest; Penders does not even allege that first publication of the Sonic Comics (even as the term is defined) was infringing, yet this request seeks voluminous records concerning such sales; the three year statute of limitations also makes any request for such information beyond that period wholly irrelevant and not reasonably calculated to lead to the discovery of admissible information.  Defendant makes no claim that the first publication of any Sonic Comic, including any works supplied by Defendant to Plaintiff, is infringing on Penders' Copyrights.  Accordingly, this request is overbroad in its scope, is not relevant to the claims in this matter, and is not calculated to lead to discoverable information.  However, and subject to and without waiving the foregoing objections and the General Objections, ACP is compiling and will produce to Penders a spreadsheet which will show the volume of sales within the three year statute of limitations of any product alleged by Penders to infringe.

**REQUEST NO. 51:**

Documents sufficient to establish the volume of sales by dollar and/or Unit on a per-Issue basis for all reprints produced by ACP since January 1, 1993 of any Sonic Comic.

**RESPONSE:**

See Response to Request No. 50, incorporated herein by reference as if fully stated.

**REQUEST NO. 52:**

Documents sufficient to establish the volume of sales by dollar and/or unit on a per-Issue basis for all reprints produced by persons under license from ACP since January 1, 1993 of any Sonic Comic.

**RESPONSE:**

See Response to Request No. 50, incorporated herein by reference as if fully stated.

**REQUEST NO. 53:**

Documents sufficient to establish the volume of sales by dollar and/or Unit on a per-Issue basis for all reprints of any Penders Work since January 1, 1993.

**RESPONSE:**

See Response to Request No. 50, incorporated herein by reference as if fully stated.**REQUEST NO. 54:**

Documents sufficient to establish the volume of sales by dollar and/or unit on a per-Issue basis for all reprints of any Sonic Work containing any Penders Character since January 1, 1993.

**RESPONSE:**

See Response to Request No. 50, incorporated herein by reference as if fully stated.**REQUEST NO. 55:**

Documents sufficient to establish the volume of sales by dollar and/or unit on a per-Issue basis for each non-English version of any Sonic Comic produced since January 1, 1992.

**RESPONSE:**

See Response to Request No. 50, incorporated herein by reference as if fully stated.

**REQUEST NO. 56:**

All license agreements and any documents relating or referring thereto between ACP and

any person other than Sega concerning any Sonic Comic.

**RESPONSE:**

Plaintiff objects to this document request in so far as such demand is vague, overbroad, seeks information not related to the claims and defense in this matter, and is not calculated to lead to discoverable information.  In addition, Plaintiff objects to the extent that this request is wholly duplicative of Request No. 41.

**REQUEST NO. 57:**

All correspondence between you and the U.S. Copyright Office pertaining to any Sonic Comic.

**RESPONSE:**

Plaintiff objects to this document request to the extent that it seeks disclosure of information that is protected from discovery by the work-product doctrine, the attorney-client privilege, common interest privilege, or any other evidentiary privilege.  Plaintiff further objects in so far as such demand is vague, overbroad, seeks information not related to the claims and defense in this matter, and is not calculated to lead to discoverable information.  Plaintiff has published hundreds of Sonic Comics since 1992.  In addition, Plaintiff objects to the extent that this request is wholly duplicative of Request Nos. 30-31.

Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff will produce or make available for inspection all non-privileged documents with respect to Penders and Penders' registrations.

**REQUEST NO. 58:**

All documents in your possession, custody or control that refer or relate to Penders.

**RESPONSE:**

Plaintiff objects to this document request to the extent that it seeks disclosure of

information that is protected from discovery by the work-product doctrine, the attorney-client privilege, common interest privilege, or any other evidentiary privilege.  Plaintiff further objects in so far as such demand is vague, overbroad, seeks information not related to the claims and defense in this matter, and is not calculated to lead to discoverable information.  In addition, this request is duplicative of all requests made herein as most or all of the requests made by Defendant relate in some way, shape, or form to Penders.

Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff directs Penders to the documents produced by the parties in this litigation.

### REQUEST NO. 59:

All documents in your possession, custody or control that refer or relate to any Penders Creation and/or any Penders Work.

### RESPONSE:

Plaintiff objects to this document request to the extent that it seeks disclosure of information that is protected from discovery by the work-product doctrine, the attorney-client privilege, common interest privilege, or any other evidentiary privilege.  Plaintiff further objects in so far as such demand is vague, overbroad, seeks information not related to the claims and defense in this matter, and is not calculated to lead to discoverable information.  In addition, this request is duplicative of all requests made herein as most or all of the requests made by Defendant relate in some way, shape, or form to Penders Creations and/or Penders Works.

Subject to and without waiving these and the foregoing General Objections, and in a good faith effort to respond, Plaintiff directs Penders to the documents produced by the parties in this litigation.

**REQUEST NO. 60:**

All insurance policies related or relevant to this action, including any reservation of rights letters or other documentation of reservations by any insurer.

**RESPONSE:**

Subject to and without waiving the foregoing General Objections, and in a good faith effort to respond, Plaintiff states that it is unaware of any insurance policies related or relevant to this action.

**REQUEST NO. 61:**

All documents not previously identified that will be exhibits or otherwise used at the trial of this case.

**RESPONSE:**

Plaintiff objects to this document request to the extent that it seeks disclosure of information that is protected from discovery by the work-product doctrine, the attorney-client privilege, common interest privilege, or any other evidentiary privilege.  Plaintiff further objects to this request as premature.  ACP will provide its trial exhibit list to Penders on the schedule established by the Court.

**REQUEST NO. 62:**

All documents sufficient to establish the credentials of each person whom Plaintiff expects to call to give testimony on its behalf as an expert in this proceeding.

**RESPONSE:**

Plaintiff has not yet made a determination as to which experts it intends to call at trial. Plaintiff will supplement this response at the appropriate time, if and when necessary.

**REQUEST NO. 63:**

All documents provided by ACP to any person retained by Plaintiff as an expert in this proceeding.

**RESPONSE:**

Plaintiff objects to this document request to the extent that it seeks disclosure of information that is protected from discovery by the work-product doctrine, the attorney-client privilege, common interest privilege, or any other evidentiary privilege.

Plaintiff has not yet made a determination as to which experts it intends to call at trial. Plaintiff will supplement this response at the appropriate time, if and when necessary.

**REQUEST NO. 64:**

All documents that relate to any and all expert witnesses that Plaintiff has retained or intends to call at trial.

**RESPONSE:**

Plaintiff objects to this document request to the extent that it seeks disclosure of information that is protected from discovery by the work-product doctrine, the attorney-client privilege, common interest privilege, or any other evidentiary privilege. Plaintiff further objects in so far as such demand is vague and overbroad, seeking all documents that "relate" to any expert. This is unintelligible.

/
/
/
/
/
/
/
/

Respectfully submitted,
DISERIO MARTIN O'CONNOR &
CASTIGLIONI LLP

By: ___/s/_____
        Matthew C. Wagner (MW9432)
        mwagner@dmoc.com

        Scott Harrington (SH0588)
        sharrington@dmoc.com

        Diserio Martin O'Connor & Castiglioni LLP
        50 Main Street, Suite 1000
        White Plains, NY 1060
        Tel: 914-684-0090

Date:   July 29, 2011

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARCHIE COMIC PUBLICATIONS, INC., | Case No.: 10-CV-8858 (RMB) |
| Plaintiff, | Judge: Hon. Richard M. Berman |
| vs. | |
| KENNETH W. PENDERS, II, *a/k/a* KEN PENDERS | **CERTIFICATE OF SERVICE** |
| Defendant. | |

I hereby certify that a true and correct copy of the foregoing *Plaintiff's Objections and Responses to Defendant's First Set of Requests for Production of Documents,* is being served on the following parties as indicated below:

**R. Christopher Harshman**
Lovitz IP Law P.C.
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, CA 90212
charshman@lovitziplaw.com

Respectfully submitted,
DISERIO MARTIN O'CONNOR &
CASTIGLIONI LLP

By: ___/s/_____
Matthew C. Wagner (MW9432)
mwagner@dmoc.com

Scott Harrington (SH0588)
sharrington@dmoc.com
Diserio Martin O'Connor & Castiglioni LLP
50 Main Street, Suite 1000
White Plains, NY 1060
Tel: 914-684-0090

Date:   July 29, 2011