**COLLEN IP**
INTELLECTUAL PROPERTY LAW

Telephone (914) 941-5668
Facsimile (914) 941-6091
www.collenIP.com

Direct: (914) 236-3239
jpaul@collenIP.com

> PARTIES to submit
> b the briefs with authorities
> simultaneously on or
> b/m 4/2/13 (FINAL DATE
> FOR SUBMISSIONS)
>
> ~~March 25, 2013~~
>
> SO ORDERED
> Date: 3/25/13  BY HAND DELIVERY  /s/ Richard M. Berman
> Hon. Richard M. Berman, U.S.D.J.

RECEIVED
MAR 25 2013
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

clerk to
Docket

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 03/25/13

Hon. Richard M. Berman
United States District Judge, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    <u>Archie Comic Publications, Inc. v. Penders - 10 CV 8858 (RMB)</u>

Dear Judge Berman:

    Our firm represents Archie Comic Publications, Inc. ("ACP"). We write briefly to respond to the letter to the court dated March 22, 2013 from Mr. Penders' counsel.

### I. THE PARTIES HAVE NOT AGREED TO CERTAIN MATERIAL TERMS OF SETTLEMENT

    Although we wish it were otherwise, the parties have <u>not</u> reached agreement on the terms of a settlement. The parties concluded an understanding of the basic parameters of settlement during a mediation session held on November 29, 2012 and reduced that understanding to five deal points covering 15 lines of text in a signed Term Sheet. (The parties agreed that the Term Sheet's provisions would remain confidential. We will of course provide the court with a copy of the Term Sheet on request.)

    A material term of settlement involved the scope of Mr. Penders' claim of rights to exploit certain claimed proprietary rights in the future. Pursuant to the Term Sheet, Mr. Penders' asserted rights (the Term Sheet uses the defined term "Claimed Rights"), if exploited by Penders in the future, would not "look and feel like they are part of a 'Sonic Universe.'" The Term Sheet also states that ""the metes and bounds of Claimed Rights must be described in Schedule A." Schedule A was not attached to the Term Sheet, it being the parties' intention to negotiate the terms of Schedule A in the period following the mediation session.


PAPERCUT PROTOCOL

Hon. Richard M. Berman
March 25, 2013
Page 2

Counsel for the parties appeared before Your Honor for a status conference on January 7, 2013. At that time, we informed the court that "the core of the agreement will be in schedules" and that we had just received a "draft of the schedules" from Mr. Penders' counsel. We told the court that "bottom line, we do not have a signed settlement agreement" and that the "devil [would be] . . . in the details." *See* Transcript of Jan. 7, 2013 status conference, attached as Ex. B to opposing counsel's March 22, 2013 letter.

The parties have attempted without success to reach agreement on the metes and bounds of Mr. Penders' Claimed Rights (Schedule A). In the absence of agreement on this key point, there can be no agreement between the parties.

## II.   THE COURT MAY NOT DISMISS THIS ACTION "WITH PREJUDICE"

We submit that this court may not dismiss this action "with prejudice," as requested by Mr. Penders' counsel. This would inappropriate and greatly prejudicial to ACP's interests, since ACP has not had a full and fair opportunity to litigate in this proceeding any of the issues that are raised in the parties' pleadings (including, among others, the issues addressed in the court's July 16, 2012 decision denying the parties' cross-motions for summary judgment (DE 147)).

Respectfully submitted,

Joshua Paul

cc:   Phillip Daman, Esq. (attorney for Mr. Penders) (email, 3/25/2013)